**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:26-mc-23885-JEM**

In re Application of

**THE BANK OF NEW YORK MELLON,**
**SOLELY IN ITS CAPACITY AS TRUSTEE**
**FOR THE TV AZTECA, S.A.B. DE C.V.**
**8.25% SENIOR NOTES DUE 2024,**

**For an Order Pursuant to 28 U.S.C. §1782**
**To Conduct Discovery for Use in a Foreign**
**Proceeding**
_____/

### APPLICANT'S OPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE ITS OPPOSITION TO ALTERBANK'S MOTION TO VACATE AND TO QUASH

Pursuant to Southern District of Florida Local Rule 7.1, Applicant The Bank of New York Mellon, in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes due 2024, (the "Trustee"), respectfully requests that the Court grant an extension of time until August 25, 2026, to file its opposition to AlterBank, Limited's Motion to Vacate the Court's *Ex Parte* Order Granting The Application For Discovery Pursuant to 28 U.S.C. §1782 and To Quash The Subpoenas Directed To Them. The Trustee's response is currently due August 4, 2026.[1]

### INTRODUCTION

Through this Section 1782 application, the Trustee seeks evidence relating to a potential fraudulent transfer at issue in a Mexican bankruptcy proceeding. The Trustee has subpoenaed AlterBank and six former and current AlterBank directors and officers. Respondents AlterBank and Blas Santander moved to vacate the Court's order granting the Trustee's application and quashing the subpoenas approved by this Court. AlterBank – and only AlterBank – has argued

---

[1] The Trustee only moves for an extension with respect to its response to AlterBank and not respondent Blas Santander.

the Court lacks personal jurisdiction over it. Mr. Santander has not raised the issue of personal jurisdiction over him.

The Trustee requests a brief, three-week extension of its deadline to file its opposition to AlterBank's motion to vacate. A deposition of AlterBank's former CEO and director, Juan Ramirez, is currently scheduled for August 10, 2026. Mr. Ramirez has agreed to sit for his deposition, and no motion to quash his deposition has been filed. Although the purpose of the deposition is to aid the Trustee's efforts in the Mexican bankruptcy proceeding, the Trustee also believes Mr. Ramirez has information relevant to the issue of this Court's personal jurisdiction over AlterBank. A modest extension on time for the Trustee to respond to AlterBank's motion to vacate will allow his deposition (and potentially other depositions) to proceed, which will likely provide information relevant to the parties and this Court. The extension will not prejudice AlterBank and may expedite resolution of this proceeding by obviating the need for jurisdictional discovery or further briefing. AlterBank's jurisdictional arguments are not a basis to deny a reasonable extension request. The Trustee does not seek an extension of its deadline to respond to Mr. Santander's motion to vacate.

### BACKGROUND

1. On June 2, 2026, the Trustee filed this petition under 28 U.S.C. § 1782 seeking discovery from AlterBank, Blas Santander, and others to support the Trustee's claims in Mexican bankruptcy proceedings that a $290 million secured loan issued by AlterBank to TV Azteca may be a fraudulent transfer. Dkt. 1. The Trustee attached proposed subpoenas as an appendix to the application. *Id.* at 1 n.1; Dkt. 1-2.

2. On June 3, 2026, this Court granted the Trustee's application and authorized service of the subpoenas. Dkt. 12.

3.      On June 9, 2026, the Trustee served the subpoenas directed at AlterBank and Blas Santander on Blas Santander at 2501 Southwest 24th Avenue, Miami, Florida, 33133.  Separately, the Trustee served a subpoena on Juan Ramirez, a former director and CEO of AlterBank.  Mr. Ramirez's deposition is currently set for August 10, 2026.

4.      On June 16, 2026, counsel for AlterBank and Blas Santander asked counsel for the Trustee whether the Trustee consented to a four-week extension to respond to the subpoenas.  The Trustee agreed to the extension if the Parties jointly set a schedule for compliance with the subpoena or to brief any motions challenging or modifying the § 1782 application or the subpoenas.  The parties filed a joint motion to set a briefing schedule on June 23, 2026, which provides that AlterBank and Blas Santander must file motions by July 14, 2026, and the Trustee must respond by August 4, 2026.  Dkt. 20.  The Court granted the proposed schedule on June 24, 2026.  Dkt. 22.

5.      On July 14, 2026, AlterBank and Blas Santander moved to vacate the Court's order granting the application for discovery under 28 U.S.C. § 1782 and to quash the subpoenas directed to them.  Dkt. 25.  Although AlterBank and Blas Santander filed a single motion, AlterBank raised certain personal jurisdiction arguments that are applicable to AlterBank only.  Specifically, AlterBank has argued that it is not subject to personal jurisdiction in this District because, among other reasons, it purportedly has "[n]o [b]usiness [a]ctivity in the United States" and purportedly drafted and executed the TV Azteca loan overseas.  *Id.* at 3-4, 9-13.

6.      On July 22, 2026, the Trustee asked counsel for Respondents whether AlterBank would consent to a three-week extension of time until August 25, 2026, to respond to AlterBank's motion.  The Trustee explained that the extension would accommodate a deposition of another Respondent (Juan Ramirez) scheduled for August 10, 2026.  Ramirez is a former owner of AlterBank who is located in Miami and who the Trustee anticipates will provide testimony that is

relevant to AlterBank's personal jurisdiction arguments.[2] The Trustee did not request an extension of time to respond to the motion as to Blas Santander.

7.      On July 24, 2026, counsel for AlterBank informed counsel that it had not yet conferred with its client, but that it did not think the extension was appropriate because "[t]here does not appear to be any genuine dispute that, for 1782 purposes, AlterBank lacks sufficient connections with the United States." Counsel for the Trustee promptly followed up seeking AlterBank's position on the extension by July 27 at 3:00 pm.

8.      On July 27 at 1:57 pm, counsel for AlterBank requested a meet and confer via Zoom. AlterBank stated that they "need[ed] to understand the Trustee's view" on the standards for jurisdictional discovery, as well as whether the Trustee would agree to a confidentiality order. The parties duly met and conferred on July 28.

9.      After the meet and confer, counsel for AlterBank informed the Trustee via email that its position is: "AlterBank objects on grounds that the admitted purpose of the extension is for the Indenture Trustee to seek jurisdictional discovery that has not been authorized by the Court."

## ARGUMENT

10.      "District courts have 'unquestionable' authority to control their own dockets" and "'decid[e] how best to manage the cases before them.'" *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971) and *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). In doing so, the Court may grant an extension of time for good cause. Fed. R. Civ. P. 6(b)(1). "A timely motion to

---

[2] The Trustee provided notice of the deposition to AlterBank and Santander on July 21, 2026. The Trustee also produced to AlterBank and Santander documents produced by Juan Ramirez in response to the subpoena on July 16 and July 24.

extend . . . 'should be liberally granted absent a showing of bad faith . . . or undue prejudice.'" *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (quoting *United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974)).

11.     There is good cause supporting the Trustee's requested extension.  The Trustee has established a prima facie case for personal jurisdiction and should be afforded an opportunity to refute AlterBank's personal jurisdiction arguments with forthcoming deposition testimony.  *In re Application of MTS Bank*, No. 17-MC-21545, 2017 WL 3276879, at *6 (S.D. Fla. Aug. 1, 2017) ("Because the Eleventh Circuit favors limited discovery where there is a genuine dispute concerning jurisdiction, we agree that MTS [the Section 1782 applicant] should be at least afforded a chance to establish sufficient facts that establish that Mr. Pleshakov [the Respondent] 'resides' or can be 'found' in this district.").

12.     Specifically, when AlterBank issued the contested loan to TV Azteca in January 2026, a majority of AlterBank's Directors were located in Miami and listed their addresses in Miami on AlterBank's corporate documents.  Dkt. 3, Ex. 14 (AlterBank Register dated Jan. 28, 2026).  And at least three directors – Blas Santander, Alexander Soroka, and Timothy Richards – maintained LinkedIn profiles reflecting their presence in Miami.  Dkt. 3, Exs. 18, 19, 20.

13.     AlterBank's Articles of Association state that those directors needed to approve the TV Azteca loan.  Ex. A, art. 63 (Articles of Association) ("All cheques, promissory notes, drafts, bills of exchange and other negotiable instruments and all receipts for money paid to the Company . . . shall be signed, drawn, accepted, endorsed or otherwise executed, as the case may be, in such manner as the directors shall from time to time by resolution determine.").

14.     Blas Santander was also AlterBank's Chief Business Officer "responsible for the day-to-day business operations for the [b]ank." Dkt. 1 at 9 (citing Dkt. 3, Ex. 18).  Given the sheer

5

size of the $290 million TV Azteca loan, it is highly likely that Santander – and AlterBank's other directors located in Miami – negotiated, approved, and executed the loan documents *in Miami*, where they live.

15.     Other documents reflect that AlterBank had and continues to have systematic ties to Miami.  For example, AlterBank's own website lists a Miami phone number with area code "305" for customers to use for certain inquiries.  Ex. B (AlterBank website screenshot). Documents produced by Respondent Juan Ramirez also show that AlterBank rented a co-working space in Miami until at least October 2024.  Ex. C (office space invoice).

16.     While AlterBank unsurprisingly disagrees with the Trustee's jurisdictional arguments, that is not a reason to oppose what otherwise could have been a routine extension motion.   AlterBank does not contest that jurisdictional discovery is available in § 1782 proceedings.  *See* Ex. D at 1-2 (AlterBank 7/27/2026 email).  AlterBank does not claim it has standing to prevent Mr. Ramirez's deposition.  AlterBank does not claim any urgency requiring the Trustee to file its opposition before Mr. Ramirez's deposition.  And AlterBank has not articulated why its arguments on jurisdiction should preclude an extension.  The proper time and place for the Court to pass on those arguments is in its decision on AlterBank's pending motion to vacate.  The Court need not, and should not, rule on those arguments in this extension request.

17.     In any event, AlterBank's jurisdictional challenge is not likely to succeed. AlterBank's motion and supporting declaration are careful to narrowly state that it does not "maintain an office or a place of business in Florida" and that "the rest of AlterBank's employees" are outside the United States. Dkt. 25 at 11 n.1.  It also points out that board members like Blas Santander, Timothy Richards, and Alexander Soroka are "former" board members. Dkt. 25 at 4-5. But even if those statements are true as of July 2026 – the date of AlterBank's motion – the relevant

6

timeframe for personal jurisdiction analysis is when the TV Azteca loan was negotiated and executed. *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 21-CV-13587, 2025 WL 764608, at \*8 (11th Cir. Mar. 11, 2025) ("[O]ut-of-state attorneys" who previously conducted litigation in the Middle District of Florida were "'found' in the district for § 1782 purposes" based on contacts with the forum related to that litigation). Santander, Richards, and Soroka were on the board at the time the TV Azteca loan was extended in January 2026.

18.     In fact, AlterBank elides the fact that Richards and Soroka resigned in June 2026 – *after* the Trustee filed its § 1782 application. Richards appears to have resigned three days after he was served. Ex. E (Richards proof of service). In addition, forthcoming deposition testimony could support that AlterBank had Miami-based employees at the time of the TV Azteca loan. In short, there are substantial reasons to doubt AlterBank's claim that it has no connections to this District. Mr. Ramirez's deposition may well shed light on the veracity of that claim. Thus, at a minimum, the Court should grant a modest extension so that the Trustee can, if necessary, take Mr. Ramirez's deposition before responding to the motion to vacate.

19.     AlterBank's other arguments on personal jurisdiction are likewise not grounds to prevent the Trustee from obtaining evidence necessary for its opposition. AlterBank relies entirely on a self-serving declaration from its current CEO, but the declaration does not:

- provide any evidence in support of its assertions;
- explain why AlterBank and its directors' LinkedIn statements identifying a presence in Miami were inaccurate;
- explain why multiple Miami-based directors suddenly resigned *after* the loan's execution and service of the subpoenas;
- explain who at AlterBank actually negotiated or executed the contested loan;
- address directly any presence in Miami at the time the loan was negotiated rather than when AlterBank filed its motion in July 2026.

7

20. The Trustee's extension request is narrowly tailored to accommodate deposition testimony, and possible further document production, that is directly relevant to AlterBank's personal-jurisdiction argument. In particular, the Trustee believes the deponent, Juan Ramirez – a Miami-based former owner of AlterBank – will testify about AlterBank's past *and continued* presence in Miami.

21. Any arguments AlterBank may make about a protective order are untimely and irrelevant. They are untimely because the Court already ordered that "any motions . . . for a protective order . . . and any motion pursuant to Federal Rule of Civil Procedure 26(c)" must have been filed by July 14, 2026. Dkt. 22. They are irrelevant because whether a protective order should issue does not affect whether the Trustee should have additional time to respond to the motion to quash. If AlterBank wishes to seek a protective order, it may do so via separate motion.

22. Efficiency also favors granting the Trustee's request for an extension. The Trustee is entitled to present evidence obtained during the deposition of Mr. Ramirez, whether now or through subsequent motion practice, such as a motion for a sur-reply, for jurisdictional discovery, or even for reconsideration based on newly obtained evidence. Granting the extension now will allow the Trustee to adduce additional information relevant to AlterBank's jurisdictional arguments now, rather than in subsequent motion practice.[3] Efficient resolution of AlterBank's motion – and any subsequent productions if the motion is denied – is particularly important given the Trustee seeks the evidence for use in an ongoing foreign proceeding in Mexico.

23. AlterBank's claim that the extension seeks to accommodate unauthorized "jurisdictional discovery" is wrong for several reasons. *First,* the Court *did* authorize a subpoena

---

[3] For avoidance of doubt, the Trustee reserves the right if necessary to seek further jurisdictional discovery as appropriate or permitted by the Court, including discovery from AlterBank and Mr. Santander themselves, as well as discovery from other respondents or third persons.

which explicitly included deposition topics relevant to AlterBank's operations and presence in the Southern District of Florida. Those topics include, for example:

- "AlterBank's operations between January 1, 2023 and the present";
- "[t]he regions in which AlterBank operates"; and
- "[t]he role of AlterBank's current or former owners and directors" (including those located in Miami). Dkt. 1-2 at PDF 40.

24.     **Second,** AlterBank lacks standing to challenge the scope of the subpoena the Court already authorized, and Mr. Ramirez has not challenged it. *Aguilera v. Decora Event Rentals, LLC*, No. 24-CV-23673, 2025 WL 3734021, at *4 (S.D. Fla. May 7, 2025) ("Defendants do not have standing to quash subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds.") (citation omitted).[4]

25.     **Third,** the Trustee is not seeking "jurisdictional discovery" from AlterBank. It is taking an unopposed deposition for the purpose of supporting its fraudulent transfer claims in the Mexican bankruptcy proceeding. Mr. Ramirez's testimony may yield information relevant to AlterBank's jurisdictional arguments in this case, and if it does, the Trustee seeks to preserve the possibility of using that information. Nothing precludes that use: "As a general rule, in United States litigation, to help prosecute or defend their lawsuits, parties may use any evidence they lawfully possess." *Glock v. Glock, Inc.*, 797 F.3d 1002, 1007 (11th Cir. 2015).

26.     The extension will also not prejudice AlterBank, which will need to respond to the Trustee's arguments related to the testimony whenever the Trustee can make them. *Lizarazo*, 878 F.3d at 1012. AlterBank also received prompt notice of the deposition after it was scheduled.

---

[4] *See also id.* (lack of standing to challenge deposition due to failure to articulate personal right or privilege with respect to third-party depositions); *Alan v. Tyz*, No. 08-CV-80935, 2009 WL 10701024, at *5 (S.D. Fla. Apr. 23, 2009) (non-parties lack standing to challenge depositions without articulating personal right or privilege with respect to the depositions).

27. Finally, the Trustee has acted in good faith. *Lizarazo*, 878 F.3d at 1012. The deposition had not been scheduled when the parties agreed to the original proposed briefing schedule, and the Trustee conferred with Respondents' counsel before filing this motion to explain why the three-week extension is warranted here. The Trustee also asked AlterBank's counsel for their desired reply date. In addition, the Trustee consented to Respondents' prior request for a four-week extension. *See* ¶ 4, *supra*.

28. For the foregoing reasons, and for good cause shown, the Court should grant the Trustee's extension request and order the Trustee's response to AlterBank's motion due August 25, 2026.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for the Trustee has conferred with counsel for AlterBank in a good-faith effort to resolve the issues raised in the motion. AlterBank's counsel informed counsel for the Trustee that "AlterBank objects on grounds that the admitted purpose of the extension is for the Indenture Trustee to seek jurisdictional discovery that has not been authorized by the Court." *See* ¶ 9, *supra*.

Dated: July 28, 2026

Respectfully submitted,

**FRIDMAN FELS & SOTO, PLLC**
150 Alhambra Circle, Suite 715
Coral Gables, Florida  33134
Tel.: (305) 569-7720

By: */s/ Daniel S. Fridman*
Daniel S. Fridman, Esq.
Fla. Bar No. 176478
daniel.fridman@ffslawfirm.com
vpantin@ffslawfirm.com
Anel Viamontes, Esq.
Fla. Bar No. 1018250
anelviamontes@ffslawfirm.com

Justin M. Ellis  (*pro hac vice*)
Zachary R. Ingber (*pro hac vice*)
Eric J. Rolston (*pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Tel.: (212) 607-8159
jellis@mololamken.com

*Counsel for The Bank of New York Mellon,*
*Solely in its Capacity as Trustee for the*
*TV Azteca, S.A.B. de C.V. 8.25% Senior*
*Notes due 2024*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2026, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record via transmission of Notices of Electronic Filing generated

by CM/ECF.

By: */s/ Daniel S. Fridman*
       Daniel S. Fridman, Esq.

11