**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-mc-23885-JEM

IN RE: THE BANK OF NEW YORK
MELLON, SOLELY IN ITS CAPACITY
AS TRUSTEE FOR THE TV AZTECA,
S.A.B. DE C.V. 8.25% SENIOR NOTES
DUE 2024

_____/

### NON-PARTY TIMOTHY D. RICHARDS' MOTION TO QUASH, OR ALTERNATIVELY FOR A PROTECTIVE ORDER, AS TO THE SUBPOENA DIRECTED TO HIM, AND NOTICE OF JOINDER IN RESPONDENTS' MOTION TO VACATE [ECF NO. 25]

Non-party Timothy D. Richards ("Mr. Richards"), by and through undersigned counsel and pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, Rule 26(c), and 28 U.S.C. § 1782, respectfully moves this Court for the entry of an Order quashing the deposition and documents subpoena served upon him (the "Subpoena") or, in the alternative, for a protective order limiting its scope, and further gives notice of his joinder in the applicable portions of the Motion to Vacate filed by Respondents AlterBank Limited and Blas Santander [ECF No. 25] (the "Motion to Vacate"). In support, Mr. Richards states:

### INTRODUCTION

The Bank of New York Mellon, in its capacity as Indenture Trustee for certain TV Azteca senior notes (the "Indenture Trustee"), has served upon Mr. Richards, an outside member of AlterBank's Board of Directors, who resigned that position on June 26, 2026, three days after being served, a sweeping Rule 45 subpoena demanding both deposition testimony and the wholesale production of a foreign bank's corporate, financial, and regulatory records spanning more than three years. Mr. Richards is not a party to any proceeding, foreign or domestic in relation to the Bank of New York Mellon and/or TV Azteca. He is not a records custodian for AlterBank, and he does not possess and has no legal right to compel the production of the corporate documents the Indenture Trustee demands. Mr. Richards and his law

1



firm, Richards & Partners, P.A., have also served as legal counsel to AlterBank, and the limited categories of responsive material he may personally hold consist of confidential attorney-client communications and attorney work product, the privilege which belongs to AlterBank, the client, and is not Mr. Richards's to waive.

The Subpoena should be quashed and the Court's ex parte Order vacated, for several independent reasons. First, as to Mr. Richards individually, the Subpoena failed to allow any time to comply, let alone a reasonable time, because it was served on June 23, 2026, one day after its own June 22, 2026, document production deadline had already passed, requiring that it be quashed under Rule 45(d)(3)(A)(i). *See Subpoena Attached as Exhibit A.* Second, the Subpoena was never validly served on Mr. Richards: rather than deliver it to him or attempt service at the residential address stated on the Subpoena's face, the Indenture Trustee left a copy at his place of business with an employee not authorized to receive process on his personal behalf, contrary to Rule 45(b)(1). Third, the Indenture Trustee served the Subpoena's document requests without first giving the prior notice that Rule 45(a)(4) requires be served on the parties to the foreign proceeding before a § 1782 document subpoena is served on its target, an omission that, on materially identical facts, has led this District to quash the subpoena and vacate the underlying ex parte order. The Subpoena further imposes an undue burden on a non-party in violation of Rule 45(d)(1) and (d)(3)(A)(iv); it commands the production of documents outside his possession, custody, or control; it seeks, as to the narrow categories of responsive material Mr. Richards may hold, privileged attorney-client communications and attorney work product that belong to AlterBank; and it is facially overbroad, seeking years of a foreign entity's confidential commercial information with no meaningful tailoring to Mr. Richards's limited role. Finally, as to the Application as a whole, the discretionary factors announced in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh decisively against the discovery, because the Indenture Trustee is using this § 1782 proceeding to circumvent a stay of discovery it itself sought and obtained in its parallel litigation in the Southern District of New York. That

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

second ground is fully developed in the Motion to Vacate [ECF No. 25], in which Mr. Richards joins, as set forth in Part VII below.

**RELEVANT BACKGROUND**

**A.**      ***Mr. Richards's Role as Outside Director and as Counsel to AlterBank***

Mr. Richards resides in Miami, Florida. He served as a member of AlterBank's Board of Directors from July 2025 until his resignation on June 26, 2026,  and, as an outside director, was not involved in AlterBank's day-to-day operations. *See* ECF No. 25 at 5, ¶ iii; *see also* Declaration of Antonio José Romero Esclusa ¶ 14 (ECF No. 25-1). Separately, and over a period that both precedes and overlaps his service on the Board, Mr. Richards and his law firm, Richards & Partners, P.A., have served as legal counsel to AlterBank. The categories of information Mr. Richards may personally hold were, accordingly, generated or received in his capacity as counsel and consist of confidential attorney-client communications and attorney work product, the privilege and protection in which belong to AlterBank, the client, and are AlterBank's alone to assert or waive. AlterBank through its counsel has advised the undersigned that AlterBank does not waive any privilege.  *See Email Exchange attached as Exhibit B.* The Indenture Trustee is aware of that attorney-client relationship. The Indenture Trustee's own Application, for its part, identifies Mr. Richards only as "a director" residing at a Coral Gables address, drawn from AlterBank's corporate register and a LinkedIn page. *See* Application [ECF No. 1] at 9.

**B.**      ***The Underlying Loan and Entities Are Foreign***

AlterBank is a Class A bank organized and headquartered in St. Lucia, with no office, employees, or registered agent in the United States. The loan at the center of the Indenture Trustee's inquiry was negotiated and drafted by counsel in Panama and Mexico, and executed by AlterBank in Panama and by TV Azteca in Mexico. *See* ECF No. 25 at 3–4. Mr. Richards possesses no United States repository of AlterBank's corporate books and records, and the Subpoena identifies none. He also had no involvement in the negotiations regarding the loan.



**C.** ***The Subpoena***

On its face, the Subpoena set a document production deadline of June 22, 2026, and commanded Mr. Richards's appearance for a deposition on June 29, 2026. The Subpoena, however, was not served upon Mr. Richards until June 23, 2026, one day after its own production deadline had already elapsed. The Subpoena thus demanded compliance before it was served. The Subpoena's *Exhibit A* demands, among other things: "any agreements" between AlterBank and TV Azteca (Request 1); all documents and communications "relating to" any credit agreement between them (Request 2); AlterBank's communications with TV Azteca, Grupo Salinas, and their affiliates (Request 3); documents concerning TV Azteca's solvency and creditors (Requests 4–5); documents showing AlterBank's ownership and control (Request 6); and AlterBank's "monthly, quarterly, and annual" audited and unaudited financial statements, regulatory filings, budgets, projections, and funding sources "since January 1, 2023" (Request 7). The deposition topics are equally expansive, reaching AlterBank's internal approval processes, capital structure, lending history, and management practices. These demands are directed principally at AlterBank's corporate and financial records rather than Mr. Richards's personal files, and the financial-records demands in particular reach back to January 1, 2023, a period that, at its outset, predates Mr. Richards's July 2025 tenure by roughly two and one-half years.

**D.** ***The Procedural Posture: A Stayed New York Action and a Contingent Concurso Role***

The Indenture Trustee's Application discloses two features of the procedural landscape that bear on the relief sought here. First, the Indenture Trustee has a pending breach-of-contract action against TV Azteca in the Southern District of New York in which, by the Trustee's own account, the district court stayed discovery in March 2026 and granted the Trustee leave to move for summary judgment; the parties are now briefing that motion. *See* Application [ECF No. 1] at 3. Second, at the time the Application was filed and the Subpoena served, the Trustee was not a party to the Mexican concurso, which remained in its preliminary "examination" phase; the Trustee concedes it is "unable to appear in



the concurso until the conciliation stage," which had not begun, and that "[n]one of the proposed subpoena respondents have appeared in the concurso." *Id.* at 17–18. The discovery is thus sought for fraudulent-transfer claims the Trustee merely "intends to" bring in a proceeding in which it could not yet participate. *Id.* at 8.

## **LEGAL STANDARD**

Rule 45 requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and directs the court to "enforce this duty and impose an appropriate sanction," including "lost earnings and reasonable attorney's fees," on a party that fails to do so. Fed. R. Civ. P. 45(d)(1). On timely motion, the court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "subjects a person to undue burden," or "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(i), (iii)–(iv).[1] The court may also quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). Because § 1782 directs that discovery proceed "in accordance with the Federal Rules of Civil Procedure" unless the authorizing order provides otherwise, 28 U.S.C. § 1782(a), Rule 45 applies to the Subpoena in full, including the prior-notice requirement of Rule 45(a)(4).

---

[1] After learning of the subpoena at issue, Mr. Richards contacted the undersigned's office on or about June 24, 2026 in connection with securing representation in connection therewith. On said date, Frank Quintero, Jr. from the undersigned firm spoke with Daniel Fridman, Esq. and exchanged emails with Mr. Fridman wherein Mr. Quintero advised Mr. Fridman of the defects pervading the subpoena and, to avoid need for filing a Motion to Quash or for Protective Order, requested an extension of time for the undersigned's firm to be retained by Mr. Richards and for the parties to confer as to potential compliance with the subpoena.

On or about June 30, 2026, the undersigned firm was retained by Mr. Richards in connection with this matter. From June 30, 2026 through July 24, 2026, counsel for Richards and counsel for the Trustee have conferred via email and via virtual calls in furtherance of resolving the pendency of the Richards subpoena without need for litigation. However, on July 24, 2026, following a call between the undersigned and counsel for the Trustee wherein the undersigned discussed the issues concerns, and arguments set forth in this Motion, Trustee counsel advised that they would be filing a Motion to Compel Richards' compliance with the subpoena, thus necessitating the filing of this Motion. Copies of the emails exchanged between Richards' counsel and counsel for the Trustee are attached hereto as *Exhibit C.*

5



QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

The burden of a Rule 45 subpoena is "examined with special sensitivity" when it is directed to a non-party. Courts afford heightened protection to non-parties precisely because they have no stake in the underlying dispute. In addition, both § 1782 and Rule 45 govern whether a § 1782 subpoena should be quashed or modified, *see In re Martinez*, 736 F. Supp. 3d 1189, 1198 (S.D. Fla. 2024), and "[e]ven when the statutory requirements of section 1782 are met, the Court is not required to grant" the discovery, *In re Gonzalez*, No. 23-mc-23593, 2023 WL 6638062, at *5 (S.D. Fla. Oct. 12, 2023) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)).

## ARGUMENT

I.   *The Subpoena Failed to Allow a Reasonable Time to Comply and Must Be Quashed Under Rule 45(d)(3)(A)(i)*

Rule 45(d)(3)(A)(i) is mandatory: on timely motion, the Court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply." The defect here is not a matter of degree. It is absolute. The Subpoena set a document production deadline of June 22, 2026, but was not served upon Mr. Richards until June 23, 2026. The deadline for compliance had therefore already expired one day before the Subpoena was served. A subpoena that commands production before it is served does not merely allow an unreasonably short time to comply; it allows no time to comply at all. Compliance was a chronological impossibility from the moment of service.

Courts do not hesitate to quash subpoenas that afford far more notice than the negative interval provided here, recognizing that even a compressed but positive compliance window may be unreasonable under Rule 45. A fortiori, a subpoena whose production deadline predates service is fatally defective on its face and must be quashed. This ground is independent of every other argument in this Motion; it requires no weighing of burden, relevance, or the *Intel* factors, and it disposes of the document demands in their entirety. And because the Subpoena was never validly served in the first place, see Part II, this defect cannot be cured by simply resetting the compliance date; a proper subpoena would have to be issued and served anew. The Court should quash the Subpoena on this basis alone.

6



**II.** *The Subpoena Was Not Validly Served on Mr. Richards and Must Be Quashed*

Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The Indenture Trustee did not deliver the Subpoena to Mr. Richards. The Subpoena states Mr. Richards's residential address on its face, 2000 Salzedo Street, Apartment 806, Coral Gables, Florida, yet the Trustee made no attempt to serve him there. Instead, it left a copy at his place of business with Elena Diaz, the firm's financial administrator, a person who is neither Mr. Richards nor anyone authorized, actually or apparently, to accept service of process on his behalf, and whose financial and administrative duties have nothing to do with the receipt of judicial process. That defect independently requires that the Subpoena be quashed.

   A.  Under the settled construction of Rule 45, personal delivery to the named person is required, and leaving a subpoena with a third party is a nullity

The settled construction of Rule 45's command to "deliver[]" a copy to the named person is that the subpoena must be personally handed to that person. Leading treatise authority is emphatic that "it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness," and that "service on a person's lawyer will not suffice." 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 2454 (3d ed.). Controlling precedent in this Circuit is to the same effect. *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of a subpoena on counsel, rather than on the named person, renders such service "a nullity under Rule 45") (binding under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)). And courts in this District have held that "a court is powerless to enforce a subpoena if it was not personally served." *MAC Funding Corp. v. ASAP Graphics, Inc.*, No. 08-61199, 2009 WL 1564236, at *1 (S.D. Fla. June 3, 2009). Under this construction, the Subpoena fails at the threshold: it was never handed to Mr. Richards and leaving it with an employee at his office is precisely the third-party, substitute delivery the rule forbids.

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

B. The line of authority permitting delivery to a third person does not reach an office employee, and the Trustee bypassed the residential address the Subpoena itself provides

Even the more permissive courts, which read Rule 45 to allow delivery to someone other than the named person where the method is "reasonably calculated to ensure receipt of the subpoena by the deponent," do not sanction what occurred here. *In re Viacao Itapemirim, S.A.,* 608 B.R. 268, 278 (Bankr. S.D. Fla. 2019). That standard, and the cases applying it, rest on a narrow rationale borrowed by analogy from Rule 4(e)(2)(B): process may be left at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," because a member of the household can be expected to place the process in the individual's hands. The decisions sustaining substitute delivery of a subpoena have done so on that same premise, approving delivery only to a person with a close domestic relationship to the deponent, such as a spouse, a housekeeper, or a relative, at the deponent's residence. *Id.*

Neither element of that rationale is present here, and the mismatch is not incidental, it is total. As to place, the Subpoena identifies Mr. Richards's residence on its face, but the Trustee never attempted service there; it went instead to his place of business. As to person, the copy was not left with a member of Mr. Richards's household, but with an office employee whose responsibilities are financial and administrative and who bears no domestic relationship to him of the kind on which the residence cases depend. The assurance that animates those decisions, that a co-resident will hand the process to the individual upon his return home, does not translate when a subpoena is left with a staff member at a business. Leaving the Subpoena with a firm employee, having made no effort to reach Mr. Richards at the residence the Subpoena designates, was therefore not "reasonably calculated to ensure" his receipt of it within the meaning of the very standard on which the Trustee must rely.

Nor does Mr. Richards's eventual awareness of the Subpoena cure the defect. The traditional rule renders the service a nullity regardless of actual receipt, and even the permissive standard asks whether the method of service was reasonably calculated to reach the deponent, not whether the deponent

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

happened, after the fact, to learn of it. The prejudice here is concrete rather than theoretical: because the Subpoena was left at Mr. Richards's office after its own production deadline had already passed, *see* Part I, the manner and timing of service deprived him of any opportunity to object before compliance was due.

 C. <u>In re MTS Bank confirms the defect rather than curing it</u>

 To the extent the Trustee invokes *In re MTS Bank*, No. 17-21545, 2018 WL 1718685 (S.D. Fla. Mar. 16, 2018), that decision underscores what is missing here. The court there sustained substitute service because of two features absent from this case. First, the subpoena was delivered to the deponent's own attorney, who had appeared and acknowledged receipt, so that the process indisputably reached the deponent through an authorized representative. *Id.* at *4. Second, the deponent was a nonresident found to be engaged in business in Florida through that attorney, bringing the service within Florida's substitute-service statute for nonresidents transacting business in the State. *See* Fla. Stat. § 48.071. Neither circumstance exists here. The Subpoena was left not with Mr. Richards's counsel or any authorized agent, but with a firm employee; and Mr. Richards is a Florida resident, so the nonresident-business predicate of § 48.071 has no application. *MTS Bank* stands only for the proposition that substitute service may be upheld where an authorized agent receives the process or a statutory substitute-service predicate is satisfied, neither of which the Trustee can establish.

 D. <u>The attempted service satisfies no substitute-service authority, state or federal</u>

 Even where service other than in-hand delivery is permitted, no authority sanctions what occurred here. Florida requires personal service of witness subpoenas, and its courts have held that leaving a subpoena with another employee at the target's place of business does not satisfy the requirement of personal service on the individual. *See Aero Costa Rica, Inc. v. Dispatch Servs., Inc.*, 710 So. 2d 218 (Fla. 3d DCA 1998) (construing Fla. Stat. § 48.031(1)(a), (3)). Florida's place-of-employment substitute-service provisions are available only after diligent, unsuccessful attempts at personal service, and only

9


QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

by delivery to the person in charge of the business, not to any employee who happens to be present. The Trustee did not attempt personal service on Mr. Richards at the residence the Subpoena lists, did not serve any person shown to be in charge of the office, and undertook no follow-up service or affidavit of diligent inquiry. Its service satisfies neither the federal rule nor any recognized substitute-service analogue.

For these reasons, the Subpoena was not validly served and must be quashed. And because any valid re-service would necessarily occur now, months after the Subpoena's June 22, 2026, production deadline and June 29, 2026, deposition date, a proper subpoena would require fresh compliance dates and renewed prior notice under Rule 45(a)(4). The service defect thus cannot be cured by treating the existing, expired Subpoena as validly served.

### III. *The Trustee Failed to Serve the Prior Notice Rule 45(a)(4) Requires Before a § 1782 Document Subpoena, Warranting Vacatur and Quashal*

Section 1782 directs that discovery be taken "in accordance with the Federal Rules of Civil Procedure" unless the authorizing order "prescribe[s] otherwise." 28 U.S.C. § 1782(a). The Court's ex parte Order did not prescribe otherwise; it directed the Indenture Trustee only to serve the Order, the Application, and the subpoenas on the Respondents. *See* ECF No. 12. Rule 45(a)(4) commands that, "[i]f the subpoena commands the production of documents . . . before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

In the § 1782 context, that requirement obligates the applicant to serve prior notice on the parties to the foreign proceeding for whose use the discovery is sought before serving the document subpoena on its target. On facts materially identical to these, Judge Altman held that, "unless the district court's authorizing order provides otherwise, a party engaged in foreign litigation who serves a § 1782 subpoena duces tecum to obtain documents for use in the foreign litigation must first serve notice on all parties to the foreign proceedings." *In re Martinez*, No. 1:24-cv-20492, ECF No. 34, at 16–17 (S.D. Fla. June 6,

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

2024) (Altman, J.) (*quoting In re Hornbeam Corp.*, 2015 WL 13647606, at \*5 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018)); *accord In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) ("once [the applicant's] § 1782 application was granted, [the foreign-proceeding party] was entitled to notice of the subpoenas . . . as required by the Federal Rules of Civil Procedure").

Upon information and belief, the Indenture Trustee did not comply. It served the Subpoena's document requests on Mr. Richards without first serving the prior notice Rule 45(a)(4) requires on the parties to the Mexican concurso, including TV Azteca, the very party whose confidential financial information the Subpoena targets and against whose interests the Indenture Trustee intends to use the fruits of this discovery. The remedy for that failure is the one the court applied in *In re Martinez*. It quashed the subpoena and vacated the ex parte order granting the § 1782 application, voiding every subpoena issued under it. *Id.*; *see also FDIC v. Kaplan*, 2015 WL 4744361, at \*3 (M.D. Fla. Aug. 10, 2015) (a subpoena served without the prior notice Rule 45(a)(4) requires is "void and unenforceable").

This defect is of a piece with the timing failure addressed above. The very purpose of Rule 45(a)(4)'s prior-notice requirement is to afford an opportunity to object before the compliance date, an opportunity that was structurally impossible here, where the Subpoena was served after its own production deadline had already passed. Because the prior-notice requirement runs to the benefit of the parties entitled to notice, Mr. Richards raises this failure principally in support of vacating the ex parte Order, in which he joins AlterBank; vacatur voids the Subpoena directed to him as a matter of course, as *In re Martinez* confirms.

Nor can the Indenture Trustee excuse its noncompliance by pointing to the ex parte nature of its Application. Although a court may, in narrow circumstances, direct that the Federal Rules not apply and thereby dispense with Rule 45(a)(4) notice, as where secrecy is required to protect a sealed criminal investigation, the applicant must obtain that relief from the court, and the authorizing order must so provide. *See In re Rivada Networks*, 230 F. Supp. 3d at 474. The Indenture Trustee did neither. It sought

11

only ex parte consideration of its Application, candidly explaining that it wished to proceed without alerting TV Azteca because, in its view, TV Azteca "may take further action to frustrate collection . . . or conceal its conduct." Application [ECF No. 1] at 23. But a desire to keep the adversary in the dark does not satisfy the narrow exception, and the Trustee never asked the Court to order that Rule 45 would not govern the resulting subpoenas. Rule 45(a)(4) therefore applied in full, and the Trustee's deliberate decision to forgo notice is the very conduct the Rule forbids.

### IV. *The Subpoena Imposes an Undue Burden on a Non-Party and Must Be Quashed Under Rule 45(d)(3)(A)(iv)*

Without waiving the threshold defects in service and timing addressed above, the Subpoena also imposes precisely the burden Rule 45(d)(1) forbids. Mr. Richards is a non-party former outside director who resigned from AlterBank's Board effective June 26, 2026. He had no operational role at AlterBank and no responsibility for maintaining its books, records, or regulatory reporting. Yet, the Subpoena commands him, on days' notice, to marshal and produce more than three years of a foreign bank's financial statements, regulatory filings, credit files, internal approval materials, and native-format electronically stored information, categories of corporate records that a resigned individual director neither maintains nor can lawfully assemble.

Requiring a former director to reconstruct and produce a foreign entity's corporate archive is the archetype of an "undue burden" under Rule 45(d)(3)(A)(iv). The Indenture Trustee, by its own submission, has already identified AlterBank's custodians and its Chief Business Officer, and has served AlterBank directly; there is no justification for conscripting a former outside director as a substitute records custodian. Where, as here, the requested materials are equally or more readily available from the entity that actually holds them, the burden on the non-party is by definition undue.

Nor does the Indenture Trustee's own Application justify conscripting Mr. Richards to produce AlterBank's corporate archive. The Application seeks these materials on the collective premise that "[t]hose Respondents are likely to have information concerning AlterBank's lending practices, its ability



QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

to make a loan of this size, its need for third-party funding, and documents relating to AlterBank's due diligence." *See* Application [ECF No. 1] at 22. That is a demand for AlterBank's institutional records and information, which the Trustee is separately pursuing from AlterBank itself, the custodian and owner of those records. To the extent the demand reaches Mr. Richards at all, the responsive materials he may hold arise from his firm's legal representation of AlterBank and are protected from disclosure, as set forth in Parts V and VI below. Compelling a non-party former director and outside counsel to marshal, review, and log a foreign bank's privileged and confidential materials, duplicating discovery the Trustee has directed to the entity itself, is the archetype of an undue burden under Rule 45(d)(3)(A)(iv).

Finally, the Subpoena places Mr. Richards, who is no longer a director of AlterBank, in an untenable position that compounds the burden it imposes. As a former director, Mr. Richards holds a contingent right to indemnification under AlterBank's Articles of Association for expenses and liabilities incurred by reason of his former directorship. *See* Certified Articles of Association of AlterBank Limited, Reg. 84; *see also id.* Reg. 88 (mandatory indemnification where the person is "successful in defense" of the proceedings). That right, however, is expressly conditioned on Mr. Richards's having "acted honestly and in good faith with a view to the best interests of the Company," *id.* Reg. 85, and, critically, whether that condition is satisfied is determined by *AlterBank's directors*, *id.* Reg. 86. The Subpoena thus commands a non-party former director to disclose AlterBank's privileged and confidential corporate records, records whose privilege belongs to AlterBank, not to him, at the very moment AlterBank is itself moving to vacate the Order and quash the subpoenas, and thus resisting that disclosure. Mr. Richards is caught between a rock and a hard place. If he unilaterally produces, or even logs on a privilege log, the Company's privileged corporate documents, while the Company opposes their disclosure, he risks being deemed with having acted contrary to "the best interests of the Company," the precise condition on which his indemnification depends, and which AlterBank's own board decides. Even the act of preparing a privilege log is a disclosure: it reveals the existence, dates, authors, recipients,

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

and subject matter of the Company's documents and purports to assert a privilege that is AlterBank's to assert or waive. A non-party ought not be forced to choose between complying with a subpoena and forfeiting the contractual indemnification rights he holds by reason of the very directorship that made him a target. That choice is itself an undue burden, and it independently warrants quashing the Subpoena or, at a minimum, a protective order relieving Mr. Richards of any obligation to make disclosures concerning AlterBank's corporate documents while AlterBank's own challenge to the Subpoena is pending.

**V.** ***The Subpoena Commands Records Mr. Richards Does Not Possess and, as to the Remainder, Privileged Attorney-Client Communications and Work Product That Belong to AlterBank; the Court Should Quash the Subpoena or, at a Minimum, Defer His Compliance Pending Its Ruling on AlterBank's Motion***

Rule 45 reaches only those documents within the subpoenaed person's "possession, custody, or control." Applying that limitation, the Subpoena resolves into two categories as to Mr. Richards, and neither is his to produce: most of the Requests demand records that are not in his possession at all, and the narrow remainder that he may hold consists of AlterBank's privileged attorney-client communications and work product.

Mr. Richards does not possess, and has no custody or control over, any documents responsive to Requests 1, 4, 5, or 7. Request 1 commands the executed agreements between AlterBank and TV Azteca and the instruments executed in connection with them; those instruments reside with the contracting entities, and Mr. Richards holds none of them. Requests 4 and 5 command documents concerning TV Azteca's solvency, its insolvency filing, and its other creditors; those are the debtor's records, and Mr. Richards possesses nothing responsive. Request 7 commands more than three years of AlterBank's audited and unaudited financial statements, regulatory filings, budgets, projections, and funding records; that is the corporation's financial archive, which Mr. Richards neither maintains nor holds any right to compel. A subpoena cannot command a non-party to produce what he does not have, and as to Requests 1, 4, 5, and 7 it must be quashed.



QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

The possession inquiry is not answered by the Trustee's expansive definition of "control." The Subpoena's Instructions purport to define "control" to include any document Mr. Richards has the "practical ability" to inspect or copy. But a requesting party cannot enlarge Rule 45 by definitional fiat. Control under Rule 45 turns on a legal right to obtain the documents, not a supposed practical ability to ask a former board colleague for them, and the Trustee itself relies on the governing authority. *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200 (11th Cir. 2016) (cited at Application [ECF No. 1] at 12). A former outside director, having resigned, holds no legal right to demand the corporation's books, and even while he sat on the Board an outside, non-executive director held no personal right to obtain and produce AlterBank's corporate records on demand; a director's inspection rights belong to the office and may be exercised only for proper corporate purposes, and they are not the individual right of control Rule 45 requires. Whether measured as of the date of service or the date of compliance, these records were never his to produce.

The Trustee's own framing confirms that these records are AlterBank's, not Mr. Richards'. The Trustee describes the discovery it seeks as "third-party discovery from AlterBank, or its directors or employees," and states that it "seeks discovery from AlterBank, and its directors and officers, regarding the loan." Application [ECF No. 1] at 17, 8. The Trustee thus treats Mr. Richards as a conduit to AlterBank's files. But it needs no conduit: it has separately subpoenaed AlterBank itself in this proceeding, commanding the corporation, as the custodian and owner of these records, to produce them and to appear for deposition. The corporate records belong with the corporate respondent.

As to Requests 2, 3, and 6, the analysis differs but the result is the same. Request 2 seeks documents and communications relating to any credit agreement between AlterBank and TV Azteca; Request 3 seeks AlterBank's communications with TV Azteca, Grupo Salinas, and their affiliates; and Request 6 seeks documents concerning AlterBank's ownership and control. To the extent Mr. Richards holds any materials responsive to these Requests, those materials were generated or received in the

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

course of Richards & Partners, P.A.'s legal representation of AlterBank and are protected by the attorney-client privilege and the work-product doctrine. That privilege and that protection belong to AlterBank, the client, and not to Mr. Richards. A privilege held by a third party cannot be waived by the individual served, and Mr. Richards may not be compelled to surrender AlterBank's privileged communications—or, by the very act of logging them, to reveal their existence, dates, authors, recipients, and subject matter—while AlterBank is itself asserting that privilege by moving to vacate the Order and quash the subpoenas. *See* ECF No. 25. Rule 45(d)(3)(A)(iii) makes quashal mandatory where a subpoena "requires disclosure of privileged or other protected matter," and that is precisely what Requests 2, 3, and 6 demand.

Mr. Richards's obligation to withhold these materials is not merely contractual or prudential. As counsel to AlterBank, he is independently bound by his professional duty of confidentiality not to reveal information relating to the representation absent the client's informed consent. *See* R. Regulating Fla. Bar 4-1.6(a). To compel him to produce or log AlterBank's privileged materials over the client's express objection would force him to violate that duty and would override AlterBank's assertion of a privilege that is the Company's alone to waive. It would also place Mr. Richards in the untenable position detailed in Part IV, forfeiting—by producing what the Company itself is resisting—the indemnification he holds by reason of the very relationship that made him a target.

In these circumstances, Mr. Richards cannot be compelled to make a unilateral and irreversible disclosure of the Company's privileged records, whether by production or by the very act of logging them, while the Company's own challenge to that disclosure is pending before this Court. A privilege belonging to a third party cannot be waived by the subpoenaed individual, and forcing that waiver here would both override AlterBank's assertion of its own privilege and place Mr. Richards in the untenable position, detailed in Part IV, of forfeiting the indemnification he holds by reason of the very directorship

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

that made him a target. The Court should therefore quash Requests 2 and 3, and Request 6 as applied to any materials in Mr. Richards's personal custody, on this ground as well.

At an absolute minimum, should the Court decline to quash Requests 2, 3, and 6 outright, it should defer and hold in abeyance any obligation of Mr. Richards to respond to them until it has ruled on AlterBank's Motion to Vacate [ECF No. 25], which will resolve the antecedent questions on which any obligation of Mr. Richards depends; whether the Order stands, whether the subpoenas survive, and whether the corporate records the Trustee seeks are even discoverable over AlterBank's objection. Requiring Mr. Richards to produce or log AlterBank's privileged communications now, only for the Court later to vacate the Order or sustain AlterBank's privilege, would inflict the precise irreversible harm that deferral exists to prevent, and would inflict it upon the party least able to bear it: a non-party former director and outside counsel with no stake in the underlying dispute. Rule 45(d) and Rule 26(c) amply empower the Court to sequence compliance in this manner, and orderly case management strongly favors doing so.

Accordingly, the Subpoena should be quashed as to Requests 1 through 7 for the reasons stated; or, in the alternative and at a minimum, the Court should quash Requests 1, 4, 5, and 7 because the responsive records are not within Mr. Richards's possession, custody, or control, and as to Requests 2, 3, and 6 because they require the disclosure of privileged attorney-client communications and work product that belong to AlterBank; in the alternative and at a minimum, the Court should defer Mr. Richards's compliance with Requests 2, 3, and 6 pending its disposition of AlterBank's Motion to Vacate.

## VI. *The Subpoena Is Facially Overbroad, Untethered to Mr. Richards's Tenure, and Seeks Confidential Commercial Information*

The Subpoena defines "Concerning" and "Relating to" to sweep in anything "directly or indirectly, in whole or in part" touching the enumerated subjects, language that courts routinely condemn as overbroad because it affords the subpoenaed person no principled way to determine what must be

17



produced. That defect is compounded by the Subpoena's temporal sweep: it reaches back to January 1, 2023, and demands years of a foreign bank's confidential commercial information without any tailoring to the limited categories of material Mr. Richards could hold or to the protected nature of that material.

The Subpoena further demands the disclosure of a foreign bank's confidential commercial information, its audited and unaudited financial statements, capital and funding sources, lending history, and regulatory submissions. Rule 45(d)(3)(B)(i) authorizes the Court to quash or modify a subpoena that would compel disclosure of "a trade secret or other confidential . . . commercial information," and the wholesale extraction of AlterBank's financial and regulatory records through a non-party former director and outside counsel is exactly the circumstance the Rule contemplates. At a minimum, these demands cannot be enforced against Mr. Richards absent a substantial showing of need that the Indenture Trustee has not made and cannot make, given the availability of the same information from AlterBank itself.

### VII. *Mr. Richards Joins the Applicable Portions of the Motion to Vacate: The Application Is an End-Run Around the SDNY Discovery Stay*

Independent of the burdens the Subpoena imposes on him personally, Mr. Richards joins in, adopts, and incorporates by reference the discretionary-factor arguments set forth in Part II.A of the Motion to Vacate [ECF No. 25 at 13–16], which establish that the third *Intel* factor, "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of . . . the United States," *Intel*, 542 U.S. at 264–65, weighs decisively against the discovery.

The Indenture Trustee's own Application supplies the admissions that confirm the concern. The Trustee acknowledges that, in the New York action, "the district court stayed discovery" in March 2026 and that the parties are now briefing the Trustee's summary-judgment motion. Application [ECF No. 1] at 3. It further acknowledges that "the protective order in the New York action does not currently permit the Trustee to use material it may obtain in that case for use in the concurso." *Id.* at 20–21. Having accepted a discovery stay in the forum where TV Azteca is its adversary, and having agreed to a protective order barring cross-use, the Trustee turned to § 1782 to gather—from non-parties—the very

QUINTERO BROCHE & FONSECA-NADER P.A.

75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446- 0303 • Fax: (305) 446- 4503

categories of financial and transactional information it cannot presently obtain in New York. The Eleventh Circuit has squarely warned that § 1782 may not be used "as a ruse for obtaining discovery in the United States without complying with the usual procedures of the Federal Rules of Civil Procedure," and that such "chicanery" is "a valid reason to reject a § 1782 application in the first place." *Glock v. Glock, Inc.*, 797 F.3d 1002, 1008–09 (11th Cir. 2015).

These circumvention arguments are not respondent-specific; they attack the Application and the Court's ex parte Order themselves, and they apply with equal force to the Subpoena directed to Mr. Richards. For the reasons stated in the Motion to Vacate, which Mr. Richards adopts as though fully set forth herein, the Court should vacate its ex parte Order [ECF No. 12] and quash the Subpoena directed to Mr. Richards. Mr. Richards does not join those portions of the Motion to Vacate addressed solely to whether AlterBank is "found" in this District or to service of process upon AlterBank as a corporate entity, which are distinct from the defective service of the Subpoena on him individually. He joins only the discretionary-factor and circumvention arguments, which are common to all respondents and to the Application as a whole.

## VIII. *Mr. Richards Is Entitled to His Reasonable Attorney's Fees and Costs Under Rule 45(d)(1)*

Rule 45(d)(1) is mandatory: the Court "must enforce" the duty to avoid imposing undue burden on a non-party and "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." The Indenture Trustee served a non-party outside director with a demand for a foreign bank's multi-year corporate archive that it neither holds nor controls, serving that demand a day after its own production deadline had already lapsed, while pursuing the same information through the entity itself and in contravention of a stay it obtained elsewhere. Compelling Mr. Richards to retain counsel and move to quash under these circumstances is the precise harm Rule 45(d)(1) is designed to remedy. Mr. Richards respectfully requests that the Court award him

19

his reasonable attorney's fees and costs incurred in responding to the Subpoena and in bringing this Motion, in an amount to be established upon further submission.

## CONCLUSION

For the foregoing reasons, non-party Timothy D. Richards respectfully requests that the Court: (i) quash the Subpoena directed to him in its entirety; (ii) in the alternative, enter a protective order relieving him of any obligation to produce or log AlterBank's corporate records, or defer and hold his compliance in abeyance pending the Court's disposition of AlterBank's Motion to Vacate [ECF No. 25], and limiting any deposition to non-privileged matters within his personal knowledge and excluding any inquiry into matters protected by AlterBank's attorney-client privilege or the work-product doctrine; (iii) vacate its ex parte Order [ECF No. 12] for the Indenture Trustee's failure to provide the prior notice Rule 45(a)(4) requires and for the reasons stated in the Motion to Vacate [ECF No. 25], in which Mr. Richards joins as set forth above; (iv) award Mr. Richards his reasonable attorney's fees and costs under Rule 45(d)(1); and (v) grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), the undersigned counsel for non-party Timothy D. Richards hereby certifies that counsel has conferred with counsel for the Indenture Trustee in a good-faith effort to resolve the issues raised in this Motion, and that the Indenture Trustee opposes  the relief sought herein.

Dated: July 31, 2026

Respectfully submitted,

**QUINTERO BROCHE &
FONSECA-NADER, P.A.**
*Attorneys for Non Party Timothy Richards*

By: ___/s/ Juan Pablo Broche___
JUAN PABLO BROCHE

QUINTERO BROCHE & FONSECA-NADER P.A.
75 Valencia Avenue • Suite 800 • Coral Gables, Florida 33134
Tel: (305) 446-0303 • Fax: (305) 446-4503

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, including counsel for the Indenture Trustee and counsel for Respondents AlterBank Limited and Blas Santander.

Respectfully submitted,

**QUINTERO BROCHE &
FONSECA-NADER, P.A.**
*Attorneys for Non Party Timothy Richards*
75 Valencia Ave., Suite 800
Coral Gables, Florida 33134
Tel.: 305-446-0303/Fax: 305-446-4503
E-mail: fquintero@quinterolaw.net
jfnader@quinterolaw.net
eservice@quinterolaw.net

By: __*/s/ Juan Pablo Broche*__
JUAN PABLO BROCHE
Fla. Bar No.: 0055469

By: __*/s/ Jessica Fonseca-Nader*__
JESSICA FONSECA-NADER
Fla. Bar No.: 0125806

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Florida

| | |
|---|---|
| In re Application of The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes due 2024, for an order pursuant to 28 U.S.C. § 1782 ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:26-mc-23885-JEM |
| ) | |
| ) | |
| *Defendant* ) | |

*H/2351*
*6/23/26*
*12:11 pa*
*A J717*

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:               Timothy Richards
2000 Salzedo Street, Apartment 806, Coral Gables, Florida 33134
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Fridman Fels & Soto, PLLC, 150 Alhambra Circle, Suite 715, Coral Gables, FL 33134 (305) 569-7701 | Date and Time: Deposition: June 29, 2026 |
|---|---|
| | Document Production Deadline: June 22, 2026 |

The deposition will be recorded by this method:   Court Reporter and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     June 8, 2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Daniel S. Fridman* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **The Bank of New York Mello** **solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes due 2024** , who issues or requests this subpoena, are:

Daniel S. Fridman, Fridman Fels & Soto, PLLC, 150 Alhambra Circle, Suite 715, Coral Gables, FL 33134 (305) 569-7720 daniel.fridman@ffslawfirm.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A· (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



⑈506555⑆5252 ⑆26E⑆⑆0⑆⑆0⑆ ⑈8⑆⑆000⑈

Memo 0901 | Witness Fee

Ocean Bank

Forty-five and 00/100

PAY To THE ORDER OF   Timothy Richards

$ 45.00

Date 06/08/2026   Void after 90 days

Dollars

*Hildline Fing* (signature)

VV118

This is a Deluxe eCheck. The PAY TO THE ORDER OF line designates the Payee. For questions, call Deluxe Payment Exchange customer support at 1-877-333-6964 Ref: A214-4B24

Service of Process, Inc.
3741 SW 132nd Avenue
Miami, FL 33175

Official eCheck

---

# Check appears upside down intentionally

Cut along this line ✂

# How to use this check

**Need help?** Visit eChecks.com or call 1-877-333-6964

| Step 1 **Print the check** | Step 2 **Validate it printed correctly** | Step 3 **Deposit like normal** |
|---|---|---|
| ✔ **Any printer works** <br> ✔ **Black or color ink** <br> ✔ **Basic white paper** | ✔ **Correct if bank numbers are:** <br> Centered in white space <br> Parallel to edge of the page <br> Clearly printed in dark black ink <br> ✘ **Reprint if bank numbers are:** <br> Cut off, skewed, or off-center <br> Smudged or wrinkled <br> Too light to read | 1. **Cut on the dotted line above** <br> 2. **Endorse the back** <br> 3. **Deposit like normal:** <br> In-person at a bank or credit union <br> Using an ATM <br> Via smartphone mobile deposit <br> With an office check scanner |

### Does your financial institution have questions about this check?

- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

## Questions? Visit **eChecks.com** or call 1-877-333-6964

# For your records

**Issued date:** 2026-06-08
**Check number:** VV118
**From:** Service of Process, Inc.
**Amount:** $45.00
**Payable to:** Timothy Richards
**Delivery email:** info@theserviceofprocess.com
**Memo:** 0901 | Witness Fee

Are you a business? To save time, money, and resources, make payments using Deluxe Payment Exchange. Call 1-877-333-6964 to get started today!

**deluxe.** PAYMENT EXCHANGE

## EXHIBIT A

### DEFINITIONS

1. "You" or "your" means you, Timothy Richards, and all Persons acting on your behalf.

2. "Person" means any natural person, corporation, association, business entity, or other legal entity, as well as its officers, directors, members, partners, employees, agents, or representatives.

3. "Control," "Controlled," or "Controlling" means the ability, directly or indirectly to direct or cause the direction of any Person, whether through majority ownership of such Person or otherwise.

4. "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). It includes transmission via email, mail, messages, correspondence, forms, reports, or any other Documents.

5. "Document" includes without limitation any letters, e-mails, electronic files, electronic data, reports, publications, presentations, contracts, analyses, valuations, records, summaries, transcripts, accounts, business records, data compilations, or other hard copy or electronic documents, communications, or other information in whatever form.

6. "Concerning" means referring to, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or relating to in any way, directly or indirectly, in whole or in part.

7. "Relating to" means directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, referring to in any way, or in any way relevant.

8.     "Affiliate" means, with respect to any Person, any other Person who, directly or indirectly, is owned or Controlled by a common Person.  TV Azteca affiliates include any Grupo Salinas entity, as well as any other Person that, directly or indirectly, is owned or Controlled by Ricardo Salinas Pliego.

9.     "Subsidiary" of any company means any other company of which a majority of the voting stock is owned, directly or indirectly, by such company.

10.    "AlterBank" means AlterBank, Limited, as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

11.    "TV Azteca" means TV Azteca, S.A.B. de C.V., as well as each Person acting under its Control or in which it has an interest, including each of its members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.

12.    "Grupo Salinas" means any Person that is a member of Grupo Salinas, as well as any of such Person's directors, members, officers, directors, employees, partners, corporate parents, Subsidiaries, Affiliates, attorneys, and agents.  Grupo Salinas includes TV Azteca, Banco Azteca, and Grupo Elektra.

## INSTRUCTIONS

1.     If any portion of any document is responsive to any request, produce the entire document.  If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder.

2.     In responding to any request, you must produce all documents in your possession, custody, or control, regardless of whether you possess the documents directly and regardless of whether it is in this District.  A document is in your possession, custody, or control if it is in your

custody or if it is in the custody of any other Person and you (1) own such document in whole or in part; (2) have a right by contract, statute, order, or otherwise to use, inspect, examine, or copy the document; (3) have an understanding, whether express or implied, that you may use, inspect, examine, or copy the document; or (4) have the practical ability to use, inspect, examine, or copy the document.

3.      For any responsive Document that is redacted or withheld in whole or part on the basis of any assertion of privilege or other exemption from disclosure, provide a log identifying (1) the nature of the privilege or exemption asserted; (2) the nature of the document; (3) the title of the document; (4) the date of the document; (5) all Persons who prepared, sent, or received the document; (6) the number of pages; and (7) the contents or subject matter of the document or redacted or withheld portion thereof with sufficient detail to explain the basis for the privilege or exemption asserted.

4.      Any electronically stored information ("ESI") should be produced in its native electronic form—i.e., the format in which it was originally created with all metadata intact. When producing ESI for electronic mail systems such as Microsoft Outlook or Gmail, provide all responsive emails and, if applicable, e-mail attachments and any related documents, in their respective mail container format (i.e., .PST for Outlook). To the extent any ESI requires redaction prior to production, said ESI should be produced in .pdf format.

5.      If you encounter any ambiguity in any Request or any Definition or Instruction, explain in your response the matter deemed ambiguous and the construction you used in responding to the Request.

6.      The documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the

files in which they were located, their relative order in such files, and how such files were maintained.

7. Words importing the singular shall include the plural and vice versa. The words "any" and "all" shall mean "any and all." The words "and" and "or" shall be construed conjunctively or disjunctively to include anything that would otherwise be excluded. The use of a verb in any tense shall be construed to include the use of the verb in all other tenses. The use of capital letters, lowercase letters, or quotation marks shall not limit the scope of any term.

8. Unless otherwise specified, the time period for the requests herein is January 1, 2023, to the present.

## DOCUMENTS TO BE PRODUCED

1. Any agreements entered into between AlterBank and TV Azteca, including any credit agreements, as well any other Documents executed in connection with such agreements or in connection with any amendments to such agreements.

2. Documents or Communications relating to any credit agreement between AlterBank and TV Azteca, including those relating to TV Azteca's ability to repay any obligations, AlterBank's expected profit or loss on such credit agreement, funds transfers between AlterBank and TV Azteca, any amendments to such credit agreement, AlterBank's role in connection with such credit agreement (including as arranger, administrative agent, and collateral agent), TV Azteca's use of borrowed proceeds, assets securing any borrowing, AlterBank's funding for any loan or other credit agreement, and any diligence into TV Azteca's ability to repay any borrowing.

3. Communications with TV Azteca, its Affiliates, Subsidiaries, owners, officers, employees, agents, or anyone else acting on behalf of or in concert with TV Azteca, including

4

Grupo Salinas and its owners, managers, companies, Affiliates, Subsidiaries, officers, directors, and agents.

4. Documents and Communications relating to TV Azteca's financial condition or solvency, including TV Azteca's initiation of *concurso mercantil* or other insolvency proceedings.

5. Documents and Communications concerning TV Azteca's other creditors, including TV Azteca's default on any other indebtedness and any AlterBank loan or other credit agreement's impact on TV Azteca's ability to repay other creditors.

6. Documents sufficient to show any Persons with direct or indirect ownership or Control of AlterBank, including through any intermediaries.

7. Documents relating to AlterBank's monthly, quarterly, and annual financial position since January 1, 2023, including:

    a. Audited and unaudited monthly, quarterly or annual financial statements;

    b. Other monthly, quarterly, or annual reports;

    c. Documents concerning AlterBank's financial position filed with any regulatory authority;

    d. Documents listing any loan or other credit agreement in which AlterBank acted as arranger, initial lender, administrative agent, or collateral agent;

    e. Budgets or projections of AlterBank's financial position, including its balance sheet, income, or cash flows;

    f. Presentations or reports discussing AlterBank's financial position, including those prepared for AlterBank's, owners, directors, or potential investors;

    g. Documents concerning AlterBank's funding sources, capital and use of capital, including any outstanding loans or other credit agreements.

## DEPOSITION

This Subpoena also requires You to appear for a deposition at the time and place specified. You must be prepared to provide deposition testimony regarding the following topics:

1. Your role as a director of AlterBank, including your role relating to any agreement entered into between AlterBank and TV Azteca.

2. Any agreements between AlterBank and TV Azteca, including:

   a. The terms, negotiation, funding sources, proposed uses, and execution of any agreement with TV Azteca, as well as the timing and manner of such agreement's negotiation and execution;

   b. AlterBank's due diligence relating to any loan or other agreement;

   c. Your awareness of TV Azteca's financial position, including its capital structure, prior defaults, solvency, filing for a *concurso*, and pre-existing creditors;

   d. AlterBank's approval process for entering any credit agreement with TV Azteca, including the Persons who took part in the decision to enter or approve such loan; and

   e. Persons who took part in negotiation or execution of any credit agreement with TV Azteca, including any Persons other than AlterBank or TV Azteca.

3. Your relationship to TV Azteca and Grupo Salinas.

4. AlterBank's relationship to TV Azteca and Grupo Salinas, including:

   a. Alterbank's financial relationship with TV Azteca, Grupo Salinas, their companies, owners, Affiliates, and Subsidiaries, as well as any Person affiliated with Grupo Salinas or TV Azteca, including Ricardo Salinas Pliego;

     b.  Grupo Salinas's role concerning any agreement between AlterBank and TV Azteca;

     c.  AlterBank's communications with TV Azteca and Grupo Salinas between January 1, 2024 and the present;

     d.  The relationship between AlterBank's owner and directors and any Grupo Salinas entity; and

     e.  AlterBank's involvement, if any, in TV Azteca's payment of tax obligations.

5.    AlterBank's operations between January 1, 2023 and the present, including:

     a.  AlterBank's management practices;

     b.  The regions in which AlterBank operates;

     c.  AlterBank's financial recording and reporting practices;

     d.  The types of financial services AlterBank offers;

     e.  The sources of AlterBank's capital;

     f.  AlterBank's lending history, including the number of loans outstanding, the average size of each loan, its history of extending any loans above $1 million, $10 million, or $100 million; and

     g.  The role of AlterBank's current or former owners and directors, including Augusto César Castillo Chávez, Juan Francisco Ramirez, and Blas Santander.

6.    Your relationship to AlterBank's current or former owners and directors, including Augusto César Castillo Chávez and Juan Francisco Ramirez.

# EXHIBIT B

75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net



**From:** Brant C. Hadaway, B.C.S. <bhadaway@diazreus.com>
**Sent:** Tuesday, July 21, 2026 3:31 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Cc:** Marta Colomar Garcia <mcolomar@diazreus.com>; Michael Diaz <MDiaz@diazreus.com>; Kerry Sanchez <kasanchez@diazreus.com>
**Subject:** In re The Bank of New York Mellon (§ 1782 Application), Case No. 26-mc-23885-Martinez

Dear Mr. Broche:

This confirms that our client, AlterBank Limited, has not waived the attorney-client privilege as to any communication among and between attorney Tim Richards and AlterBank, including AlterBank's owners, officers, directors, employees, attorneys, and agents.

Sincerely,

**Brant C. Hadaway**
Partner | B.C.S.
Board Certified in International
Litigation and Arbitration



Diaz, Reus & Targ, LLP
100 SE 2nd Street
Suite 3400 | Miami Tower
Miami, Florida 33131
Office: 305.375.9220

bhadaway@diazreus.com | www.diazreus.com

United States . Latin America . Europe . Asia . Middle East . Africa

     

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect) so that our address record can be corrected. Thank you for your cooperation.

# EXHIBIT C

| From: | Juan Pablo Broche |
|---|---|
| To: | "Ingber, Zachary"; Daniel Fridman |
| Cc: | Jessica Fonseca Nader; Anel Viamontes; M. Victoria Pantin; Frank Quintero; Rolston, Eric; Ellis, Justin; Fqsec Quintero Broche P.A; Jomari Cuba |
| Bcc: | Timothy D. Richards (Trichards@richards-law.com) |
| Subject: | RE: Timothy Richards Subpoena |
| Date: | Friday, July 31, 2026 5:18:00 PM |
| Attachments: | image003.png |

Zach:

Good afternoon. Given your most recent emails following our call last Friday, I feel it prudent to memorialize the substance of last week's call in connection with properly responding to your last two emails.

Last Friday, I advised you and the other attorneys from your team on the call that I was just getting back to the office after being out due to my family medical situation and that while I was out, our Client had undertaken to go through his emails and/or files to assess and compile any potentially responsive documents to the requests in the subpoena and that said search had revealed that our Client did not have anything responsive to most of the requests contained in the subpoena directed to him. I further advised that what our client did have that could be potentially responsive was limited to emails which would be subject to the attorney-client and/or work product privileges as being emails between Richards and his law firm and representatives of Alterbank in furtherance of legal services by Richards' law firm for the bank. I also advised you that Alterbank had advised in writing that it did not waive any attorney-client and/or work product privileges as to any communications between representatives of Alterbank and Richards and/or his law firm. As a result, I advised you that our Client did not have anything to produce beyond a privilege log (which we were still working on) and when you asked us if we could produce that, I advised you that I would need to analyze that further and discuss this with our Client, especially since it had come to our attention that while I was out, Alterbank apparently filed a Motion to Vacate challenging the Order granting the Ex-Parte Petition/Application filed by your Client seeking discovery for use in a foreign proceeding and thus, was challenging the validity of the subpoenas issued as a result of said Order. I made clear to you that said filing by Alterbank raised concerns for our Client given that per the bank's Articles of Association, any action by Richards herein that the bank might deem are undertaken against the interests of the bank, could result in the bank refusing to indemnify him for the fees and costs incurred by him in connection with this matter. This reality places our Client between the proverbial rock and hard place in having to choose between complying with the subpoena (a subpoena that seeks the identical information sought from Alterbank via the subpoena served on the bank and others) or foregoing his rights to indemnification. I proposed to you during the call that to resolve this quagmire, that you consider holding off on insisting upon any compliance by our Client as to this subpoena until after the Court ruled upon Alterbank's Motion to Vacate. You advised you and your team needed to discuss this matter further and would get back to me as to a proposed plan of action to address this situation, and you asked me to get back to you as to whether we would at least produce the

privilege log once completed. We concluded the call and less than 15 minutes later, you sent me the email below advising that you intend to move to compel testimony and/or documents from Mr. Richards.

Let this email serve to advise you that given the position taken by you following our call last Friday (i.e., the threat of a motion to compel), and in light of Alterbank's pending challenge to your Petition/Application and the resulting subpoenas, our Client has no choice but so seek to quash the defective subpoena at issue and/or seek a protective order, and to join in aspects of the position/arguments raised by Alterbank challenging the Order granting issuance of the subpoenas at issue. As a result, let this email also serve to advise that our Client will not be producing any privilege log at this time pending determination of his forthcoming Motion and/or determination by the Court as to Alterbank's Motion to Vacate. In accordance with our Rule 7.1 conferral requirements, given our prior unsuccessful efforts to confer regarding a reasonable resolution of this matter and your expressed intent to compel our Client's compliance with the subpoena, we presume you oppose our contemplated Motion to Quash and/or for Protective Order. If we are incorrect as to your opposition of our contemplated motion, please advise accordingly in writing. Thank you.

Regards,

JP

Juan P. Broche
Attorney at Law



75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net



**From:** Ingber, Zachary <Zingber@mololamken.com>

**Sent:** Friday, July 31, 2026 1:05 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

Can you please provide an update on the privilege log and your client's compliance with the
subpoena?  Thank you.

Best,
Zach

**Zachary R. Ingber**



430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Ingber, Zachary
**Sent:** Wednesday, July 29, 2026 11:12 AM
**To:** 'Juan Pablo Broche' <jpbroche@quinterolaw.net>; 'Daniel Fridman'
<daniel.fridman@ffslawfirm.com>
**Cc:** 'Jessica Fonseca Nader' <jfnader@quinterolaw.net>; 'Anel Viamontes'
<aviamontes@ffslawfirm.com>; 'M. Victoria Pantin' <vpantin@ffslawfirm.com>; 'Frank Quintero'
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

Hope all is well.  Are you able to produce the privilege log to us by Friday?  Happy to jump on a call
to discuss how to make this as efficient as possible.

Best,
Zach

**Zachary R. Ingber**



430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Ingber, Zachary
**Sent:** Friday, July 24, 2026 4:42 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

Thanks for the call.  In light of our discussion, we intend to move to compel testimony and/or
documents from Mr. Richards.  When can we expect the privilege log?  We will need that for our
motion and to assess the privilege calls.

Thanks,
Zach

**Zachary R. Ingber**

**ML MOLOLAMKEN**

430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Sent:** Friday, July 24, 2026 11:20 AM
**To:** Ingber, Zachary <Zingber@mololamken.com>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

I should be available from 3:30pm onward but 4pm is a safer bet. Feel free to circulate an
invite. Thanks and talk to you then.

Regards,

JP

Juan P. Broche
Attorney at Law



75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net



**From:** Ingber, Zachary <Zingber@mololamken.com>
**Sent:** Friday, July 24, 2026 11:10 AM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** Re: Timothy Richards Subpoena

Yes.  What time works for you?  Should we say 4pm?

**Zachary R. Ingber**
**MoloLamken LLP**
430 Park Avenue
New York, NY 10022
T:  (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>

**Sent:** Friday, 24 July 2026 11:03:05
**To:** Ingber, Zachary <Zingber@mololamken.com>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

Zachary:

I just looked at my calendar and noticed my office calendared a call on another matter at 2pm. Can we do our call later this afternoon after my 3pm hearing? Please let me know. Sorry for the inconvenience. Thanks.

JP

Juan P. Broche
Attorney at Law



75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net



**From:** Ingber, Zachary <Zingber@mololamken.com>
**Sent:** Friday, July 24, 2026 10:58 AM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>

**Subject:** Re: Timothy Richards Subpoena

Thank you.  Let's do 2pm.  I'll send an invite shortly.

**Zachary R. Ingber**
**MoloLamken LLP**
430 Park Avenue
New York, NY 10022
T:  (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Sent:** Friday, 24 July 2026 10:53:06
**To:** Ingber, Zachary <Zingber@mololamken.com>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

Good morning Zachary:

I can't do 1pm as I have a meeting in another matter at that time. I can do 2pm or after 3:30pm as I have a 3pm hearing today as well. Please let me know if 2pm or after 3:30pm works. Thanks.

JP

Juan P. Broche
Attorney at Law



75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net



---

**From:** Ingber, Zachary <Zingber@mololamken.com>
**Sent:** Thursday, July 23, 2026 11:54 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

How about 1PM tomorrow?  I can send an invite.

**Zachary R. Ingber**

**ML MOLOLAMKEN**
430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Sent:** Thursday, July 23, 2026 4:21 PM
**To:** Ingber, Zachary <Zingber@mololamken.com>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

 Good afternoon everyone:

Trust this email finds you all well. My apologies but I remained largely out of the office thus far this week tending to my father's situation. He was finally discharged from the hospital, and I expect to be back in the office tomorrow and available to chat in the afternoon. Please let me know if you would like to convene a call tomorrow. Thanks, and I will wait to hear back from you.

Regards,

JP Broche

Juan P. Broche
Attorney at Law



75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net



**From:** Ingber, Zachary <Zingber@mololamken.com>
**Sent:** Tuesday, July 21, 2026 11:22 AM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

I am following up on my email below and my call to your office yesterday.  Please let me know your
availability this afternoon for a call.

Thanks,
Zach

**Zachary R. Ingber**

**ML MOLOLAMKEN**

430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Ingber, Zachary <Zingber@mololamken.com>
**Sent:** Monday, July 20, 2026 10:21 AM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** Re: Timothy Richards Subpoena

JP,

Please let me know what times work for a call today to discuss an update on document production
and to set a deposition date.

Best,
Zach

**Zachary R. Ingber**
**MoloLamken LLP**
430 Park Avenue
New York, NY 10022
T:  (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Ingber, Zachary
**Sent:** Tuesday, 14 July 2026 15:44:53
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

Thanks for the note.  Wishing the best for your father.   Why don't we plan on speaking Monday after you have had an opportunity to speak with your client and after the surgery?  Let me know a few windows that work and I will send an invite.

Best,
Zach

**Zachary R. Ingber**
<image004.jpg>

430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Sent:** Tuesday, July 14, 2026 3:40 PM
**To:** Ingber, Zachary <Zingber@mololamken.com>; Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

Zach:

Good afternoon. Since our call last week, I have been in and out of the office because my father's procedure revealed that he requires urgent open-heart surgery. His surgery is scheduled to take place on Thursday morning and I have been assisting with getting him to his various pre-surgical tests and appointments. As such, I have not been able to confer with my client substantively and I can tell you that it will not be plausible for me to make any documentary production on behalf of our client by Friday. I will try to circle back with my Client this evening or tomorrow morning and I will then have a better idea of what any timeframe and availability looks like. I apologize for the delays, but I did not foresee this situation coming up. I will do my best to be back in touch with further information as soon as I am able. Thank you.

Regards,

JP

Juan P. Broche
Attorney at Law

75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net

<image003.png>

---

**From:** Ingber, Zachary <Zingber@mololamken.com>
**Sent:** Monday, July 13, 2026 12:52 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

I'm writing to follow up on the below.  Can you please confirm receipt and let us know your client's
availability?  Thanks.

Best,
Zach

**Zachary R. Ingber**
<image004.jpg>

430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Ingber, Zachary
**Sent:** Thursday, July 9, 2026 12:12 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Daniel Fridman
<daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes
<aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero
<fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ellis, Justin
<JEllis@mololamken.com>
**Subject:** RE: Timothy Richards Subpoena

JP,

It was good speaking with you, and I hope your father is doing well.  I'm writing to memorialize what we discussed regarding your client's response to the subpoena.  Can we agree to any document production by July 17?  Can you also let us know your client's availability for a deposition during the week of July 27?

Also, if you have any update regarding your client's current role and or affiliation with AlterBank, that would be helpful.  I'm happy to discuss.

Best,
Zach

**Zachary R. Ingber**
<image004.jpg>

430 Park Avenue
New York, NY 10022
T: (212) 607-8172 | M: (917) 992-3930
zingber@mololamken.com

---

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Sent:** Tuesday, July 7, 2026 9:07 AM
**To:** Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ingber, Zachary <Zingber@mololamken.com>; Ellis, Justin <JEllis@mololamken.com>
**Subject:** Re: Timothy Richards Subpoena

Dan:

Good morning. Would it be possibke to move our Teams call to 10am? My father is having a procedure this morning and I am running a little late to get to the office. Please let me know if the slightly later start time is okay. Thanks.

JP Broche
Sent from my iPhone


On Jul 2, 2026, at 3:22 PM, Juan Pablo Broche <jpbroche@quinterolaw.net> wrote:

Good afternoon Dan:

Thanks for getting back to me. If we can do Tuesday, that would be better for me as my Monday is pretty packed already. If so, I am available Tuesday morning after 9:30am. Let me know what time you would prefer and whether you want me to initiate the call. Thanks and look forward to working with you on this. Have a nice holiday weekend.

Regards,

JP Broche

Juan P. Broche
Attorney at Law

<image001.jpg>

75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303
Fax: 305-446-4503
E-mail: jpbroche@quinterolaw.net

<image002.png>

---

**From:** Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Sent:** Thursday, July 2, 2026 2:30 PM
**To:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>; Rolston, Eric <erolston@mololamken.com>; Ingber, Zachary <zingber@mololamken.com>; Ellis, Justin <jellis@mololamken.com>
**Subject:** Re: Timothy Richards Subpoena

Good afternoon JP —

Thank you for following up with us.  Are you available to speak on Monday or on Tuesday in the morning?  If so, let me know what time works for you.

Dan

**Daniel Fridman**
Partner

**Fridman Fels & Soto, PLLC**
150 Alhambra Cir., Suite 715 | Coral Gables, Florida 33134
**T** +1 305 569 7720   **M** +1 786 514 2541
daniel.fridman@ffslawfirm.com | www.ffslawfirm.com | bio
<image003.png>

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please tell the sender immediately by reply e-mail and delete this e-mail and any copies of it. Thank you.

**From:** Juan Pablo Broche <jpbroche@quinterolaw.net>
**Date:** Tuesday, June 30, 2026 at 7:04 PM
**To:** Daniel Fridman <daniel.fridman@ffslawfirm.com>
**Cc:** Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>; Frank Quintero <fquintero@quinterolaw.net>
**Subject:** RE: Timothy Richards Subpoena

Mr. Fridman:

Good afternoon. Trust this email finds you well. My apologies for reaching out so late but due to being short staffed, I have been absolutely swamped all day today. I am writing you to report that we were in fact retained by Mr. Richards to represent him in connection with the subpoena at issue. If it is okay with you, can I call you tomorrow to further discuss how much additional time we need to search for and compile responsive records and assess whether any potentially responsive documents are subject to privilege or other objections? I am about to step into a zoom meeting on another matter but in the event that you prefer to speak tonight, I can be available after 8. Otherwise, tomorrow I have a court hearing at 9am but will be in the office after that the rest of the day. Please let me know when and what time would work to speak further and coordinate some reasonable time for our Client's responses in connection with this subpoena. Thank you.

Regards,

JP Broche

Juan P. Broche
Attorney at Law

<image001.jpg>

75 Valencia Avenue, Suite 800
Coral Gables, FL 33134
Tel.: 305-446-0303

Fax: 305-446-4503

E-mail: jpbroche@quinterolaw.net

<image002.png>

---

**From:** Daniel Fridman <daniel.fridman@ffslawfirm.com>

**Sent:** Wednesday, June 24, 2026 4:25 PM

**To:** Frank Quintero <fquintero@quinterolaw.net>

**Cc:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Jessica Fonseca Nader <jfnader@quinterolaw.net>; Anel Viamontes <aviamontes@ffslawfirm.com>; M. Victoria Pantin <vpantin@ffslawfirm.com>

**Subject:** Re: Timothy Richards Subpoena

Thank you, Frank.

No need to file a motion for protective order at this time.  We agree to give you an extension of time through next Tuesday 6/30 so JP can meet with the client on Monday, as long as JP can give me a call by next Tuesday after he meets with the client so we can discuss in more detail your intentions on compliance with the subpoena and how much time you would need.  Let me know if that is acceptable.

Dan

**Daniel Fridman**
Partner
**Fridman Fels & Soto, PLLC**
150 Alhambra Cir., Suite 715 | Coral Gables, Florida 33134
**T** +1 305 569 7720   **M** +1 786 514 2541
daniel.fridman@ffslawfirm.com | www.ffslawfirm.com | bio
<image003.png>

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please tell the sender immediately by reply e-mail and delete this e-mail and any copies of it. Thank you.

**From:** Frank Quintero <fquintero@quinterolaw.net>

**Date:** Wednesday, June 24, 2026 at 3:52 PM

**To:** Daniel Fridman <daniel.fridman@ffslawfirm.com>

**Cc:** Juan Pablo Broche <jpbroche@quinterolaw.net>; Jessica Fonseca Nader <jfnader@quinterolaw.net>

**Subject:** Timothy Richards Subpoena

> You don't often get email from fquintero@quinterolaw.net. Learn why this is important

Dan, great talking to you a few minutes ago. As discussed, the subpoena duces tecum on Timothy Richards was served on 6/23/26 @ 12:11 PM. Attached is a copy of the cover page of the subpoena showing service date and time. The subpoena requires production by 6/22/26 (before the service date and time). Deposition is scheduled for 6/29/26 but no time is listed for the depo.

I am requesting a reasonable extension for both production and attendance in the hopes of having to avoid having to file a motion for protective order. As I advised, my partner, JP Broche, copied here, and I leave for Bonita Springs tonight to attend the CJA Conference. We both return Saturday, but I leave out of the country on Sunday until 7/3 and I will be back in the office on 7/6. I have Mr. Richards meeting with my partner Monday 6/29 to discuss retention, and the documents requested. After my partner meets with Mr. Richards he will call you to discuss a mutually convenient date for production and deposition. We also need to review the documents to make sure there are no privilege issues and if there are, prepare a privilege log.

Please speak with your client and co-counsel and advise if all of you will agree to my request.

Thanks, stay safe and say hello to Adam & Alex.


*Frank Quintero Jr.*
*Attorney at Law*

<image001.jpg>

*75 Valencia Avenue, Suite 800*
*Coral Gables, Fl. 33134*
*Tel: (305)446-0303*
*Fax: (305)446-4503*
*Toll Free: (844)440-0303*
*E-Mail: fquintero@quinterolaw.net*
*Web: www.quinterolaw.net*

AV® Preeminent™ Rated &  AV®Peer Review Rated
**Martindale-Hubbell® Lawyer Ratings**

## Super Lawyers®
**Top Lawyers in Florida**

## TOP ATTORNEYS IN FLORIDA
**The Wall Street Journal & Miami Magazine**

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.