**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

*In re:* Application of

THE BANK OF NEW YORK MELLON, in its capacity as TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,

to Conduct Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782.

Case No. 1:26-mc-23885-JEM

*Expedited Consideration Requested*

**NON-PARTY TV AZTECA, S.A.B. DE C.V.'S EXPEDITED**
**MOTION TO INTERVENE AND, UPON INTERVENTION, FOR A**
**PROTECTIVE ORDER LIMITING ANY DEPOSITION OF JUAN RAMIREZ,**
**QUASHING THE RAMIREZ DEPOSITION NOTICE, AND ADJOURNING THE**
**DEPOSITION UNTIL RESOLUTION OF THIS MOTION,**
**AND INCORPORATED MEMORANDUM OF LAW**

Continental PLLC
245 Alcazar Avenue
Coral Gables, Florida 33134
Tel: (305) 579-0500

Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200

*Counsel for Non-Party Movant*
*TV Azteca, S.A.B. de C.V.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................. 3

ARGUMENT...................................................................................................................... 7

    I.      TV Azteca Is Entitled to Intervene as of Right Under Rule 24(a)(2) .................... 7

          A.     The Motion Is Timely .................................................................... 7
          B.     TV Azteca Has a Direct, Substantial, and Legally Protectable
                Interest.......................................................................................... 9
          C.     Disposition of This Proceeding Will Practically Impair TV
                Azteca's Interest........................................................................... 10
          D.     No Existing Party Adequately Represents TV Azteca's Interest.............. 10

    II.     In the Alternative, the Court Should Grant Permissive Intervention Under
        Rule 24(b) ............................................................................................... 11

    III.    Upon Intervention, the Court Should Limit the Ramirez Deposition to the
        Stated Purpose of the Application and Subpoena Topics, Quash the
        Ramirez Deposition Notice Because No Indicia Exists that the Witness has
        Relevant Knowledge, and Adjourn Any Deposition Until TV Azteca's
        Motion to Intervene Has Been Adjudicated............................................ 12

          A.     TV Azteca May Seek Protective Relief...................................... 12
          B.     The Court Retains Full Discretion Under *Intel* and Rule 26 to
                Limit Discovery ......................................................................... 13
          C.     No Deposition Should Proceed on August 10 ......................... 13
          D.     Any Deposition That Proceeds Must Be Confined to the
                 Application.................................................................................. 14

               (1)    Beyond the Stated Objective of the Application, the
                      Examination Is Neither Relevant nor Proportional...................... 14
                (2)    The Ramirez Deposition Notice Should be Quashed As The
                      Record Refutes the Witness Having Relevant Information.......... 15
                (3)    Beyond the Scope of the Subpoena, the Examination
                      Would Be Improper .................................................................... 16

    IV.    TV Azteca Reserves Its Rights ................................................................ 16
    V.     Request for Expedited Consideration ...................................................... 17

CONCLUSION................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alexander Grant & Co. Litig.*,
  820 F.2d 352 (11th Cir. 1987) ..........................................................................................13

*In re Application of Mesa Power Grp., LLC*,
  878 F. Supp. 2d 1296 (S.D. Fla. 2012) ...........................................................................15

*Athens Lumber Co., Inc. v. Fed. Election Comm'n*,
  690 F.2d 1364 (11th Cir. 1982) ..........................................................................................9

*Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*,
  231 F.R.D. 426 (M.D. Fla. 2005)......................................................................................12

*Bank of New York Mellon, as Trustee v. TV Azteca, S.A.B. de C.V. et al.*
  No. 1:22-cv-8164-PGG-BM (S.D.N.Y.).............................................................................4

*In re Bio Energias Comercializadora de Energia Ltda.*,
  No. 19-cv-24497, 2020 WL 509987 (S.D. Fla. Jan. 31, 2020)....................................13, 16

*In re Clerici*,
  481 F.3d 1324 (11th Cir. 2007) ........................................................................................13

*In re da Costa Pinto*,
  No. 21-mc-663, 2022 WL 4088012 (S.D.N.Y. Sept. 6, 2022) .............................................9

*Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*,
  983 F.2d 211 (11th Cir. 1993) ..........................................................................................11

*Georgia v. U.S. Army Corps of Eng'rs*,
  302 F.3d 1242 (11th Cir. 2002) ..........................................................................................8

*Huff v. Comm'r of IRS*,
  743 F.3d 790 (11th Cir. 2014) ......................................................................................9, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004)..........................................................................................................13

*Kang v. Noro-Moseley Partners*,
  246 F. App'x 662 (11th Cir. 2007) ...................................................................................15

*In re Letter of Request for Jud. Assistance from Tribunal Civ. de Port-au-Prince,
  Republic of Haiti*,
  669 F. Supp. 403 (S.D. Fla. 1987) ....................................................................................15

*In re Letter of Request from Crown Prosecution Serv. of U.K.*,
   870 F.2d 686 (D.C. Cir. 1989) ..................................................................................................10

*Loyd v. Ala. Dep't of Corr.*,
   176 F.3d 1336 (11th Cir. 1999) ...............................................................................................11

*In re Martinez*,
   736 F. Supp. 3d 1189 (S.D. Fla. 2024) ...............................................................2, 7, 10, 11, 12

*In re Pinchuk*,
   2014 WL 12600728 (S.D. Fla. Jan. 27, 2014) .........................................................................12

*Stone v. First Union Corp.*,
   371 F.3d 1305 (11th Cir. 2004) ...............................................................................................10

*Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*,
   303 F.R.D. 673 (S.D. Fla. 2014)..............................................................................................12

*In re Terra Invest*, LLC
   No. 21-cv-23332, 2022 WL 19406162 (S.D. Fla. June 9, 2022)................................................9

**Statutes**

28 U.S.C. § 1782...............................................................................1, 2, 5, 7, 8, 9, 10, 11, 12

**Other Authorities**

Fed. R. Civ. P. 24.............................................................................................................2, 7, 11

Fed. R. Civ. P. 26.........................................................................................................12, 13, 14

Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv) .............................................................................................12

Local Rule 7.1 ....................................................................................................................1

Pursuant to Federal Rules of Civil Procedure 24, 26(c), and 45(d)(3), and Southern District of Florida Local Rule 7.1, non-party TV Azteca, S.A.B. de C.V. ("TV Azteca") respectfully moves for leave to intervene in this proceeding so that it may participate in the discovery process, including, without limitation, at the upcoming deposition of Juan Ramirez (if allowed to proceed) to examine the witness and otherwise protect TV Azteca's legitimate interests on the record. Upon intervention, TV Azteca further requests that the Court (i) limit any deposition taken pursuant to the subpoena in this case (the "Subpoena"), including the related Notice of Deposition directed at Juan Ramirez (the "Ramirez Deposition Notice"), to the topics enumerated in the Application and Subpoena—namely, the relationship between AlterBank and TV Azteca, principally covering the loan (the "Loan") from AlterBank Limited ("AlterBank") to TV Azteca—and preclude inquiry beyond those topics; and (ii) quash the Ramirez Deposition Notice because the record indicates the witness does not have relevant knowledge regarding the Loan, which is the primary issue; and (iii) adjourn any deposition (which presently is set for August 10, 2026) until the Court has ruled on this Motion, providing TV Azteca a reasonable period thereafter to prepare to participate if it occurs. Because the deposition is set for August 10, 2026, TV Azteca respectfully requests expedited consideration under Local Rule 7.1(d), S.D. Fla. L.R., before that date. The grounds for this Motion are set forth in the following incorporated memorandum of law and accompanying Declaration of Daniel Pulecio-Boek and exhibits thereto.

## **PRELIMINARY STATEMENT**

The Bank of New York Mellon, as Trustee (the "Trustee"), obtained an *ex parte* order under 28 U.S.C. § 1782 permitting service of subpoenas on AlterBank and six of its current and former directors and officers, including Ramirez, who appears to be adverse to AlterBank. The Trustee, already engaged in separate litigation against TV Azteca (as described herein), did not hide the purpose of that discovery: it seeks evidence to prosecute supposed fraudulent-transfer and

related claims challenging a $290 million loan from AlterBank to TV Azteca in TV Azteca's Mexican insolvency proceeding—the *concurso mercantil*, in which TV Azteca is the debtor.

TV Azteca is therefore precisely the party that Rule 24 and § 1782 contemplate as an intervenor. Routinely, courts in this District have recognized that targets of foreign proceedings properly intervene in § 1782 actions to protect their interests, and that a litigant "against whom some piece of § 1782 evidence will be used" is expected to move to intervene before challenging the discovery. *In re Martinez*, 736 F. Supp. 3d 1189, 1199 (S.D. Fla. 2024) (Altman, J.). TV Azteca does exactly that, here.

TV Azteca moves now, and on an expedited basis, because the Trustee recently served the Deposition Notice to take the deposition of Mr. Ramirez on August 10, 2026, without delineating the topics for examination or identifying whether the deposition will be limited to the topics identified in the Application. *See* Pulecio-Boek Decl. Ex. K at 1.

Earlier this year, Mr. Ramirez pleaded guilty to conspiracy to commit wire fraud. *See* Pulecio-Boek Decl. Ex. I, Press Release, U.S. Dep't of Justice (Mar. 20, 2026). By the Trustee's own account, Mr. Ramirez founded AlterBank but resigned from its board and transferred his ownership in December 2024—more than a year before the AlterBank loan to TV Azteca that is the subject of this proceeding. [D.E. 1 at 5–6]. The Application identifies no connection between Mr. Ramirez and the Loan, TV Azteca, or the *concurso*.

By this motion, TV Azteca seeks narrow but important relief from the Court. First, TV Azteca requests that the Court grant its motion to intervene to fully participate in the discovery process in this proceeding, including at the upcoming deposition of Mr. Ramirez, if allowed to take place, and to examine the witness and otherwise protect TV Azteca's interests during discovery. Indeed, the *very purpose* of the § 1782 discovery would be negated if any deposition occurs before TV Azteca's intervention because the discovery could not be used against TV Azteca

2

if it was not permitted to participate. Second, if a deposition of Mr. Ramirez proceeds, it should be confined to the topics enumerated in the Application—namely, the relationship between AlterBank and TV Azteca, including the Loan—with inquiry beyond those topics precluded. Here, the record strongly indicates Mr. Ramirez lacks relevant information and thus the Ramirez Deposition Notice should be quashed.

No existing party will protect TV Azteca's interest. The Trustee's objectives are undeniably adverse to TV Azteca's. AlterBank has moved to vacate on jurisdictional grounds particular to itself, not to protect TV Azteca. And Mr. Ramirez is a non-party witness with no relationship to TV Azteca and no obligation to protect its interests; there is no indication that he shares TV Azteca's legitimate objective of confining this discovery to the topics the Trustee identified in its Application as relevant for § 1782 purposes. TV Azteca has a right to be present at the deposition to make appropriate objections to protect its interest and to cross-examine Mr. Ramirez (and any future witness) on his testimony if it proceeds, including as to any purported basis for the testimony, any additional facts relevant to the testimony, and any bias, as well as to clarify any confusion in the testimony. This is essential given that the Trustee seeks to use it (even if unfairly) against TV Azteca in the *concurso*.

Intervention is therefore both necessary and proper, and this Court retains full discretion to limit the discovery it authorized *ex parte*.

### **BACKGROUND**

**The Notes, the Default, and the *Concurso***

TV Azteca is a Mexican multimedia company that issued $400 million of 8.25% Senior Notes due in 2024 under a 2017 Indenture, for which the Trustee serves as trustee. Pulecio-Boek Decl. ¶ 3. In February 2021, TV Azteca announced, among other things, the "deferment of the payment of the coupon corresponding to February 2021." *Id*. ¶ 5, Ex. B. On March 22, 2021, and

March 29, 2022, TV Azteca was sent documents entitled "Notice of Event of Default" and "Notice of Continuing Events of Default," respectively. *Id*. ¶ 6, Exs. C, D. The Trustee, directed by certain noteholders (the "Noteholders"), then brought a breach of contract action in New York state court, which TV Azteca removed to the Southern District of New York. Discovery is stayed in that case while a motion for summary judgment and a motion for leave to amend the complaint remain pending. *See Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V. et al.*, No. 1:22-cv-8164-PGG-BM (S.D.N.Y. filed Sept. 23, 2022) (the "SDNY Litigation").[1] Pulecio-Boek Decl. ¶ 7.

On November 13, 2025, the Mexican Supreme Court affirmed a massive tax liability against TV Azteca, which TV Azteca had been disputing for years. Pulecio-Boek Decl. ¶ 8. As detailed in TV Azteca's proposed Third-Party Complaint in the SDNY Litigation, this adverse ruling followed months of intense public lobbying by noteholders of TV Azteca's 2017 note issuance, including efforts to influence (i) the President of Mexico, who repeatedly made clear, during press conferences, her position supporting the U.S. noteholders over TV Azteca, and (ii) the Mexican judiciary, which is popularly elected and predominantly aligned with the President's political party, into taking adverse actions against TV Azteca. *Id*. ¶ 9, Ex. E. After the tax ruling, TV Azteca faced the risk that the Mexican government could seize its operations and take its assets. *Id*. ¶ 10. To prevent any such actions, TV Azteca paid the tax debt. *Id*. To fund payment of the tax liability, TV Azteca obtained the Loan from AlterBank. *Id*. ¶ 11.

On March 10, 2026, TV Azteca filed for *concurso mercantil* in Mexico, which is analogous to a Chapter 11 bankruptcy proceeding. Pulecio-Boek Decl. ¶ 13. On July 7, 2026, the *concurso*

---

[1] The Trustee and/or the noteholders directing the Trustee also litigated against TV Azteca in *multiple* actions in Mexico and the Noteholders are currently engaged in an ICSID arbitration against Mexico seeking overlapping recovery on the same Notes.

court declared TV Azteca insolvent and commenced the conciliation (reorganization) stage, which has a statutory duration of 185 days. *Id*. ¶ 14, Ex. G.

**The § 1782 Application and Its Stated Purpose**

On June 2, 2026, the Trustee filed an *ex parte* application under 28 U.S.C. § 1782 (the "Application") seeking leave to serve subpoenas on AlterBank and six individuals: Blas Santander, Alexander Soroka, Timothy Richards, Alejandro Cespedes, Julio Luis Santander, and Juan Ramirez. [D.E. 1]. The Application states that its purpose is "U.S. discovery into a potential $290 million fraudulent transfer at issue in a Mexican bankruptcy proceeding"—the AlterBank loan to TV Azteca. [*Id*.]. The Trustee "intends to challenge the AlterBank loan in the Mexican *concurso* proceedings" and seeks this discovery "to investigate and prosecute claims challenging the loan— including potential fraudulent transfer claims—in the *concurso*" against TV Azteca. [*Id*. at 14.]

The allegation of fraudulent transfer is facially unsustainable (and outlandish) since TV Azteca did not transfer anything to AlterBank. In contrast, AlterBank provided a loan to TV Azteca, which TV Azteca used to pay a tax liability and prevent seizure of its operations by the Mexican government. The tax liability, the AlterBank Loan, and the payment of the tax were all publicly reported and known to the Trustee and the noteholders. Equally important, the indenture agreement governing the 2017 notes expressly requires TV Azteca to pay due taxes. Pulecio-Boek Decl. ¶ 4; Ex. A, Indenture § 3.4.

Upon learning of the Application, on June 8, 2026, TV Azteca raised the issue in the SDNY Litigation, as it had concerns that the Trustee's § 1782 discovery might contravene a discovery stay that the Court had previously put in place. Pulecio-Boek Decl. ¶ 17. At a hearing on July 15, 2026, the court recognized that the SDNY Litigation's discovery stay "doesn't prevent any party from attempting to make use of the § 1782 proceeding"—*including TV Azteca*, as well. *Id*. ¶ 18,

Ex. H at 31:12-15. Counsel for TV Azteca also noted at the hearing that while TV Azteca had not yet intervened in this matter, it expressly reserved all rights to do so. *See* Ex. H at 4:23-5:1.

**Juan Ramirez, the Subpoena, and the Ramirez Deposition Notice**

The Application alleges that Mr. Ramirez founded AlterBank in 2023 but "purported to resign from AlterBank's board and transferred ownership of AlterBank" in December 2024. [D.E. 1 at 6]. The AlterBank loan to TV Azteca, by contrast, was executed and later amended before the March 10, 2026 *concurso* petition—all more than a year after Mr. Ramirez ceased to have any connection to AlterBank. [*Id*. at 5]. Mr. Ramirez has pleaded guilty to conspiracy to commit wire fraud in connection with the failure of Nodus International Bank and has not yet been sentenced. [*Id*. at 6]. Mr. Ramirez admitted in his plea agreement to stealing bank deposits from Nodus' clients while he was one of Nodus's owners, ultimately causing the bank to fail. Pulecio-Boek Decl. Ex. I. Nodus International Bank has no connection to AlterBank or TV Azteca, and the Trustee's Application does not allege otherwise. *Id*. ¶ 22. Although it appears that certain adversity may exist between Ramirez and AlterBank, and the Trustee (improperly) may seek to inquire about that, their dealings and relationship are not relevant to the issues in this case.

Following the Court's June 4, 2026 Order authorizing service of the Subpoenas [D.E. 12], the Trustee served on Mr. Ramirez a subpoena seeking both deposition testimony and the production of documents. *See* Pulecio-Boek Decl. ¶¶ 15-16, 23. Mr. Ramirez produced documents in response to the Subpoena, and on July 15, 2026, and July 21, 2026, the Trustee served those documents on TV Azteca. *Id*. ¶ 24. The documents do not contain **any** references to the TV Azteca Loan or to the relationship between AlterBank and TV Azteca. *Id*.

On July 21, 2026, the Trustee served on TV Azteca the Deposition Notice, unilaterally setting Mr. Ramirez's deposition for August 10, 2026, at 10:00 a.m. in Coral Gables, Florida. *See* Pulecio-Boek Decl. ¶ 25, Ex. K.

**AlterBank's Pending Motion to Vacate**

AlterBank has moved to vacate the Court's § 1782 order on jurisdictional grounds. [D.E. 25]. That motion turns on whether AlterBank is "found" in this District. [*Id.*] It does not protect TV Azteca's distinct interest in ensuring that any discovery permitted to proceed is confined to relevant, proportional topics and is not misused to improperly obstruct TV Azteca's reorganization.

## ARGUMENT

### I.     TV Azteca Is Entitled to Intervene as of Right Under Rule 24(a)(2)

A party seeking to intervene as of right must satisfy four requirements: (1) the application is timely; (2) the applicant has an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that disposition of the action may, as a practical matter, impede or impair its ability to protect that interest; and (4) the applicant's interest is inadequately represented by the existing parties. Fed. R. Civ. P. 24; *In re Martinez*, 736 F. Supp. 3d at 1199. TV Azteca satisfies each.

This application presents a textbook example of where intervention is appropriate under Rule 24. Courts in this District recognize that, in § 1782 proceedings, "it's common practice for litigants in foreign proceedings against whom some piece of § 1782 evidence will be used . . . to file motions to intervene before challenging the propriety of the subpoenas," and that "targets of foreign proceedings routinely intervene." *In re Martinez*, 736 F. Supp. 3d at 1199. Indeed, filing a challenge to § 1782 discovery *without* first moving to intervene would be procedurally improper. *Id*. TV Azteca thus proceeds correctly by moving to intervene first.

### A.     The Motion Is Timely

Timeliness turns on four factors: the length of time the proposed intervenor knew or should have known of its interest; prejudice to existing parties from any delay; prejudice to the proposed

intervenor if intervention is denied; and any unusual circumstances. *See Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (cleaned up). Timeliness "is not a word of exactitude" and must be applied with "accommodating flexibility." *Id.*

TV Azteca's interest in limiting the deposition of Mr. Ramirez crystallized on July 21, 2026, when the Trustee served the Deposition Notice. Ex. K. That Notice was the first document to set an actual deposition of Mr. Ramirez (or *any* witness) —and it did so without delineating any topic for examination or indicating whether the deposition would be confined to the stated purpose of the Application. Until then, TV Azteca could not have sought the relief it requests here. The Court's § 1782 Order authorized only service of subpoenas; it did not grant the Application or compel Mr. Ramirez to appear or testify, and it did not fix the scope of any discovery or examination. *See* [D.E. 12]; *see also infra* § III.C(1). Service of the Subpoena alone therefore gave TV Azteca no basis to intervene to constrain a deposition that it had not yet been noticed and whose scope was undefined. The need for relief arose only when the Trustee scheduled the deposition—for August 10, 2026—without any limitation.

Measured from that triggering event, TV Azteca's motion is plainly timely: it will be filed less than two weeks after the July 21, 2026 Deposition Notice. That brief interval reflects diligence, not delay. Upon receiving the Deposition Notice, and given the absence of any prior relationship between TV Azteca and Mr. Ramirez, TV Azteca had to familiarize itself with Mr. Ramirez and his role before it could frame the targeted relief sought here.

In any event, even were the clock measured from the Application, only weeks would have elapsed. The Trustee filed its Application *ex parte* on June 2, 2026, and the Court authorized service on June 4, 2026 [D.E. 12]. Just days later, on June 8, 2026, TV Azteca raised the matter in the SDNY Litigation to confirm whether the Application ran afoul of the discovery stay in that case, Pulecio-Boek Decl. ¶ 17, and on July 15, 2026, that court (only 19 days ago) confirmed the

8

stay "doesn't prevent any party from attempting to make use of the § 1782 proceeding." *Id*. ¶ 18, Ex. H at 31:12-15. At that same hearing, counsel for TV Azteca reserved its right to intervene here as needed. TV Azteca thus acted promptly at every stage—less than three weeks elapsed between the SDNY court's confirmation and this Motion, and fewer than nine weeks between the Application itself and this filing.

Courts in this District and elsewhere have found intervention in § 1782 proceedings timely after substantially longer intervals. *See, e.g.*, *In re Terra Invest*, *LLC*, No. 21-cv-23332, 2022 WL 19406162, at *3–4 (S.D. Fla. June 9, 2022) (Bloom, J.) (finding intervention in a § 1782 proceeding timely despite a three-month delay between the intervenor's discovery of the application and its motion to intervene); *see also In re da Costa Pinto*, No. 21-mc-663, 2022 WL 4088012, at *3 (S.D.N.Y. Sept. 6, 2022) ("Although the motion to intervene was filed five months after the Petitioner's § 1782 application was filed, the Court finds that the motion to intervene was timely.").

Intervention now, before any deposition has occurred and while this proceeding remains at its threshold, imposes no prejudice on the Trustee. TV Azteca, by contrast, would be severely prejudiced by exclusion, because the deposition it seeks to limit is scheduled to occur imminently. Under these circumstances, TV Azteca's Motion is clearly timely.

## B.    TV Azteca Has a Direct, Substantial, and Legally Protectable Interest

Intervention of right requires an interest that is "direct, substantial, [and] legally protectable"; the movant must be "at least a real party in interest in the transaction which is the subject of the proceeding." *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (quoting *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). Courts "must be flexible" and look to the particular facts. *Huff*, 743 F.3d at 796.

9

TV Azteca's interest could not be more direct. The Trustee concededly seeks this discovery to prosecute claims against TV Azteca, the debtor in the *concurso*, challenging the Loan on TV Azteca's books. That a party is the one against whom the § 1782 evidence will be used establishes a sufficient interest: in an analogous posture, a court in this District held that the movants' status as the real parties in interest in the foreign actions for which the § 1782 discovery was sought established a sufficient interest. *In re Martinez*, 736 F. Supp. 3d at 1200. The principle applies with equal force to the foreign-proceeding *target*: "one against whom information obtained under section 1782 may be used[] has standing to assert that, to his detriment, the authority for which the section provides is being abused." *Id.* at 1202 n.8 (quoting *In re Letter of Request from Crown Prosecution Serv.*, 870 F.2d 686, 689 (D.C. Cir. 1989)).

> **C.      Disposition of This Proceeding Will Practically Impair TV Azteca's Interest**

For the impairment factor, "[a]ll that is required . . . is that the would-be intervener be practically disadvantaged by his exclusion from the proceedings." *In re Martinez*, 736 F. Supp. 3d at 1201. A party "substantially affected in a practical sense by the determination made in an action" should, as a general rule, be entitled to intervene. *Id*. (quoting *Huff*, 743 F.3d at 800). If TV Azteca is excluded, discovery will be gathered and deployed against it in the *concurso* without any opportunity for TV Azteca to be heard on its relevance, proportionality, or purpose. TV Azteca's practical ability to protect itself will be impaired if it cannot be heard here, now.

> **D.      No Existing Party Adequately Represents TV Azteca's Interest**

The inadequate-representation burden is "minimal" and is satisfied unless it is clear that an existing party will provide adequate representation. *Huff*, 743 F.3d at 800. A presumption of adequacy arises only where an existing party "seeks the same objectives" as the intervenor. *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (cleaned up). No such party exists here. The Trustee's objectives are directly adverse to TV Azteca's. AlterBank has moved to vacate

10

on jurisdictional grounds unique to AlterBank. And Mr. Ramirez, who has pleaded guilty to stealing money from another bank he used to own and who has not yet been sentenced, is not at all aligned with TV Azteca. Where the only other participants pursue their own, different objectives, the representation is inadequate. *In re Martinez*, 736 F. Supp. 3d at 1201 (factor easily met where no party is pursuing the same objectives as the movant). Indeed, TV Azteca must be present for Mr. Ramirez's deposition, if it is allowed to proceed, to appropriately cross-examine him on the bases and meaning of his testimony and to otherwise preserve TV Azteca's rights on the record.

TV Azteca is thus entitled to intervene as of right.

## II.     In the Alternative, the Court Should Grant Permissive Intervention Under Rule 24(b)

Even if intervention of right were unavailable, the Court should permit intervention under Rule 24(b). Fed. R. Civ. P. 24(b). A party seeking permissive intervention must show that its motion is timely and that its claim or defense shares a common question of law or fact with the main action. *In re Martinez*, 736 F. Supp. 3d at 1201. Permissive intervention "sets a lower bar than intervention under Rule 24(a)." *Id.* at 1202. The decision is committed to the Court's broad discretion, and "[a]ny doubt concerning the propriety of allowing the intervention should be resolved in favor of the proposed intervenors." *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 n.9 (11th Cir. 1999) (quoting *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993)).

TV Azteca's request is timely, and its defense to the discovery—whether the requested testimony is relevant and proportional to the needs of the foreign proceeding and is sought for a proper purpose—shares common questions of law and fact with the sole issue in this proceeding: whether and to what extent § 1782 discovery should be provided. Because a § 1782 proceeding "is not an actual lawsuit" and "[t]he only issue is whether discovery should be provided, and, if so,

11

the scope of the discovery," courts in this District regularly grant intervention to a party seeking to protect its interests in the scope of that discovery. *See*, *e.g.*, *In re Pinchuk,* No. 13-mc-22857, 2014 WL 12600728, at *6 n.3 (S.D. Fla. Jan. 27, 2014) (Goodman, Mag. J.). TV Azteca's request for intervention perfectly fits those purposes here.

**III.    Upon Intervention, the Court Should Limit the Ramirez Deposition to the Stated Purpose of the Application and Subpoena Topics, Quash the Ramirez Deposition Notice Because No Indicia Exists that the Witness has Relevant Knowledge, and Adjourn Any Deposition Until TV Azteca's Motion to Intervene Has Been Adjudicated**

### A.    <u>TV Azteca May Seek Protective Relief</u>

Rule 45 permits a court to quash or modify a subpoena that "subjects a person to undue burden" or requires "disclosure of privileged or other protected matter," and a motion to quash a subpoena issued under § 1782 is left to the discretion of the court.[2] Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv); *In re Martinez*, 736 F. Supp. 3d at 1198. Indeed, the Trustee even sought and obtained that relief *ex parte* on the express premise that a respondent "may later move under Federal Rule of Civil Procedure 45(c)(3) [sic] to quash any such discovery request." [D.E. 1 at 23]. But TV Azteca does not rest on Rule 45 alone. Independently, under Rule 26(c)(1), a party may move for a protective order that forbids inquiry or that limits the scope of discovery as to certain matters, and upon intervention, TV Azteca will be such a party. Fed. R. Civ. P. 26(c)(1). Parties typically have standing to move for a protective order if the subpoenas seek irrelevant information. *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 303 F.R.D. 673, 678 (S.D. Fla. 2014). Under Rule 26(c)(1), the Court may, for "good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including, but not limited to, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the

---

[2] It is well-established in the Eleventh Circuit that a court may deem or construe a motion to quash a subpoena as a motion for a protective order under Rule 26(c). *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005)

scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). Good cause "generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

As the intervenor and the party against whom the evidence potentially is to be used, TV Azteca is properly positioned to seek that relief here.

**B.      The Court Retains Full Discretion Under *Intel* and Rule 26 to Limit Discovery**

Beyond § 1782's statutory requirements, a court "must also apply the four discretionary factors established by the Supreme Court in *Intel*," including "whether the request is intrusive or burdensome." *In re Bio Energias Comercializadora de Energia Ltda.*, No. 19-cv-24497, 2020 WL 509987, at *2 (S.D. Fla. Jan. 31, 2020) (Bloom, J.) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The Eleventh Circuit has recognized that "unduly intrusive or burdensome requests may be rejected or trimmed." *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (quoting *Intel Corp.*, 542 U.S. at 265). The Court retains discretion to trim the discovery it ordered to be served, and TV Azteca's motion asks it to do exactly that.

**C.      No Deposition Should Proceed on August 10**

While TV Azteca's Motion to intervene is pending before the Court, it would be premature to hold the deposition prior to a ruling on the Motion. Part of the Motion is to quash the Ramirez Deposition Notice because the witness is not shown to have any relevant information based on the record presented. Conducting the deposition beforehand also would be problematic for another reason, as testimony from that deposition would be rendered inadmissible or otherwise unusable against TV Azteca without its participation and ability to cross-examine the witness. Having the deposition take place before intervention thus defeats the very point of the deposition. For that

13

reason, the Trustee's own genuine interests favor deferral of any deposition until resolution of the pending Motion.

It also bears noting that there is *no* reason that the Ramirez (or any other) deposition needs to proceed on an expedited basis, let alone on August 10, 2026, because the *concurso* process is only at the early stages. Once intervention is decided, the deposition should proceed, if it occurs at all, at the reasonable convenience of all the parties and the witness with a reasonable opportunity for TV Azteca to prepare.

### D.   Any Deposition That Proceeds Must Be Confined to the Application

#### (1)   Beyond the Stated Objective of the Application, the Examination Is Neither Relevant nor Proportional

Even if the deposition proceeds, it should be limited to the stated purpose of the Application: (1) the loan extended to TV Azteca; and (2) the relationship between AlterBank and TV Azteca. [D.E. 12]. As noted above, the Ramirez Deposition Notice does not contain any indication as to the breadth of the examination, and the Court has ample discretion under *Intel* and Rule 26(c) to impose that limit. *See supra* §§ III.A–B. Given the Trustee's expressed identification of topics in its moving application to justify § 1782 discovery, no permission has been granted to obtain discovery in this case beyond the stated objective in relation to the *concurso*.

Here, examination beyond those identified topics would be neither relevant nor proportional for the purposes of the *concurso*, particularly as to this witness. Mr. Ramirez has no connection to the Loan at the center of this proceeding. By the Trustee's own account, he resigned from AlterBank's board and transferred his ownership in December 2024, [D.E. 1 at 6], while the loan was negotiated, executed, and amended in early 2026—more than a year later. [*Id.* at 5]. The Trustee justified deposing him not because of any personal involvement in the loan, but only as one of AlterBank's "directors, senior officers, and a former owner" thought "likely to have

information" on the Application topics. *Id.* at 12–13. That rationale supplies little basis for inquiry beyond the topics set forth in the Application, which themselves presuppose involvement postdating his December 2024 departure from AlterBank. The loan was negotiated and executed in early 2026, and the *concurso* petition was filed on March 10, 2026—fifteen months after his departure. Thus, it is unclear how Mr. Ramirez's testimony could be relevant in the *concurso*.

A district court may deny or limit discovery where the information sought is irrelevant, *Kang v. Noro-Moseley Partners*, 246 F. App'x 662, 664 (11th Cir. 2007), and may enter protective orders narrowing such discovery. *See also In re Letter of Request for Judicial Assistance from Tribunal Civ. de Port-au-Prince, Republic of Haiti*, 669 F. Supp. 403, 408 (S.D. Fla. 1987) (court ordered modification of subpoena that was overbroad where movant sought records with no nexus to the foreign proceeding's subject matter); *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1307 (S.D. Fla. 2012) (denying motion to quash § 1782 subpoena but limiting scope of production). Because the Deposition Notice does not include any limitation as to its breadth, any deposition that takes place should be confined to the topics set forth in the Application.

For these reasons, good cause exists for a protective order limiting any deposition examination of Mr. Ramirez to the AlterBank-TV Azteca relationship, precluding inquiry beyond that point.

### (2) The Ramirez Deposition Notice Should be Quashed As The Record Refutes the Witness Having Relevant Information

Given the record presented, it appears clear that Mr. Ramirez has no connection to the Loan at the center of this proceeding. By the Trustee's own account, he resigned from AlterBank's board and transferred his ownership in December 2024, [D.E. 1 at 6], while the loan was negotiated, executed, and amended in early 2026—more than a year later. *Id.* at 5. The Trustee justified

deposing him not because of any personal involvement in the loan, but only as one of AlterBank's "directors, senior officers, and a former owner" thought "likely to have information" on the Application topics. *Id.* at 12–13. That rationale supplies little basis for inquiry beyond the topics set forth in the Application, which themselves presuppose involvement postdating his December 2024 departure from AlterBank. The loan was negotiated and executed in early 2026, and the *concurso* petition was filed on March 10, 2026—fifteen months after his departure. Thus, no basis exists to conclude that Mr. Ramirez's testimony could be relevant at all in the *concurso*. Accordingly, the Ramirez Deposition Notice should be quashed and the deposition should not be permitted to proceed.

### (3)     Beyond the Scope of the Subpoena, the Examination Would Be Improper

Examination beyond the Application's topics would be unduly intrusive and burdensome within the meaning of the fourth *Intel* factor as the Trustee only sought permission to serve the deposition Subpoena as to the topics enumerated therein. *See In re Bio Energias*, 2020 WL 509987, at *4 (rejecting attempt to obtain discovery to support suspicion of new claim that was not directly relevant to the claim asserted in the underlying arbitration proceeding). Should the Trustee wish to examine Mr. Ramirez on any subject beyond those identified in its Application, it should be required to seek and justify that expansion separately. Good cause therefore exists for a protective order confining any deposition of Mr. Ramirez to the Application's topics and precluding inquiry beyond them.

## IV.     TV Azteca Reserves Its Rights

TV Azteca seeks to intervene for the purposes stated above and does not waive, and expressly reserves, all rights, objections, and defenses. In particular, TV Azteca reserves all objections to any further discovery the Court may permit against AlterBank or the remaining

respondents, including while AlterBank's motion to vacate on jurisdictional grounds remains pending. By intervening for these purposes, TV Azteca does not concede the propriety of any discovery or of the Trustee's Application, waive any objection or defense in this or any other proceeding, or consent to any relief beyond that addressed in this Motion.

## V.      Request for Expedited Consideration

Because the Ramirez deposition is scheduled for August 10, 2026, *see* Ex. K, TV Azteca respectfully requests that the Court hear and decide this Motion on an expedited basis, and, to preserve the status quo, at least stay the deposition pending resolution of this Motion.

## CONCLUSION

For the foregoing reasons, TV Azteca respectfully requests that the Court (1) grant it leave to intervene in this proceeding so that it may fully participate in the discovery process, including without limitation, at any deposition of Mr. Ramirez if allowed to occur, including to examine the witness and otherwise protect TV Azteca's interests on the record; (2) order that if a deposition of Mr. Ramirez proceeds, it be confined to the topics enumerated in the Application—namely, the relationship between AlterBank and TV Azteca, including the loan—and preclude inquiry beyond those topics; (3) quash the Ramirez Deposition Notice because of the lack of any showing the witness possesses relevant knowledge to the stated topics; (4) adjourn the August 10, 2026 deposition until the Court has ruled on TV Azteca's motion to intervene and afford TV Azteca a reasonable period thereafter to prepare to participate; and (5) grant such other relief as the Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), S.D. Fla. L.R., undersigned counsel certifies that counsel for TV Azteca has conferred with all parties and non-parties who may be affected by the relief

sought in this motion in a good faith effort to resolve the issues raised in the motion but was unable to do so.

Dated: August 3, 2026


CONTINENTAL PLLC
245 Alcazar Avenue
Coral Gables, Florida 33134
Tel: (305) 579-0500


By: */s/ Jesus M. Suarez*
Jesus M. Suarez (FBN: 60086)
Email:  jsuarez@continentalpllc.com

GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200

Daniel Pulecio-Boek (N.Y. Bar No. 5228051)
Hal S. Shaftel (N.Y. Bar No. 2359552)
John C. Molluzzo Jr. (N.Y. Bar No. 4499778)
*Motions to Appear Pro Hac Vice*
*Forthcoming*
Email: pulecioboekd@gtlaw.com
Email: shaftels@gtlaw.com
Email: molluzzoj@gtlaw.com


*Co-Counsel for Non-Party TV Azteca, S.A.B. de C.V*

18