**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23885-MC-MARTINEZ**

IN RE: THE BANK OF NEW YORK
MELLON, SOLELY IN ITS CAPACITY
AS TRUSTEE FOR THE TV AZTECA,
S.A.B. DE C.V. 8.25% SENIOR NOTES
DUE 2024.

_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On June 3, 2026, the Court issued an Order

pursuant to 28 U.S.C. § 1782(a) granting The Bank of New York Mellon's, as Trustee for the TV

Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024 (the "Trustee") *Ex Parte* Application for

Discovery, [ECF No. 1], to serve subpoenas on the Respondents, Blas Santander and AlterBank,

Limited (collectively, the "Respondents"). [ECF No. 12]. On June 23, 2026, the Parties filed a Joint

Request to Set Briefing Schedule, [ECF No. 20], and on June 24, 2026, the Court entered an Order

granting the Parties' proposed schedule. [ECF No. 22]. Pursuant to the Court's June 24, 2026 Order,

Respondents had until July 14, 2026 to file "any motions to quash, modify, deny, for a protective

order, or to otherwise limit the Subpoenas, including any motions to deny the Section 1782 petition

and any motion pursuant to Federal Rule of Civil Procedure 26(c)[.]" (*Id.* ¶ 1). The Order further

provided that the Trustee had until August 4, 2026 to file its response to such motion(s). (*Id.* ¶ 2).

On July 14, 2026, Respondents filed their Motion to Vacate the Court's *Ex Parte* Order

Granting the Application for Discovery Pursuant to 28 U.S.C. § 1782 [ECF No. 12] and to Quash the

Subpoenas Directed to Them ("Motion to Vacate"), [ECF No. 25]. On July 28, the Trustee filed its

Opposed Motion for an Extension of Time to File its Opposition to AlterBank's Motion to Vacate

and to Quash ("Motion for Extension of Time"). [ECF No. 26]. The Motion for Extension of Time

argues that a brief extension is needed so that the Trustee may first depose AlterBank's former CEO

and director, Juan Ramirez, currently scheduled for August 10, 2026. (*Id.* 2). According to the Trustee, while "the purpose of the deposition is to aid the Trustee's efforts in the Mexican bankruptcy proceeding, the Trustee also believes Mr. Ramirez has information relevant to the issue of this Court's personal jurisdiction over AlterBank." (*Id.*) On July 29, 2026, the Court issued a Paperless Order Expediting Briefing, [ECF No. 27], requiring Respondents to file a response to the Trustees Motion for Extension of Time by August 3, 2026. (*Id.*)

As Ordered by the Court, Respondents filed their Response to the Trustee's Motion for Extension of Time on August 3, 2026.[1] [ECF No. 31]. The Response argues that section 1782 "is not a vehicle for an applicant to develop evidence for use in the [section] 1782 proceeding itself" and "by its own admission, the [] Trustee hopes to employ testimony from Respondent Ramirez's August 10, 2026 deposition to establish jurisdiction over Respondent AlterBank in the [section] 1782 action pending here in the Southern District of Florida[.]" (*Id.* 4). According to Respondents, the Trustee has failed to establish that this Court has jurisdiction over AlterBank, and has failed to properly serve AlterBank in this action. (*Id.* 4-5).

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Landis v. North Am. Water Works and Elec. Co.*, 299 U.S. 248, 254 (1936) (noting that federal courts have inherent authority to stay proceedings to conserve judicial resources and ensure that each matter is handled

---

[1]   Meanwhile, on July 31, 2026, Non-Party Timothy D. Richards filed a Motion to Quash, or Alternatively, for a Protective Order, as to the Subpoena Directed to Him, and Notice of Joinder in Respondents' Motion to Vacate [ECF No. 25] ("Motion to Quash"), [ECF No. 29]. And on August 3, 2026, Non-Party TV Azteca, S.A.B. DE C.V. filed an Expedited Motion to Intervene and, Upon Intervention, for a Protective Order Limiting any Deposition of Juan Ramirez, Quashing the Ramirez Deposition Notice, and Adjourning the Deposition until Resolution of this Motion, and Incorporated Memorandum of Law ("Expedited Motion"), [ECF No. 30].

efficiently). The broad authority to grant a stay extends to 28 U.S.C. § 1782 proceedings. *See In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307–08 (S.D. Fla. 2011) (collecting cases). Here, the Court finds that a limited stay is warranted to allow the Parties a full and fair opportunity to brief the issues presently before the Court.

Accordingly, it is **ORDERED** as follows:

1. All previously ordered discovery in this case is hereby **STAYED** pending resolution of the Motion to Vacate.

2. The Trustee **SHALL** file a response to the Motion to Vacate **by August 7, 2026**.

3. Respondents may file a reply in support of the Motion to Vacate **by August 11, 2026**.

**DONE AND ORDERED** in Miami, Florida, this ⁴ day of August 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

3