**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-mc-23885-MARTINEZ**

IN RE: THE BANK OF NEW YORK
MELLON, SOLELY IN ITS CAPACITY
AS TRUSTEE FOR THE TV AZTECA,
S.A.B. DE C.V. 8.25% SENIOR NOTES
DUE 2024.

_____/

**ALTERBANK'S AND BLAS SANTANDER'S REPLY IN SUPPORT OF THEIR MOTION
TO VACATE THE COURT'S *EX PARTE* ORDER GRANTING THE INDENTURE
TRUSTEE'S APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782,
AND TO QUASH THE SUBPOENAS DIRECTED TO THEM [ECF NO. 25]**

i

## INTRODUCTION

The Indenture Trustee's Response does not solve the threshold problem with its Application: AlterBank is not "found" in this District within the meaning of 28 U.S.C. § 1782. Instead, the Indenture Trustee impermissibly attempts to construct jurisdiction from speculative allegations and theories that were never alleged in its Application; and even if they had been alleged from the start, those allegations would not provide a cognizable basis for exercising personal jurisdiction over AlterBank.

The Indenture Trustee's remaining arguments fare no better. Service on a former director in Florida is not effective service on a foreign corporation, speculation about AlterBank's supposed Florida operations cannot substitute for jurisdictional facts, and the Indenture Trustee's heavy reliance on the Eleventh Circuit's decision in *Glock* only highlights the question of whether the Indenture Trustee is using § 1782 to obtain discovery for a domestic action in which discovery has been stayed. The Indenture Trustee seems to acknowledge that this is exactly what it intends.

The Order authorizing discovery from AlterBank and Blas Santander should be vacated and the subpoenas to them should be quashed.[1]

## I.     THE INDENTURE TRUSTEE FAILS TO SHOW THAT ALTERBANK IS FOUND IN THIS DISTRICT.

The Indenture Trustee has abandoned its claim that the Court has general jurisdiction over AlterBank and instead focuses on a previously-undisclosed theory of specific jurisdiction under

---

[1]     The Indenture Trustee argues that "*[n]one* of the Respondents . . . contest the Trustee's factual allegations. Nor do they deny that the purported loan is replete with badges of fraud." Resp. at 1. To be clear, Respondents have not addressed those allegations because a district court in § 1782 proceeding does not decide the merits of the foreign dispute. *See In re Request for Assistance from Ministry of Legal Affairs of Trinidad & Tobago*, 117 F.R.D. 177, 178 (S.D. Fla. 1987).

Florida's long-arm statute. Resp. at 12-20. Both as a matter of procedure and on the merits, the Indenture Trustee fails to meet its burden to show that AlterBank is "found" in the District.

### A.      The Indenture Trustee Has Not Served AlterBank.

The Indenture Trustee argues that service on AlterBank, through former Director Blas Santander, satisfies the service requirements of Rule 45. Resp. at 22.[2] In support, the Indenture Trustee claims that "service on employees or agents including counsel, satisfies Rule 45 when reasonably calculated to ensure the respondent's receipt." *Id*. But the attempted service on AlterBank through former Director Santander occurred when he was neither an "employee," "agent," or "counsel" to AlterBank. To the contrary, by the time the Indenture Trustee tried serving AlterBank through former Director Santander, at his home, he had resigned from the Board months before. ECF No. 25, Romero Decl. Ex. A, ¶ 12.

Even had Mr. Santander still been a director at the time he was served, none of the authorities cited by the Indenture Trustee on pages 22-23 of its Response supports its position that service on Mr. Santander was effective as to AlterBank. None concerned service of a § 1782 subpoena on a foreign corporation. Nearly all concerned motions for leave to serve non-party individuals by alternative means. *See BG Strategic Advisors, LLC v. FreightHub, Inc.*, No. 21-80299-CIV, 2023 U.S. Dist. LEXIS 3880, 2023 WL 114864 (S.D. Fla. Jan. 6, 2023); *Spanel v. AHL Assets LLC*, No. 23-CV-60247, 2023 U.S. Dist. LEXIS 251342, 2023 WL 12206751 (S.D. Fla. Apr. 12, 2023); *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla.

---

[2]      In a footnote, the Indenture Trustee clarifies that its jurisdictional argument relies entirely on its specific jurisdiction analysis, and that it is not really claiming "tag" jurisdiction over AlterBank by way of service on former Director Santander. Resp. at 23, fn. 15.

2019). Here, the Indenture Trustee never asked for leave to serve the subpoena on AlterBank by alternative means.

Other decisions cited by the Indenture Trustee are wholly inapt. The decision in *Bozo v. Bozo*, No. 12-cv-24174, 2013 U.S. Dist. LEXIS 198636, 2013 WL 12128680 (S.D. Fla. Aug. 16, 2013) addressed the sufficiency of service on individual non-party witnesses where it was undisputed that the subpoenas were delivered to their homes. 2013 U.S. Dist. LEXIS 198636, at *4-5. That has nothing to do with service on a foreign corporation through a former director.

The quote that the Indenture Trustee attributes to *TIC Park Centre 9, LLC v. Cabot*, 16-CV-24569, 2017 WL 11712069, at *4 (S.D. Fla. June 9, 2017) on page 22 of the Response is not found in that decision, but in another order in that case. *See TIC Park Centre 9, LLC*, 16-CV-24569 at ECF No. 84. There, the Court granted an unopposed motion seeking to deem service of subpoenas effective on three domestic non-parties. No such procedural circumstance exists here.

**B.      The Indenture Trustee Fails to Show That the Court Has Specific Jurisdiction Over AlterBank.**

The Indenture Trustee acknowledges that it "bears the burden of alleging enough facts, viewed in a light most favorable to it, to make a *prima facie* case of jurisdiction" over AlterBank. Resp. at 12 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013)). *See also Volkswagen Aktiengesellschaft v. Jones*, 227 So. 3d 150, 154 (Fla. 2d DCA 2017) (noting that "a plaintiff must allege in the complaint a basis for personal jurisdiction under the long-arm statute."). The Indenture Trustee further acknowledges that AlterBank may shift the burden back to the Indenture Trustee by coming forward "with specific evidence refuting jurisdiction[.]" *Id*. *See also Escutia v. Carnival Corp.*, No. 23-cv-24230, 2024 U.S. Dist. LEXIS 45387, at *51-52 (S.D. Fla. March 13, 2024) (noting that a defendant may refute the allegations with affidavits or other competent evidence, in which case the burden shifts back to the plaintiff).

3

This initial pleading burden applies with equal force in a § 1782 proceeding—i.e., an applicant "bear[s] the burden of establishing the statutory prerequisites, including jurisdiction, on the record[.]" *In re W. Afr. Mineral Trading Ltd.*, No. 1:24-mc-00114, 2024 U.S. Dist. LEXIS 148802, at \*9 (S.D.N.Y. Aug. 19, 2024). *Critically*, a section 1782 applicant *must* satisfy this burden "as of the time that the section 1782 application is filed." *In re Lucille Holdings Pte. Ltd.*, No. 1:21-mc-99 (GMH), 2022 U.S. Dist. LEXIS 81320, at \*27 (D.D.C. May 5, 2022).

It is thus well-established in this Circuit that a plaintiff may not use a response brief to raise new jurisdictional allegations. *See Lorente-Garcia v. Giraldo-Navarro*, 759 F. Supp. 3d 1301, 1308 (S.D. Fla. 2024). In *Lorente-Garcia*, the plaintiff "insert[ed] additional facts into his Response" to a motion to dismiss based on lack of personal jurisdiction. *Id.* at 1308. But "[b]ecause [those] facts [were] not alleged in the Second Amended Complaint . . . the Court [could not] consider them in evaluating whether Plaintiff [had] met his burden to establish a prima facie case of personal jurisdiction." *Id.* (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

Here, the Indenture Trustee impermissibly raises legal theories and factual assertions that it never mentioned in the Application. Specifically, the Indenture Trustee argues, for the first time, that the Court has specific jurisdiction over AlterBank pursuant to Florida's long-arm statute because AlterBank committed a "tortious act in this state" and because AlterBank "operated a business venture in this state." Resp. at 13-15 (citing § 48.193(1)(a)1 and 2, FLA. STAT.).[3]

Even if the Court could consider these new allegations, they fail to identify a basis for specific jurisdiction over AlterBank. To begin, the Indenture Trustee points to alleged conduct that

---

[3] AlterBank takes issue with authorities applying a specific jurisdiction test to § 1782 because it disregards the plain meaning of "found". *See In re Eli Lilly & Co.*, 37 F.4th 160, 164-65 (4th Cir. 2022) (holding that under § 1782 "a corporation is found where it is physically present by its officers and agents carrying on the corporation's business").

it clearly regards as unscrupulous, but makes no effort to identify what "tortious act" AlterBank committed in Florida or what cause of action *arose* from such an act. § 48.193(1)(a), FLA. STAT. The only substantive claim mentioned in the Application is for a potential fraudulent transfer in Mexico. App. [ECF No. 1] at 1, 5-8. But "a fraudulent conveyance claim has been held not to be a tort for purposes of establishing jurisdiction under" section 48.193. *Brown v. Nova Info. Sys.*, 903 So. 2d 968, 969 (Fla. 5th DCA 2005) (citing *Beta Real Corp. v. Graham*, 839 So. 2d 890 (Fla. 3d DCA 2003)). *See also Freeman v. First Union Nat'l Bank*, 865 So. 2d 1272 (Fla. 2004).

Even if a fraudulent transfer could be regarded as a "tortious act" under the long-arm statute, the Application contains no mention of a "tort" or "tortious conduct" on the part of AlterBank. And, of course, the Application fails to mention the long-arm statute itself, let alone which prong of the statute should apply to AlterBank. Because those allegations were omitted from the Application, the Court should not consider them. *See Lorente-Garcia*, 759 F. Supp. 3d at 1308.

With respect to specific jurisdiction, the Application makes nothing more than a broad, conclusory allegation that the Indenture Trustee's "potential claims concerning the AlterBank loan—and Respondents' possession of relevant evidence in this District—arise out of Respondents conducting AlterBank's business in this District." App. [ECF No. 1] at 16. But the Application contains no allegation that the subject loan was negotiated, drafted, approved, or executed in Florida. To the extent that the Indenture Trustee's single, conclusory allegation might have sufficed to meet its initial burden under the long-arm statute (it did not), AlterBank effectively rebutted that allegation with competent evidence that the loan agreement was drafted by counsel in Panama and Mexico and that it was executed from those countries, not Florida. Romero Decl. [ECF No. 25-1] at ¶9.

5

The Indenture Trustee's new evidence throws out a handful of dots but fails to connect them to the subject loan. For example, the Indenture Trustee admits that the co-working space in Miami was allegedly rented "until at least October 2024." Resp. at 14. That cannot possibly have any connection to a loan that was extended in January 2026, and in any event it remains undisputed that AlterBank was never registered to do business in Florida.

Similarly, AlterBank's *aspirational* marketing presentation from 2024 (Resp. Ex. 1, p.106) might well have identified Florida as a *target* market for its products. But the Indenture Trustee draws no connection between those *aspirations* and the actual creation or extension of a loan from AlterBank (in St. Lucia) to TV Azteca (in Mexico) more than a year after those materials were created.

The Indenture Trustee also says that "AlterBank's articles of association required those directors to approve the loan" (Resp. at 3), but in support, by way of a footnote, cites a provision related to corporate *cash management*. ("[a]ll checks, promissory note, draft, bills of exchange and other negotiable instruments and all receipts for money paid to the Company . . . shall be signed, drawn, accepted, endorsed . . .").

The Affidavit of Renee Tamara St. Rose KC offers nothing more than speculation on this point. She merely concludes that "any board resolution or written consent authorising the loan [] *could* lawfully have been considered and adopted with the participation of directors [] in South Florida[.]" [ECF No. 35-2, ¶17] (emphasis added). That level of speculation falls well short of evidence that AlterBank committed a tortious act in Florida, much less operated a business venture here.

II.     **THE INDENTURE TRUSTEE EFFECTIVELY CONCEDES THAT THIS ACTION VIOLATES THE THIRD *INTEL* FACTOR.**

The Indenture Trustee admits that the requested discovery is relevant to its putative amended complaint in New York but argues that the third *Intel* factor does not bar it from seeking discovery in this proceeding because it is not "actively seeking to circumvent" the stay of discovery in the SDNY. Resp. at 7-8 (citing *In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1305 (S.D. Fla. 2012)). The record, here and in New York, says otherwise.

First, the Indenture Trustee has played fast and loose with its characterization of the state of proceedings in New York. In its Application, the Indenture Trustee informed this Court that the District Court in New York had "stayed discovery" and granted the Indenture Trustee leave to move for summary judgment. App. [ECF No. 1] at 3; Ellis Decl. [ECF No. 3] at ¶11. But the Indenture Trustee failed to state that it sought and obtained the SDNY stay on its own motion. SDNY ECF No. 224. The Indenture Trustee's argument here that "no discovery has been denied" in that case (Resp. at 10) is, therefore, rather beside the point.[4]

In its letter motion for a stay of discovery in New York, the Indenture Trustee argued that the defendants in that case had "served 23 requests for production[], six interrogatories, two letters rogatory, and more than 100 third-party subpoenas," then filed "three motions to compel." *Id*. at 2. The Indenture Trustee further complained that the SDNY defendants had "signaled that they intend to take even more expansive discovery, including international discovery in Mexico [], . . . multiple depositions, and expert discovery." *Id*. The Indenture Trustee characterized this multiplicity of demands for discovery as an "extreme burden." *Id*.

---

[4]     The Application also states that "the protective order in the New York action does not currently permit material it may obtain in that case for use in the concurso." App. [ECF No. 1] at 21. Left unsaid is that the protective order was entered at the urging of the parties to that case and could readily be amended. Ellis Decl. [ECF No. 3] at ¶12 and Ex. 11 thereto.

Clearly, the Indenture Trustee prefers not to reopen discovery in New York, as it would be a Pandora's box of litigation. This § 1782 action neatly allows the Indenture Trustee to avoid opening that Pandora's box while gathering evidence to support its pending amended complaint in New York. *Compare*, Resp. at 10, fn. 10 ("the claims in the Trustee's proposed amended complaint ***would*** require minimal discovery, such as TV Azteca's financial statements") (emphasis in original) *with* the Indenture Trustee's § 1782 Subpoena to AlterBank and former Director Santander, [ECF No. 25, Ex. B at 9, 20] (requesting Respondents produce "Documents and Communications relating to TV Azteca's financial condition"). The Indenture Trustee's gripe that it is running out of time is therefore a direct consequence of its own decisions and should not be regarded as a problem for this Court.

The Indenture Trustee's characterization of the Eleventh Circuit's decision in *Glock v. Glock, Inc.*, 797 F.3d 1002 (11th Cir. 2015) only digs the hole deeper. As acknowledged by the Indenture Trustee, the Eleventh Circuit expressly distinguished between the subsequent use of lawfully obtained § 1782 discovery and a request that "conceals an attempt to circumvent" restrictions imposed by a United States court. *Id.* at 1009 (quoting *Intel*, 542 U.S. at 265).

But that distinction hurts the Indenture Trustee rather than helps it. This is not a case in which evidence obtained for a foreign proceeding *just happened to* become useful in a subsequent domestic lawsuit. Rather, the Indenture Trustee invokes *Glock* here while pursuing discovery under § 1782 that directly relates to its amended complaint in New York, where it sought and obtained a stay of discovery. The Indenture Trustee's insistence that *Glock* preserves its ability to use the requested discovery in New York thus reinforces, rather than dispels, the concern that § 1782 is being used to circumvent the stay in that action.

8

Finally, the Indenture Trustee overstates the significance of the July 15 hearing before Magistrate Judge Moses in the Southern District of New York. *See* Ellis Decl. [ECF No. 35-1] at Ex. 16. Judge Moses did not determine that the Indenture Trustee's use of § 1782 was proper; to the contrary, she expressly recognized that the Southern District of Florida must decide that question, explaining that whether the requested discovery was properly sought under § 1782 was "something for a § 1782 judge to think about and make a decision about, not mine." *Id*. at 18:4–11. She likewise emphasized that she was not deciding "for the Southern District of Florida what discovery can take place against whom." *Id*. at 18:12–19.

Judge Moses also recognized the potential relevance of the discovery to the New York litigation, stating that if the Indenture Trustee is permitted to amend, the Florida discovery would be, "in my view, directly relevant to the new claims in the Southern District of New York." *Id*. at 18:20–19:3. Judge Moses declined to prospectively preclude the use of evidence not yet obtained through this § 1782 action, yet reserved the New York court's authority to exclude it if the manner or timing by which it was obtained proved "inherently unfair or unequal." *Id*. at 19:4–16. Thus, the Indenture Trustee cannot transform Judge Moses's refusal to interfere with this Court's § 1782 determination into an endorsement of an Application that she expressly left this Court to evaluate.

III.   **THE INDENTURE TRUSTEE HAS NOT SHOWN A BASIS FOR BEING GRANTED LEAVE TO TAKE JURISDICTIONAL DISCOVERY.**

"The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction. It is *not* a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction." *JMA, Inc. v. Biotronik SE & Co. KG*, No. 12-cv-23466, 2013 WL 1402322, 2013 U.S. Dist. LEXIS 49854, at *17 (S.D. Fla. April 4, 2013) (citation omitted) (cleaned up).

The Indenture Trustee's requests themselves prove that a fishing expedition is all this is. It seeks, for example, "[d]ocuments and communications sufficient to show AlterBank's employees, officers, and directors who resided in Florida between January 1, 2026 and June 2, 2026, and their roles and responsibilities." Resp. at 21. But that information is what Courts require an applicant to allege—accurately—before a § 1782 petition can be granted in the first place. *In re Lucille Holdings Pte. Ltd.*, 2022 U.S. Dist. LEXIS 81320, at *27. The Indenture Trustee cannot belatedly seek this information when the unequivocal evidence submitted by AlterBank is that it is a foreign company with its principal place of business in St. Lucia. *See generally* Romero Decl. ECF No. 25, Ex. A.

Jurisdictional discovery "is not an unconditional right[.]" *Phx. Corp. Recovery Servs., LLC v. Astrachan (In re Beaulieu Grp., LLC)*, Nos. 17-41677-BEM, 18-4027-BEM, 2021 Bankr. LEXIS 2662, at *25-26 (Bankr. N.D. Ga. Sep. 29, 2021) (quoting *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009)). Courts routinely refuse to let an applicant "make conclusory non-fact-specific jurisdictional allegations against foreign defendants and thus obtain extensive discovery on that issue." *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 290 (S.D.N.Y. 2015) (internal citations omitted); *see also Long Side Ventures, LLC v. Hempacco Co.*, No. 22-CV-8152, 2023 U.S. Dist. LEXIS 175750 (S.D.N.Y. Sept. 29, 2023) ("if the plaintiff [] fail[s] to establish a prima facie case for personal jurisdiction, jurisdictional discovery is generally not granted.") (internal citations omitted).

As discussed *supra* in Part I.B, the Indenture Trustee failed to make a *prima facie* case for personal jurisdiction over AlterBank in its Application and may not now invoke new theories and allegations. Also, for the reasons discussed in Part I.B, even on their own terms the Indenture Trustee's *post hoc* theories of personal jurisdiction over AlterBank would be unavailing.

## **CONCLUSION**

AlterBank's and former Director Blas Santander's Motion to Vacate the Court's *Ex Parte*

Order Granting the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, and to Quash

the Subpoenas Directed to Them [ECF No. 25], should be granted.

Dated: August 11, 2026

**DIAZ REUS & TARG, LLP**
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220

By: */s/ Evan J. Stroman*
Michael Diaz, Jr. (Florida Bar No. 606774)
Attorney E-mail Address: mdiaz@diazreus.com
Brant C. Hadaway, B.C.S. (Florida Bar No. 494690)
Attorney E-mail Address: bhadaway@diazreus.com
Evan J. Stroman, Esq., CPA (Florida Bar No. 118929)
Attorney E-mail Address: estroman@diazreus.com
Julianne Bagley (Florida Bar No. 1059310)
Attorney E-mail Address: jbagley@diazreus.com

*Counsel for Respondents AlterBank Limited and*
*Blas Santander*

11