**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

*In re:* Application of

THE BANK OF NEW YORK MELLON, IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024,

to Conduct Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782.

Case No. 1:26-mc-23885-JEM

**NON-PARTY TV AZTECA, S.A.B. DE C.V.'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION TO INTERVENE**

Non-Party TV Azteca, S.A.B. de C.V. ("TV Azteca"), on an unopposed basis and pursuant to Local Rule 7.1, respectfully moves for a brief extension of time to file its reply in support of its Expedited Motion to Intervene and, Upon Intervention, for a Protective Order Limiting Any Deposition of Juan Ramirez, Quashing the Ramirez Deposition Notice, and Adjourning the Deposition Until Resolution of This Motion [D.E. 30] ("Motion to Intervene and Quash"). In support, TV Azteca's states as follows:

## BACKGROUND

*The Order Granting Application*

1. In June 2026, Bank of New York Mellon, as Trustee ("Trustee") obtained an *ex parte* order under 28 U.S.C. § 1782 that permitted its service of subpoenas on AlterBank Ltd. ("AlterBank") and six of its current and former directors and officers, including Blas Santander and Juan Ramirez. *See* [D.E. 12] ("Order Granting Application").

2. Pursuant to an agreement between AlterBank, Mr. Santander, and Trustee, the Court extended the deadline for AlterBank and Mr. Santander to comply with Trustee's subpoenas and challenge Trustee's application. *See* [D.E. 22].

*The Motion to Vacate*

3. In July, AlterBank and Mr. Santander moved to vacate the Order Granting Application and to quash the subpoenas Trustee had issued to them. *See* [D.E. 25] ("Motion to Vacate").

4. Two weeks later, Trustee moved for an extension of time to respond to the Motion to Vacate, *see* [D.E. 26], which AlterBank and Mr. Santander opposed. *See* [D.E. 31].

5. On August 4, the Court stayed all previously ordered discovery pending its resolution of the Motion to Vacate. *See* [D.E. 32].

6. The Trustee filed its response in opposition to the Motion to Vacate on August 7, and AlterBank and Mr. Santander replied on August 11. *See* [D.E. 35, 36].

*The Motion to Intervene and Quash*

7. On August 3, TV Azteca moved (on an expedited basis) to intervene in this action, for a protective order limiting Mr. Ramirez's deposition, to quash Trustee's notice of same, and to adjourn the deposition until the Court rules on TV Azteca's Motion to Intervene and Quash. *See* [D.E. 30].

8. Trustee filed its response in opposition to the Motion to Intervene and Quash on August 17, rendering TV Azteca's reply due August 24. *See* [D.E. 38].

9. On August 18, counsel for TV Azteca advised that TV Azteca's lead and local counsel were traveling internationally the week of the deadline and, for that reason, required additional time to file its reply. Trustee initially opposed the requested relief but, after additional conferrals, ultimately agreed to a three-day extension, through August 27.[1]

---

[1] Trustee's counsel informed TV Azteca that its position is as follows: "Although the Trustee maintains its position that any further delay in obtaining discovery in this proceeding could prejudice its ability to bring and support its claims in the *concurso*, the Trustee does not oppose an extension until Thursday, August 27 as a professional courtesy to counsel."

## ARGUMENT

10. "District courts have 'unquestionable' authority to control their own dockets" and "broad discretion in deciding how best to manage the cases before them,'" including by granting motions to extend time. *Smith v. Psychiatric Sols., Inc.,* 750 F.3d 1253, 1262 (11th Cir. 2014) (quoting *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971);[2] *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997)).

11. Good cause supports TV Azteca's request for an extension of time. TV Azteca's lead counsel, Daniel Pulecio-Boek, and its local counsel, Jesus M. Suarez, are both traveling internationally for other pending matters and only intermittently available. *See, e.g.*, *Orr v. Trattoria Romana, Inc.*, No. 22-cv-80702-DMM, 2022 LX 17493, at *7–8 (S.D. Fla. Oct. 31, 2022) ("Plaintiff moved to extend this time frame due to scheduling conflicts of Plaintiff's counsel, including international travel. . . . I find that Plaintiff has been sufficiently diligent, and has demonstrated good cause given his scheduling conflicts, which were promptly communicated to opposing counsel. . . . I will therefore grant the requested extension of time.").

12. In addition, this request is timely, given that this motion is being filed before TV Azteca's reply in support of the Motion to Intervene and Quash is due. *See* Fed. R. Civ. P. 6(b)(1)(A) ("[T]he court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires").

13. Additionally, the requested extension is brief—only three days long—and, therefore, will not unduly delay this case or prejudice any of the parties of record. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) ("A timely motion to

---

[2] "The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981." *Smith*, 750 F.3d at 1262 n.4 (citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)).

extend . . . should be liberally granted absent a showing of bad faith . . . or undue prejudice.") (internal quotation and citation committed).

For the foregoing reasons and good cause shown, the Court should grant TV Azteca's request for an extension of time through and including August 27, 2026, to file its reply in support of its Motion to Intervene and Quash, and issue TV Azteca any further relief the Court deems just and proper.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), S.D. Fla. L.R., undersigned counsel certifies that counsel for TV Azteca has conferred with all parties and non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised, and that no parties or affected non-parties oppose the relief TV Azteca requests.

Dated: August 20, 2026

Respectfully submitted:

CONTINENTAL PLLC
245 Alcazar Avenue
Coral Gables, Florida 33134
Tel. (305) 677-2707

By: /s/ Jesus M. Suarez
Jesus M. Suarez (FBN: 60086)
Email: jsuarez@continentalpllc.com
service@continentalpllc.com

GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
Tel. (212) 801-9200

Daniel Pulecio-Boek (N.Y. Bar No. 5228051)
Hal S. Shaftel (N.Y. Bar No. 2359552)
John C. Molluzzo Jr. (N.Y. Bar No. 4499778)
*Motions to Appear Pro Hac Vice Forthcoming*
Email: pulecioboekd@gtlaw.com
shaftels@gtlaw.com
molluzzoj@gtlaw.com

*Co-Counsel for Non-Party TV Azteca, S.A.B. de C.V.*