**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23885-MC-MARTINEZ**

IN RE: THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. DE C.V. 8.25% SENIOR NOTES DUE 2024.
_______________________________________/

**OMNIBUS ORDER**

**THIS CAUSE** came before the Court on Respondents AlterBank and Blas Santander's Motion to Vacate the Court's *Ex Parte* Order Granting the Application for Discovery Pursuant to 28 U.S.C. § 1782…and to Quash the Subpoenas Directed to Them, [ECF No. 25] ("Motion to Vacate"), Non-Party Timothy D. Richards' Motion to Quash…and Notice of Joinder in Respondents' Motion to Vacate, [ECF No. 29] ("Motion to Quash"), (together, the "Motions to Vacate and Quash"),[1] and Non-Party TV Azteca S.A.B. de C.V.'s ("TV Azteca") Expedited Motion to Intervene…[ECF No. 30] ("Motion to Intervene"). The Court has considered the Motions to Vacate and Quash, the Motion to Intervene, The Bank of New York Mellon's, as Trustee for the TV Azteca 8.25% Senior Notes Due 2024 (the "Trustee") Responses in opposition, [ECF Nos. 35, 37, 38], the Respondents' and TV Azteca's Replies, [ECF Nos. 36, 41, 42], the record, and applicable law. For the reasons explained below, the Motions to Vacate and Quash are **DENIED** and the Motion to Intervene is **GRANTED in part**.

## I. BACKGROUND

On June 3, 2026, the Court issued an Order pursuant to 28 U.S.C. § 1782(a) granting the Trustee's *Ex Parte* Application for Discovery ("Application") to be used in Mexican insolvency

---

[1] The Court refers to Respondents AlterBank, Blas Santander, and Timothy D. Richards collectively as "Respondents."

proceedings in Mexico called Concurso Mercantile (the "Concurso Proceedings"), [ECF No. 1], to serve subpoenas on the Respondents. [ECF No. 12]. On June 23, 2026, the Parties filed a Joint Request to Set Briefing Schedule, [ECF No. 20], and on June 24, 2026, the Court entered an Order granting the Parties' proposed schedule. [ECF No. 22]. On July 14, 2026, in accordance with the briefing schedule, Respondents AlterBank and Blas Santander moved to vacate the Court's June 3, 2026 Order and quash the subpoenas directed to them, arguing AlterBank was not properly served, the Court lacks jurisdiction over AlterBank, and the Trustee is using this proceeding to circumvent a stay of discovery in a related case currently pending in the Southern District of New York, (*see Bank of N.Y. Mellon v. TV Azteca, S.A.B. de C.V. et al.*, No. 1:22-cv-8164-PGG-BM (S.D.N.Y. Sept. 23, 2022) ("SDNY Case")). (*See generally* Motion to Vacate). Non-Party Timothy D. Richards then joined in the Motion to Vacate, arguing he was not properly served, and the subpoena places an undue burden on him, and should be quashed. (*See generally* Motion to Quash). On August 3, 2026, Non-Party TV Azteca filed its Motion to Intervene, arguing it is entitled to intervention as a matter of right and upon intervention, the Court should limit or quash the deposition of Juan Ramirez. (*See generally* Motion to Intervene).

## II. LEGAL STANDARD

### A. Section 1782

Title 28 U.S.C. § 1782 seeks "to provide federal-court assistance in gathering evidence [and other tangible evidence] for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); 28 U.S.C. § 1782 (2019). Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal[.]" 28 U.S.C. § 1782. The Eleventh Circuit has defined the statutory requirements of Section 1782 as follows:

> (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of a 'document or other thing'; (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal'; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198−99 (11th Cir. 2016) (quoting *In re Clerici*, 481 F.3d 1324, 1331−32 (11th Cir. 2007)). A district court is "authorized—but not required—to provide judicial assistance to the applicant." *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 21-13587, 2025 WL 764608, at *7 (11th Cir. Mar. 11, 2025) (citations omitted).

Once the § 1782 statutory factors are met, district courts use the following "guideposts" to decide how to exercise their discretion in Section 1782 applications:

> [(1)] whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for ... aid generally is not as apparent as it ordinarily is when evidence is sought from a non-participant; [(2)] the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign ... court ... to U.S. federal-court judicial assistance; [(3)] whether the ... request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and [(4)] whether the request is otherwise unduly intrusive or burdensome.

*In re Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264−65). "[U]nduly intrusive or burdensome requests may be rejected or trimmed." *Id.*

The first *Intel* factor examines "whether 'the person from whom discovery is sought is a participant in a foreign proceeding.'" *In re Clerici*, 481 F.3d at 1334 (quoting *Intel*, 542 U.S. at 264). "[T]he Supreme Court explained that Section 1782 discovery is more likely to be justified when the person from whom the discovery is sought is not a participant in the prospective foreign proceeding." *In re Jagodzinski*, No. 18-20606-MC, 2019 WL 1112389, at *5 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted*, No. 18-20606-MC WILLIAMS/TORRES, 2019 WL 2255564 (S.D. Fla. Apr. 8, 2019) (citing *Intel*, 542 U.S. at 264). Indeed, according to the Supreme Court, "nonparticipants

in the foreign proceeding may be outside the foreign tribunal's reach . . . [and] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

The second *Intel* factor examines whether the foreign tribunal is willing to consider the information sought. *Jagodzinski*, 2019 WL 1112389, at *6. Another nation's limit on discovery "within its domain for reasons peculiar to its own legal practices, culture, or traditions ... do[es] not necessarily signal objection to aid from United States federal courts." *Intel*, 542 U.S. at 261. Ultimately, the party requesting discovery does not have to meet a threshold requirement that evidence sought would be discoverable under the law governing the foreign proceeding. *See In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1304 n.3 (S.D. Fla. July 13, 2012).

The third *Intel* factor examines whether the Applicant's section 1782 request "attempt[s] to circumvent foreign proof-gathering restrictions or policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. While the court does not require an applicant to conclusively establish that they have exhausted all discovery attempts abroad, "a perception that an applicant has 'side-stepped' less-than favorable discovery rules by resorting immediately to § 1782 can be a factor in [the] court's analysis." *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC 80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) (internal quotations omitted). Nevertheless, the Eleventh Circuit has held that, "even when requested documents may be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery." *In re Application of Bracha Found.*, 663 F. App'x 755, 765 (11th Cir. 2016).

The fourth and final *Intel* factor considers whether the Application contains "unduly intrusive or burdensome requests." *Intel*, 542 U.S. at 265. Requests must be narrowly tailored, so that the items sought are limited to issues relevant in the foreign proceeding. *See In re Bernal*, No. 18-21951-MC-WILLIAMS/TORRES, 2018 WL 6620085, at *26–27 (S.D. Fla. Dec. 18, 2018) (holding that

subpoenas with the words “relating to” or “regarding” with no specificity of the nature to the communication sought can render a discovery request facially overbroad and burdensome). “[U]nduly intrusive or burdensome requests may be rejected or trimmed.” *Intel*, 542 U.S. at 265.

B. Rule 24

A non-party may seek to intervene in litigation as a matter of right under Federal Rule of Civil Procedure 24(a), or alternatively, for permissive intervention under Rule 24(b). A party seeking to intervene as a matter of right must establish: “(1) the application to intervene is timely; (2) the party has an interest in the subject matter of the suit; (3) the party is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest, and (4) the party’s interest is represented inadequately by the existing parties to the suit.” *Angel Flight of Geogia, Inc. v. Angel Flight America, Inc.*, 272 F. App’x. 817, 819 (11th Cir. 2008). Under Rule 24(b), permissive intervention is appropriate on timely motion, where the putative intervenor has a claim or defense that shares with the main action a common question of law or fact, and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. *Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984).

## III. ANALYSIS

Respondents argue that the Court should vacate its June 3, 2026 Order granting the Application because AlterBank and Timothy D. Richards were not properly served, the Court lacks jurisdiction over AlterBank, and the Trustee is using this proceeding to circumvent a stay of discovery in the SDNY Case. (*See generally* Mot. to Vacate. *See also* Motion to Quash). The Respondents further argue that the subpoenas are overbroad and unduly burdensome and should be quashed. (*See id.*). TV Azteca argues it is entitled to intervention as a matter of right and upon intervention, the Court should limit or quash the deposition of Juan Ramirez. (*See generally* Motion to Intervene).

A. Jurisdiction

In the Motion to Vacate, Respondents argue that the Court should vacate its June 3, 2026 Order granting the Application because the Respondent AlterBank is not "found" in this district therefore the Trustee fails to satisfy the requisite statutory factors. (*See generally* Mot. to Vacate). Respondents further argue that the discretionary factors weigh against granting the Application. (*See id.*; Mot. to Quash). The Court addresses each below.

*1. Statutory Factors*

The Court must ensure that the applicant in a section 1782 proceeding has satisfied all four prima facie elements of the statute, namely: (1) the request is made by a foreign or international tribunal or by any interested person; (2) the request seeks evidence; (3) for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought resides or is found in the district of the district court ruling on the application for assistance. *See In re Clerici*, 481 F.3d at 1331-32. The only section 1782 statutory requirement that is in dispute between the parties is whether Respondent AlterBank is "found" in this district. (*See* Mot. to Vacate 9) (Respondent Blas Santander "does not dispute that he lives in this District."). Thus, the Court will focus its inquiry solely on this issue.

In the Application, the Trustee argued that AlterBank was "found" in this district because its effective principal place of business is Florida—most of AlterBank's directors live in this District, this District has the highest number of AlterBank employees, and AlterBank does business in this District through its officers, employees, and directors—; AlterBank's St. Lucia address is largely unoccupied; the Trustee's claims arise out of Respondents conducting AlterBank's business and committing a tortious act in this district. (*See* [ECF No. 1] 15-16). In the present Motion to Vacate, however, AlterBank argues that it is incorporated in and has its principal place of business in St.

Lucia, and the Trustee fails to show that its claims arise out of Respondents' alleged contacts in this district. (*See* Mot. to Vacate 17-19).

The Eleventh Circuit Court of Appeals has yet to comment on the definition of an entity being "found" in this district for the purposes of section 1782. Courts in this district, however, have "look[ed] at the respondent's contacts with the forum" and whether "the discovery material sought proximately resulted from the respondent's forum contacts." *In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, No. 20-25212-MC, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021) (internal quotation marks and citation omitted); *Terra Inv., LLC*, No. 21-CV-23332, 2023 WL 21014, at *5 (S.D. Fla. Jan. 3, 2023). A section 1782 applicant is required to "provide additional specificity concerning the discovery it seeks to allow a court to evaluate whether the discovery requested is connected to the forum." *Id.* (internal quotation marks and citation omitted).

Here, the Trustee has supplied sufficient evidence to the Court that AlterBank has significant contacts with this District, including the fact that most of AlterBank's directors live in this District, (*see* Exhibit 9 [ECF No. 3] 457-68), AlterBank's managing director resides in Miami, (*see* Exhibit 18 [ECF No. 3] 570-73; Mot. to Vacate 9), AlterBank's St. Lucia office is largely unoccupied, (*see* Decl. Justin M. Ellis [ECF No. 3] ¶ 27; Exhibit 24 [ECF No. 3] 588-89), and the alleged tortious act, fraudulent transfer, was committed by AlterBank's employees in this District. (*See* Exhibit 1 [ECF No. 35-1] ¶ 63; Exhibit 9 [ECF No. 3] 457-68). Therefore, the Trustee has shown that AlterBank conducts significant business in this District, *see Tavakoli v. Doronin*, No. 18-21592-CIV, 2019 WL 1242669, at *7 (S.D. Fla. Mar. 18, 2019), and the Court finds that AlterBank was "found" in Florida within the meaning of section 1782. Given that AlterBank challenges no other section 1782 requirement, the Court finds that the Trustee has satisfied all other statutory requirements. *See In re Kurbatova*, No. 18-MC-81554, 2019 WL 2180704, at *2 (S.D. Fla. May 20, 2019).

*2. Discretionary Factors*

Respondents argue that the "discretionary factors…weigh against allowing the discovery sought." (*See* Mot. to Vacate 15. *See also* Motion to Quash 18). According to Respondents, "the Court should vacate its *ex parte* Order granting the Application and quash the subpoenas directed to [Respondents] because the [] Trustee is using this proceeding to seek discovery in an end-run on the stay of discovery in the SDNY." (Mot. to Vacate 14). The Trustee avers that this argument fails because it misstates the law and facts, and the SDNY Case already rejected the argument. (*See* Resp. [ECF No. 35] 7-11). Section 1782 does not preclude "later use" of evidence "properly obtained under §1782" in other proceedings. *Glock v. Glock, Inc.*, 797 F.3d 1002, 1006-07 (11th Cir. 2015). According to Respondents, the "Trustee wants to use this § 1782 proceeding to obtain discovery on its SDNY claims, a proceeding where discovery has been stayed." (Mot. to Intervene 22). The Court finds a review of the SDNY Case docket helpful in addressing this argument.

On June 8, 2026, TV Azteca notified the Southern District of New York of the present section 1782 proceeding. (*See* SDNY Case June 8, 2026 Letter [ECF No. 249]). The June 8, 2026 Letter explains that the Trustee moved for a stay of all discovery in the SDNY Case, yet filed the present section 1782 proceeding in the Southern District of Florida "for use" in the Concurso Proceeding, noting that the discovery it seeks "could be later relevant to U.S. proceedings." (*Id.*) The Southern District of New York held a hearing on the matter and refused to issue an advanced preclusion order preventing the Trustee from seeking discovery in the present section 1782 proceeding. (*See* SDNY Case [ECF No. 296] 31:4-8). The Southern District of New York explained,

> "What you're asking me for is an advanced preclusion order when I don't know yet what the Trustee is going to get in Florida; whether it's going to go first to Mexico and use it there, which is what it says in Florida is its primary use for the § 1782 discovery; whether Judge Gardephe is going to permit the Trustee to amend to add claims that would make this Florida discovery, in my view, directly relevant to the new claims in the Southern District of New York; whether, if he permits the Trustee to amend, he's going to authorize some form of expedited discovery or not. I don't know these things yet."

(*Id*. 18:15-19:2).

The Court agrees with the Southern District of New York. The Respondents fail to show how the fact that the section 1782 discovery might later be relevant to U.S. proceedings prevents the Trustee from utilizing section 1782 to obtain discovery for use in the Concurso Proceeding. *See In re Clerici*, 481 F.3d at 1333 ("The purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals.") (citations omitted). In fact, the Respondents' offer no evidence to support their assertion that the present section 1782 proceeding is being used to circumvent discovery in the SDNY Case. (*See* Mot. to Vacate 22). Instead, Respondents rely on the "impossible to avoid…conclusion" that because the claims in the SDNY Case are "not simply *related* to discovery it seeks here… the [] Trustee's SDNY claims *rely* on the…centerpiece of its § 1782 discovery[,]" the Trustee is using the section 1782 proceeding to obtain discovery in its SDNY Case. (*Id*.) The Court is not inclined to vacate its prior Order granting discovery based on conclusory allegations or the mere possibility of a future event. The Court finds that the *Intel* factors do not weigh in Respondents' favor.[2]

B. Rule 45

Pursuant to Federal Rule of Civil Procedure 45, a court shall quash a subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

[2] The Parties argue only the third—whether the section 1782 Application attempts to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States—of the four *Intel* factors, (*see generally* Mot. to Vacate), therefore the Court does the same and declines to address the remaining factors.

*1. Service*

Respondents contend that, even if AlterBank is "found" in this District, and even if the Trustee is entitled to relief under section 1782, the Court nevertheless cannot assert jurisdiction over this matter because Respondents AlterBank and Timothy D. Richards were not properly served. (*See* Mot. to Intervene 10; Mot. to Quash 6-10). The Court disagrees.

Rule 45 merely requires "deliver[y]" of the subpoena that is reasonably calculated to ensure that the person being subpoenaed received the subpoena. *See TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (collecting cases); *Rainey v. Taylor*, No. 18-24802, 2019 WL 1922000, at *1 (S.D. Fla. Apr. 30, 2019) (finding that subpoena was properly served via email because "method of service employed by [the p]laintiff was reasonably calculated to ensure actual receipt of the subpoena."). Rule 45 does not require formal service of process. *See e.g.*, *State Farm Auto. Ins. v. Maistrenko*, No. 19-20850-MC-SCOLA, 2020 WL 486271, at *2 (S.D. Fla. Jan 30, 2020) ("[T]his Court adopts the 'better-reasoned, modern, emerging minority position,' which holds that Rule 45 requires service in a manner that reasonably insures actual receipt of the subpoena by the witness."); *In re Falcon Air. Exp., Inc.*, No. 06-11877, 2008 WL 2038799, at *1 (Bankr. S.D. Fla. May 8, 2008) (collecting cases).

Being that the Trustee served the subpoenas on AlterBank via AlterBank's counsel and via its director, Blas Santander, (*see* Exhibit 15 [ECF No. 35-1] 154-55), and on Timothy D. Richards via an employee at his law firm, (*see* [ECF No. 1-2] 51-53), and the Respondents notified the Trustee of receipt within days of service, (*see* Exhibit 15 [ECF No. 35-1] 154-55; Exhibit C [ECF No. 29] 37-54), delivery of the subpoenas under Rule 45 was sufficient. *See In re MTS Bank*, No. 17-21545-MC, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (finding service properly effectuated where the subpoena was delivered to the party's attorney).

*2. Overbroad and Unduly Burdensome*

Respondent Timothy D. Richards make additional arguments under Rule 45, stating that the subpoenas, as directed, are overbroad and unduly burdensome. (*See* Mot. to Quash 12-13, 17). Federal Rule of Civil Procedure 45 provides that a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter" or "subjects a person to [an] undue burden." Fed. R. Civ. P. 45(c)(3). "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation." *In re Deposito Centralizado*, 2021 WL 2323226 at *9–10 (citations omitted). To determine whether a subpoena imposes an undue burden, the Court considers the following factors:

> (1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Id*. (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)). As part of this inquiry, "[a] trial court has broad, but not unlimited, discretion in evaluating the circumstances of a case when considering quashing a subpoena on grounds of oppressiveness. It must carefully examine the circumstances presented to it and, when appropriate, consider the possibility of modifying the subpoena rather than quashing." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984).

Respondent Timothy D. Richards acted as both a director of AlterBank and as AlterBank's outside attorney. (*See* Mot. to Quash 1) He does not contest that he served as a director of AlterBank when AlterBank issued the purported TV Azteca loan and, in that capacity, would have been involved in approving that transaction. (*See* Exhibit 1 [ECF No. 35-1] ¶ 63). The Trustee's subpoena therefore requests documents and communications about the purported TV Azteca loan, communications with

TV Azteca and its affiliates, documents and communications about TV Azteca's finances and other creditors, and documents showing AlterBank's ownership and finances. (*See* [ECF No. 1-2] 57-58).

Respondent Timothy D. Richards argues that the discovery sought is unduly burdensome because it commands him to produce records "that a resigned individual director neither maintains nor can lawfully assemble." (*See* Mot. to Quash 12). Respondent further argues that the subpoena is unduly burdensome because it commands him to disclose privileged and confidential corporate records, whose privilege belongs to AlterBank, not to Respondent. (*Id*. 13). And, aside from the fact that "most of the Requests demand records that are not in his possession at all…the narrow remainder that he may hold consists of AlerBank's privileged attorney-client communications and work product." (*Id*. 14).

The requests in the case at bar appear to be narrowly tailored to the issues presented in the Concurso Proceeding underway in Mexico. Moreover, although Respondent claims that the requests are unduly burdensome, he has made no specific showing of such within the meaning of section 1782, relying only on conclusory allegations. (*See* Mot. to Quash 12-17). If the subpoena, as Respondent maintains, requests discovery that "a resigned individual director neither maintains nor can lawfully assemble[,]" Respondent is at liberty to inform the Trustee as such in his response. (*Id*. 12). *See Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1200-01 (11th Cir. 2016) (defining "control" under Rule 45 as "the legal right to obtain the documents requested upon demand[.]"). Further, Respondent may withhold any privileged information under Rule 45(e)(2). *See* Fed. R. Civ. P. 45(e)(2) (a person withholding subpoenaed information under a claim of privilege must "(i) expressly make the claim[ ] and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."). The Court therefore rejects Respondent Timothy D. Richard's argument that the

subpoena is overbroad and unduly burdensome. *See In re MTS Bank*, No. 17-21545-MC, 2017 WL 3155362, at *10-11 (S.D. Fla. July 25, 2017).

C. Motion to Intervene

As previously noted, there are four requirements for intervention of right. As discussed below, TV Azteca meets all four in this case.

*1. Timeliness*

"In determining whether a motion to intervene was timely, we consider (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (cleaned up). "The requirement of timeliness must have accommodating flexibility toward both the court and the litigants" and does not have "precisely measurable dimensions." *Id.* "Ultimately, the timeliness inquiry hinges on how diligently the putative intervenor has acted once it received actual or constructive notice of the impending threat, with the passage of time measured in relative, not absolute, terms." *Suntrust Bank v. Lodge Constr., Inc.*, No. 13-80156-CIV, 2013 WL 12085083, at *1 (S.D. Fla. Dec. 5, 2013) (citing *R & G Mortgage Corp. v Federal Home Loan Mortgage Corp*, 584 F.3d 1 (1st Cir. 2009)).

Here, roughly two months passed between TV Azteca knowing of its interest in this case and the filing of its Motion to Intervene on August 3, 2026. (*See* June 8, 2026 Email [ECF No. 38-1] ("Attached is the Notice and the subpoenas to Respondents in this matter, which we're serving on you as counsel for TV Azteca[.]")). The case law in this District suggests that a nearly eight-week

delay is timely in a § 1782 proceeding. *See, e.g.*, *In re Terra Inv., LLC*, No. 21-MC-23332, 2022 WL 19406162, at *3 (S.D. Fla. June 9, 2022) (finding three month delay between learning about the nature of the Section 1782 proceeding and moving to intervene timely because "mere knowledge of the pendency of an action, without appreciation of the potential adverse effect an adjudication of that action might have on one's interests, does not preclude intervention.") (citations omitted); *In re Martinez*, 736 F. Supp. 3d 1189, 1200 (S.D. Fla. 2024) (finding intervention in a section 1782 proceeding timely despite a three-week delay between the grant of the application and the intervention). *See also In re Pons*, No. 1:19-MC-23236, 2020 WL 5355967 (S.D. Fla. Sept. 7, 2020) (finding that a five to ten month delay in moving to intervene was untimely).[3]

2. *Sufficient Interests*

"Intervention as of right is only available if the interest asserted is 'direct, substantial, [and] legally protectable.'" *Huff v. Commissioner of IRS*, 743 F.3d 790, 796 (11th Cir. 2014) (citing *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982)). Thus, "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding." *Athens Lumber Co.*, 690 F.2d at 1366. However, the court "must be 'flexible'" when deciding whether a party has a protectable interest and must look to the particular facts and circumstances of the case. *Huff*, 743 F.3d at 796 (citation omitted).

The Trustee argues that "TV Azteca's claim that it has a protectable interest in this proceeding [] is doubtful at best because it lacks standing under Rule 35 to challenge the third-party subpoenas the Trustee has served." (*See* Resp. [ECF No. 38] 13). However, as TV Azteca points out, the discovery sought will be used to prosecute claims against TV Azteca in the Concurso Proceedings,

---

[3] The cases relied upon by the Trustee in support of its untimeliness argument are distinguishable from the present case as the they do not involve section 1782 proceedings. (*See* Resp. [ECF No. 38] 7-8) (citing *Suntrust Bank v. Lodge Constr., Inc.*, No. 13-CV-80156, 2013 WL 12085083, at *2 (S.D. Fla. Dec. 5, 2013); *NAACP v. New York*, 413 U.S. 345, 366-69 (1973); *United States v. Google LLC*, No. 25-5016, 2025 WL 880552, at *4 (D.C. Cir. Mar. 21, 2025)).

which establishes TV Azteca's sufficient interest. *See In re Martinez*, 736 F. Supp. 3d at 1200 ("That Harris and Caribbean Galaxy are the plaintiffs in the underlying St. Kitts and Nevis actions for which the § 1782 discovery is being sought is enough for them to establish that they have a sufficient interest here.") (citations omitted). Therefore, the second requirement is also satisfied.

*3. Impairment of Interests*

For the third factor, "[a]ll that is required under Rule 24(a)(2) is that the would-be intervener be practically disadvantaged by his exclusion from the proceedings." *Huff*, 743 F.3d at 800 (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989)). "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Cascade Natural Gas Corp. v. El Paso Natural Gas Corp.*, 386 U.S. 129, 134 n.3 (1967) (quoting Fed. R. Civ. P. 24(a) advisory committee's note to 1966 amendment).

Because TV Azteca is the debtor in in the Concurso Proceedings, and the discovery sought will presumably be used against it, TZ Azteca would be prejudiced if it if weren't allowed to intervene in this § 1782 proceeding. *In re Terra Invest*, 2022 WL 19406162, at *4 (finding that "an essential participant" in the foreign proceeding would be "practically disadvantaged" given the applicant's "discovery goals")*; See In re Martinez*, 736 F. Supp. 3d at 1201. Therefore, this third requirement is satisfied.

*4. Adequate Representation of Interests*

For the fourth and final factor, "[t]here is a presumption of adequate representation where an existing party seeks the same objectives as the interveners. This presumption is weak and can be overcome if the [intervener] present[s] some evidence to the contrary." *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (internal citation omitted). "The 'inadequate representation' requirement 'should be treated as minimal' and is satisfied 'unless it is clear that [the existing parties] will provide adequate representation.'" *Huff*, 743 F.3d 790 at 800 (citation omitted).

Without intervention, TV Azteca's interests would not be adequately represented here, as it is unclear which existing party, if any, will provide adequate representation. *See In re da Costa Pinto*, No. 17-22784-MC, 2018 WL 6620905 at *6 (S.D. Fla. Aug. 27, 2018), *report and recommendation adopted,* No. 17-22784-MC, 2018 WL 6620132 (S.D. Fla. Oct. 23, 2018) (allowing intervention where the existing party, a former manager of the intervenor, would not "adequately protect [the company's interest]" since he was not the litigation target, was no longer affiliated with the company, and seemed to lack any personal interest in the sought-after documents). *See In re Terra Inv., LLC*, 2022 WL 19406162, at *5 (allowing intervention as of right where the existing party, who was no longer a shareholder of the intervenor and had not been involved in its management for many years, "may have a 'greater willingness to compromise' than [the intervenor], which renders him an inadequate representative of [the intervenor's] interest in the Section 1782 proceeding."). *See also Absolute Activist Value Master Fund Ltd. v. Devine*, No. 15-CV-328, 2015 WL 7982796, at *7 (M.D. Fla. Dec. 7, 2015) (granting motion to intervene after finding that the existing party "may be less protective of their assets" than the intervenor would be). Thus, the fourth element is satisfied.

Having found that all four requirements are met, the Court finds that TV Azteca is entitled to intervention of right. Accordingly, the Court need not address TV Azteca's permissive intervention argument. *See Athens Lumber Co.*, 690 F.2d at 1367 ("The decision to allow permissive intervention is—as the name suggests—discretionary[.]").

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motions to Vacate and Quash [ECF Nos. 25, 29] are **DENIED**.
2. The Motion to Intervene [ECF No. 30] is **GRANTED in part**. TV Azteca is **PERMITTED** to intervene in this case. The remainder of the Motion to Intervene is **DENIED without prejudice**.

3. The Court's previous stay of discovery, [ECF No. 32], is hereby lifted. All previously ordered discovery shall **IMMEDIATELY** proceed in accordance with the Court's June 3, 2026 Order [ECF No. 12].

4. The Trustee's Motion for Extension of Time to File its Opposition to AlterBank's Motion to Vacate and to Quash [ECF No. 26] is **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record