**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-mc-23885-JEM**

IN RE: THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. de C.V. 8.25% SENIOR NOTES DUE 2024.
_____________________________________/

**RESPONDENT ALTERBANK LIMITED'S MOTION FOR STAY PENDING APPEAL OR, ALTERNATIVELY, FOR TEMPORARY ADMINISTRATIVE STAY**

Respondent AlterBank Limited seeks a stay of discovery pending resolution of its appeal from the Court's Omnibus Order dated September 18, 2026. [ECF No. 44]. The Omnibus Order denied AlterBank's motion to vacate the Court's earlier *ex parte* Order permitting discovery from AlterBank under 28 U.S.C. § 1782, and lifted the stay of discovery in this proceeding. *Id.* at 16-17.

On appeal, AlterBank will challenge the Omnibus Order's conclusion that it is "found" in this district—a necessary prerequisite for § 1782 discovery. As this Court acknowledged in the Omnibus Order, the "Eleventh Circuit Court of Appeals has yet to comment on the definition of an entity being 'found' in this district for the purposes of section 1782." *Id.* at 7.

In denying the motion to vacate, this Court applied a "significant contacts" test (*id.* at 7) and concluded that AlterBank was "found" in Florida because some of its directors "live in this District" and because "the alleged tortious act, fraudulent transfer, was committed by AlterBank's employees in this District." *Id.* at 7. The latter conclusion was not based on any explicit evidence but constituted an inference drawn from a provision in AlterBank's Articles of Association that was furnished to the Court as part of the Trustee's response to the motion to vacate. [ECF No. 35-1] ¶63.

But the cases cited by this Court required an assessment not of AlterBank's "significant contacts" to Florida, but rather whether "the discovery material sought proximately resulted from

the respondent's forum contacts." *Id.* (citing *In re Deposito Centralizado de Compensacion y Liquidacion de Valores Decevale, S.A.*, No. 20-25212-MC, 2021 WL 2323226, at *5 (S.D. Fla. June 1, 2021)). But it was undisputed that the TV Azteca loan—the centerpiece of the Trustee's interest in this discovery—was negotiated, documented, and executed in Mexico and Panama. *See* Declaration of Antonio Jose Romero Esclusa ("Romero Decl.") [ECF No. 25-1] ¶9. That unrebutted fact demonstrated that documents in AlterBank's possession relating to the loan did not 'proximately result' from its contacts with Florida. To the contrary, they were the product of AlterBank's foreign contacts with Panama and Mexico. *Id.*

A stay is appropriate here because AlterBank can satisfy all four prerequisites for that relief. And if this Court declines to grant a stay of discovery pending appeal, then AlterBank requests an administrative stay to allow AlterBank to request a stay from the United States Court of Appeals for the Eleventh Circuit, and to permit the Eleventh Circuit a reasonable opportunity to act on that request.

## BACKGROUND

1. On June 3, 2026, the Court granted the Trustee's *ex parte* Petition for § 1782 discovery. [ECF No. 12]. The Trustee's application sought discovery from AlterBank for use in TV Azteca's Mexican bankruptcy proceeding, called a "*concurso mercantil*."

2. On July 14, 2026, AlterBank moved to vacate the initial grant of discovery and to quash the underlying subpoena directed to it. [ECF No. 25]. In support of its argument that AlterBank is not "found" in this district, AlterBank demonstrated that it: a) is incorporated in St. Lucia; b) maintains its principal place of business in St. Lucia; c) has no Florida office or registered agent in Florida; and d) that the TV Azteca loan was negotiated, documented, and executed in Mexico and Panama. *Id.* at 3-4.

3. Relevant here, AlterBank also challenged the Trustee's attempted service of the § 1782 Petition on former Director Blas Santander, who had resigned from AlterBank's Board of Directors before the Application was filed. *Id*. at 10.

4. On August 4, 2026, the Court stayed discovery pending resolution of the motions to vacate and quash filed by AlterBank and the other § 1782 Respondents. [ECF No. 32].

5. On September 18, 2026, this Court denied AlterBank's motion to vacate and quash. [ECF No. 44]. This Court satisfied itself of § 1782's " 'found' in this District" requirement by relying on the Trustee's representations that: i) several of AlterBank's directors, including its managing director, reside in Florida; ii) its St. Lucia office is "largely unoccupied"; and iii) that a fraudulent transfer was conducted by AlterBank employees from Florida. *Id*. at 7.

6. This Court also determined that delivery of the Trustee's § 1782 subpoena to AlterBank through counsel and through former Director Blas Santander constituted sufficient service under Rule 45. *Id*. at 10. The Court did not credit AlterBank's unrebutted evidence that Mr. Santander had resigned from its Board of Directors on March 31, 2026, nearly three months before the Trustee attempted service in June 2026, and that when served Mr. Santander had no authority to accept service for AlterBank.

**APPELLATE JURISDICTION**

The Order denying AlterBank's motion to vacate is a final, appealable order under 28 U.S.C. § 1291. *See In re Application of Furstenberg Finance SAS v. Litai Assets LLC*, 877 F.3d 1031, 1033–34 (11th Cir. 2017).

**ARGUMENT**

A stay pending appeal is governed by four familiar considerations: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) substantial injury to other interested parties; and (4) the public interest. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Nken*

*v. Holder*, 556 U.S. 418, 426 (2009). Although the first factor ordinarily is the most important, the Eleventh Circuit recognizes that the movant may satisfy the merits component by presenting a "substantial case on the merits" when "the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Garcia-Mir*, 781 F.2d at 1453 (citation omitted).

Federal Rule of Appellate Procedure 8(a)(1) contemplates that a party seeking a stay pending appeal ordinarily must request that relief first from the district court.

## I. ALTERBANK HAS A SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS ON APPEAL.

AlterBank's appeal presents an important statutory question that the Eleventh Circuit has not resolved: When is a foreign corporation "found" in a district for purposes of § 1782? [ECF No. 44 at 7]. That matters because in a § 1782 action, a corporation can only be compelled to produce discovery if it is "found" in this district. *See In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007); *In re Application of Furstenberg Fin. SAS*, 877 F.3d at 1034–35.

There are at least three reasons why the record does not establish that AlterBank was "found" in this District under the authorities relied upon by the Court: (1) the record failed to establish any nexus between the subject loan and the presence of certain directors of AlterBank in Florida; (2) the Trustee's claim of a nexus was based on speculation; and (3) the Trustee never pled its assertion that AlterBank's directors committed a "tortious act" in Florida in its Application, but only raised that assertion post hoc in its response to the motion to vacate. As well, or in the alternative, AlterBank cannot be "found" in Florida where, as here, service of the § 1782 Petition failed as a matter of law.

### A. The Record Does Not Establish the Required Nexus Between AlterBank and this District.

Discovery through § 1782 can only be obtained from a respondent that "resides or is found" in the district where the Court requiring discovery sits. Looking to *In re del Valle Ruiz*, 939 F.3d

520 (2d Cir. 2019), this Court considered AlterBank's "significant contacts" with Florida and concluded that the "found" element had been satisfied. [ECF No. 44 at 7].

But this Court's application of a "significant contacts" test was a departure from the authority it cites. The *Del Valle Ruiz* Court, for example, required that to be "found" in a specific district, a respondent's contacts with that forum had to be the "primary or proximate reason that the evidence sought is available at all." 939 F.3d at 530. In an unpublished opinion, the Eleventh Circuit recently applied that same requirement in *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 21-13587, 2025 U.S. App. LEXIS 5631, at *26-28 (11th Cir. Mar. 11, 2025) (unpublished), where the respondent law firm's Florida litigation activities generated the very evidence sought through § 1782.

The Omnibus Order did not expressly apply that "primary or proximate reason" test. Instead, it concluded that the loan constituted a fraudulent transfer committed by AlterBank employees in this District, without determining whether AlterBank's Florida contacts gave rise to the evidence sought by the Trustee.

That matters here, where it remains an unrebutted fact that the TV Azteca loan was negotiated and drafted overseas, in Panama and Mexico. The record contains no evidence that any act generating the evidence sought by the Trustee occurred in Florida.

Nevertheless, the Court concluded that "the alleged tortious act, fraudulent transfer, was committed by AlterBank's employees in this District." [ECF No. 44 at 7]. As a threshold matter, this did not address a point raised by AlterBank in its reply brief that "a fraudulent conveyance claim has been held not to be a tort for purposes of establishing jurisdiction" in Florida. Reply Br. [ECF No. 36] at 5 (citing *Brown v. Nova Info. Sys.*, 903 So. 2d 968, 969 (Fla. 5th DCA 2005) (citing *Beta Real Corp. v. Graham*, 839 So. 2d 890 (Fla. 3d DCA 2003)); *Freeman v. First Union Nat'l Bank*, 865 So. 2d 1272 (Fla. 2004)).

As grounds for its conclusion, the Court considered two pieces of evidence. [ECF No. 44 at 7]. *One* was Article 63 of AlterBank's Articles of Association, which merely provides that certain instruments shall be signed, drawn, accepted, endorsed, or executed in the manner the directors determine by resolution. [ECF No. 35-1, Exhibit 1]. But Article 63 does not establish that any Florida-based director reviewed or approved the TV Azteca loan, much less that any such review or approval occurred in Florida.

The *second* document the Court referred to is AlterBank's Register of Directors. [ECF No. 3 at 457–68]. But that Register is just a list of residential addresses. Nothing in it suggests that any of AlterBank's Florida-based directors negotiated, approved, executed, funded, or otherwise participated in the TV Azteca transaction.

The authorities cited by the Court underscore the missing nexus. In *Tavakoli v. Doronin*, No. 18-21592-CIV, 2019 U.S. Dist. LEXIS 43188, at *9–10, *15–18 (S.D. Fla. Mar. 18, 2019), the jurisdictional record identified concrete Florida conduct. There, the defendant traveled to Miami, met with an alleged co-conspirator in Miami, attended the relevant board meeting in Miami, and participated in the challenged corporate action in Miami. *Id.* at *9–10, *15–18. No comparable evidence ties the TV Azteca transaction to Florida.

Similarly, the *In re Terra Invest, LLC* Court declined to draw an inference similar to that drawn by the Omnibus Order in this case. There, the applicant argued that because the respondent spent substantial time at his Miami residence and possessed authority to approve significant corporate transactions, he must have conducted such business while in Florida. 2023 U.S. Dist. LEXIS 516, at *16–18 (S.D. Fla. Dec. 30, 2022). Rejecting that inference as speculation, the *In re Terra Invest* Court held that because the applicant could not identify any specific documents, communications, or corporate acts tied to the respondent's presence in Florida, the applicant had failed to satisfy the "found" requirement of § 1782. *Id.* at *16 (an applicant is required to "provide

additional specificity concerning the discovery it seeks to allow a court to evaluate whether the discovery requested is connected to the forum.").

*In re Terra Invest* followed the reasoning of *In re Inmobiliaria Tova, S.A.*, No. 20-mc-24981, 2021 U.S. Dist. LEXIS 45263, at *11–12 (S.D. Fla. Mar. 10, 2021), which, like here, addressed jurisdiction over a corporate respondent. In *In re Inmobiliaria Tova*, despite the respondent maintaining two offices and a registered agent in Florida, the Court found that jurisdiction was lacking because the applicants failed to show with specificity that its Florida contacts were "the primary reason that the evidence sought is available at all." *Id.* at *11–12.

### B. A § 1782 Applicant Cannot Supply a Statutory Prerequisite Via a *Post Hoc* Theory of Personal Jurisdiction.

Even applying *Del Valle Ruiz* to the facts of this case does not resolve the timing and pleading problem with the Trustee's Application. The Trustee did not allege in its Application that AlterBank's directors or employees committed a tort or caused a fraudulent transfer, in the form of the TV Azteca loan, from Florida. The Trustee first advanced that theory in its response to AlterBank's motion to vacate. *See* Resp. Br. [ECF No. 35] at 12-15. Likewise, the exhibit to the Ellis Declaration that the Court cited for its Florida-tort finding—[ECF No. 35-1]—was only filed in support of the Trustee's response, approximately two months after it filed the Application.

AlterBank will show on appeal that § 1782's statutory prerequisites must be satisfied at the time that the application is filed. *See In re Application of Lucille Holdings Pte. Ltd.*, No. 1:21-mc-99 (GMH), 2022 U.S. Dist. LEXIS 81320, at *27 (D.D.C. May 5, 2022). This comports with ordinary procedural requirements in disputes over personal jurisdiction, wherein the proponent of personal jurisdiction bears the initial burden to allege jurisdictional facts. *See Lorente-Garcia v. Giraldo-Navarro*, 759 F. Supp. 3d 1301, 1308 (S.D. Fla. 2024). Facts supplied only in response to a motion do not cure a pleading that fails to make that *prima facie* showing. *Id.*

### C. The Question of Service on AlterBank via a Former Director Presents an Independent Substantial Appellate Issue.

The Omnibus Order states that the Trustee served AlterBank "via its director, Blas Santander." [ECF No. 44 at 10]. But the record establishes that Mr. Santander had resigned from that position on March 31, 2026, nearly three months before service was even attempted. See Romero Decl. [ECF No. 25-1] ¶12. The record also demonstrates, unequivocally, that Mr. Santander was never authorized to accept service for AlterBank. *Id*.

Even setting aside Mr. Santander's lack of authority, courts are divided on whether Rule 45 permits substituted methods of service based solely on receipt. *See State Farm Mut. Auto. Ins. Co. v. Maistrenko*, No. 19-20850-MC, 2020 U.S. Dist. LEXIS 15285, at *4-5 (S.D. Fla. Jan. 30, 2020) (recognizing split of authority); *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (noting split of authority while finding that Rule 45 requires personal service); *cf. Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service upon named person's counsel is insufficient); *In re Inmobiliaria Tova, S.A.,* 2021 U.S. Dist. LEXIS 45263, at *12-17 (holding in a § 1782 action that "tag jurisdiction" does not apply to corporations). On appeal, AlterBank will argue that a foreign company cannot be served with a § 1782 petition and subjected to vast and costly discovery of its overseas operations simply because a former (or even current) director happens to live in Florida.

## II. ABSENT A STAY, ALTERBANK WILL SUFFER IRREPARABLE HARM.

As it stands, the Order requires AlterBank to produce confidential internal documents and make its representatives available for deposition before the Eleventh Circuit determines whether that discovery is appropriate. Absent a stay, AlterBank will suffer irreparable harm because once the Trustee obtains that information, disclosure cannot meaningfully be undone. In other words, a later ruling that AlterBank was not "found" in this District cannot restore the status quo that existed before disclosure.

Courts routinely stay § 1782 discovery in this type of scenario. In *In re Accent Delight International Ltd.*, for example, the Court stayed § 1782 discovery pending appeal based on the burdens of compliance, and "the fact that the proverbial bell cannot be unrung once [the respondent] discloses the information at issue." Case Nos. 16-MC-125, 18-MC-50, 2018 U.S. Dist. LEXIS 107890, at *3-4 (S.D.N.Y. June 27, 2018).

More recently, in *In re SBK Art LLC*, the District Court started by acknowledging that document production, "at least absent a claim of privilege or sensitivity," generally does not constitute irreparable injury and that the inability to "undisclose" information is not enough standing alone. Case No. 24 Misc. 147, 2025 U.S. Dist. LEXIS 163862, at *7-8 (S.D.N.Y. Aug. 22, 2025). However, the *In re SBK Art* Court went on to find irreparable harm because if the respondent prevailed on appeal, then any litigation filings or other procedural steps resulting from the disclosure would be "impossible to undo." *Id.* at *8.

The same concern applies here. The Trustee seeks discovery from AlterBank for use in TV Azteca's *concurso* proceeding in Mexico. Once AlterBank aggregates and produces its internal information from St. Lucia, Panama, and Mexico, the Trustee can review it, use it to develop additional evidence, and allow those foreign documents to shape proceedings abroad. Those consequences cannot necessarily be reversed by ordering documents returned after AlterBank prevails on appeal. As *SBK Art* recognizes, a stay will protect the appellate court's ability to resolve this discovery dispute before compelled production and testimony effectively moot it. *Id.* at *10.

## III. A LIMITED STAY WILL NOT SUBSTANTIALLY INJURE THE TRUSTEE.

AlterBank only seeks to stay discovery directed to itself. The Trustee is free to pursue discovery from the other Respondents while AlterBank's appeal proceeds.

The Trustee will argue that a stay will prejudice it because the *concurso* could conclude before the Eleventh Circuit resolves AlterBank's appeal. AlterBank does not discount that concern.

But the competing harms are fundamentally different. If the Trustee ultimately prevails on appeal, a stay might delay—and, depending on the progress of the *concurso*, diminish—the utility of AlterBank's documents in the *concurso*. But if AlterBank is compelled to comply now and ultimately prevails on appeal, the disclosure cannot be undone: the Trustee will already have obtained and potentially used AlterBank documents in the *concurso* in a way that the Eleventh Circuit determines was never appropriate.

## IV. THE PUBLIC INTEREST FAVORS PRESERVING MEANINGFUL APPELLATE REVIEW.

AlterBank's appeal presents a threshold question concerning the statutory authority of a district court to compel discovery from a foreign corporation under § 1782. The public interest favors preserving the *status quo* long enough for the Eleventh Circuit to determine whether § 1782 authorizes the discovery ordered here. Allowing that discovery to proceed before appellate review risks substantially impairing the Court of Appeals' ability to provide effective relief should AlterBank prevail.

That concern is particularly acute in a § 1782 proceeding. As discussed above, the Trustee seeks AlterBank's documents and testimony for use in a foreign proceeding. Once that information is disclosed and used to develop evidence or shape the Trustee's foreign litigation, those consequences may be impossible to undo. A stay therefore serves not only AlterBank's private interests, but the institutional interest in ensuring that appellate review occurs before the disputed discovery accomplishes the very result that the appeal challenges. *See In re SBK Art LLC*, 2025 U.S. Dist. LEXIS 163862, at *10 (observing that a stay "maximizes the likelihood that this dispute will reach the Circuit—*i.e.*, without being effectively mooted by [the respondent's] compelled document production and deposition testimony.").

## V. ALTERNATIVELY, THE COURT SHOULD ENTER A TEMPORARY ADMINISTRATIVE STAY.

Federal Rule of Appellate Procedure 8(a) ordinarily requires a party to seek a stay first in the District Court before requesting relief from the Court of Appeals. If the District Court declines to stay discovery for the duration of the appeal, AlterBank respectfully requests a temporary administrative stay of discovery to allow AlterBank sufficient time to request a stay from the Eleventh Circuit.

## CONCLUSION

AlterBank respectfully requests that the Court stay the September 18, 2026 Omnibus Order [ECF No. 44], authorizing discovery from AlterBank pending disposition of AlterBank's appeal. Alternatively, AlterBank requests a temporary administrative stay pending the filing of a motion for stay in the Eleventh Circuit and for a reasonable period sufficient to permit the Eleventh Circuit to consider AlterBank's request.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on September 23, 2026, he conferred via Zoom video conference with counsel for the Trustee regarding the relief requested in this motion. The Trustee opposes the requested relief.

Dated: September 23, 2026

**DIAZ REUS & TARG, LLP**
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220

By: *<u>/s/ Brant C. Hadaway</u>*
Michael Diaz, Jr. (Florida Bar No. 606774)
Attorney E-mail Address: mdiaz@diazreus.com
Brant C. Hadaway, B.C.S. (Florida Bar No. 494690)
Attorney E-mail Address: bhadaway@diazreus.com
Evan J. Stroman, Esq., CPA (Florida Bar No. 118929)
Attorney E-mail Address: estroman@diazreus.com

Julianne Bagley (Florida Bar No. 1059310)
Attorney E-mail Address: jagley@diazreus.com

*Counsel for Respondent AlterBank Limited*