**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-mc-23885-JEM**

IN RE: THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. de C.V. 8.25% SENIOR NOTES DUE 2024.
_______________________________________/

**NON-PARTY WITNESS, TIMOTHY RICHARDS' MOTION FOR STAY PENDING APPEAL OR, IN THE ALTERNATIVE, MOTION FOR TEMPORARY ADMINISTRATIVE STAY**

Non-Party Witness, Timothy Richards, (herein after **RICHARDS**), pursuant to Federal Rule of Appellate Procedure 8(a)(1), respectfully moves to stay, pending appeal, the Court's September 18, 2026 Omnibus Order [ECF No. 44] insofar as it authorizes and requires discovery from **RICHARDS**. Alternatively, if the Court declines to grant a stay pending appeal, **RICHARDS** requests a short administrative stay sufficient to permit him to file a motion for stay in the United States Court of Appeals for the Eleventh Circuit and to permit that court a reasonable opportunity to act on the request.

## INTRODUCTION AND BACKGROUND

On or about June 2, 2026, The Bank of New York Mellon (herein after BNY Mellon) filed an *ex-parte* Application for an Order Authorizing Discovery Pursuant to 28 U.S.C. § 1782. [ECF 1] which sought in part, authorization to serve a subpoena to testify at a deposition in a civil action and for production of documents. [ECF 1-2 at pages 51-60]. Because the "Application" was filed *ex-parte,* **RICHARDS** did not receive notice and never had the opportunity to respond to the "Application". On or about June 4, 2026, this Court entered an order granting the "Application" and authorized the issuance and serving of the proposed subpoenas. [ECF 12].

On or about June 23, 2026, **RICHARDS** was allegedly served with the subpoena in question, not personally, and not at the address listed on the subpoena, but at his business address and upon an employee who was not authorized to accept service for **RICHARDS** or even his law firm. [ECF 29 at

page 7]. Furthermore, the subpoena was served AFTER the date for compliance had expired, i.e. compliance date June 22, 2026, and while it contained a date for the deposition it did not contain a time. [ECF 29 at pages 23-24]. On or about July 31, 2026, **RICHARDS** filed his motion to quash and for protective order and notice of joinder. [ECF 29].

On August 4, 2026, the Court stayed discovery pending resolution of the motions to vacate and quash. [ECF No. 32]. However, on September 18, 2026, the Court entered its Omnibus Order denying all requested relief and lifted the existing discovery stay and directed all previously ordered discovery to proceed "IMMEDIATELY." [ECF 44. at 17].

The Court's September 18th Order [ECF 44] also denied **RICHARDS'** Motion to Quash or in the Alternative Motion for Protective Order [ECF 29] which also included a Notice of Joinder in AlterBank's Motion to Vacate [ECF 25]. On September 23, 2026, **RICHARDS** filed a notice of appeal from that Order. [ECF 46].

A stay is warranted because the appeal presents series of substantial and unresolved questions concerning 1) the statutory requirement that a § 1782 respondent be "found" in the district; 2) the invalidity of the defective subpoena allegedly served on **RICHARDS** AFTER the date for compliance; 3) the improper substitute service of the subpoena regarding **RICHARDS**; 4) the Indentured Trustee's alleged violation of Rule 45(a)(4) by failing to giving **RICHARDS** the prior notice that Rule 45(a)(4) requires be served on the parties to the foreign proceeding before a § 1782 document subpoena is served on its target; 5) the undue burden imposed on **RICHARDS** by the defective and invalid subpoena in violation of Rule 45(d)(1); 6) the attorney-client and work product privilege issues that **RICHARDS** would be forced to assert on behalf of his client, AlterBank, thereby affecting his relationship with his client, when the documents requested could be obtained from AlterBank itself; 7) the Indenture Trustee's misuse of this § 1782 proceeding to circumvent a stay of discovery it itself sought and obtained in its parallel litigation in the Southern District of New York which also violates Equitable Estoppel and Judicial Estoppel principles. These are just a few of the many issues that will be debated on appeal.

However, the most significant factor is that the disclosure of documents and testimony cannot meaningfully be undone, if disclosure is required and if **RICHARDS** prevails. A limited stay directed to **RICHARDS** would preserve the status quo and avoid the proverbial “attempt to diffuse a bomb after it has gone off”. Once discovery is provided the appeal would be moot because the failure to grant a stay would effectively deprive **RICHARDS** of his appeal as a matter of right.

## APPELLATE JURISDICTION

The Order is a final, appealable order under 28 U.S.C. § 1291. *See In re Application of Furstenberg Finance SAS v. Litai Assets LLC*, 877 F.3d 1031, 1033–34 (11th Cir. 2017).

## ARGUMENT

A stay pending appeal is governed by four familiar considerations: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) substantial injury to other interested parties; and (4) the public interest. *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Nken v. Holder*, 556 U.S. 418, 426 (2009). Although the first factor ordinarily is the most important, the Eleventh Circuit recognizes that where the balance of equities weighs heavily in favor of a stay, the movant may satisfy the merits component by presenting a “substantial case on the merits” when “the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.” *Garcia-Mir*, 781 F.2d at 1453 (citation omitted).

Federal Rule of Appellate Procedure 8(a)(1) contemplates that a party seeking a stay pending appeal ordinarily must request that relief first from the district court.

### I. ALTERBANK’S MOTION TO VACATE THAT RICHARDS JOINED ONTO HAS A SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS ON APPEAL

For expediency and brevity **RICHARDS** adopts and incorporates by reference herein, Alterbank’s argument on this issue, as set out in AlterBank’s Motion for Stay Pending Appeal [ECF 47 at pages 4-8].

## II. RICHARDS HAS A SUBSTANTIAL LIKELIHOOD OF PREVAILING ON THE MERITS ON APPEAL

### (i.) THE SUPOENA ALLEGEDLY SERVED ON RICHARDS WAS FACIALLY DEFECTIVE AND THEREFORE INVALID

**RICHARDS**, in his Motion to Quash and for Protective Order [ECF 29] asserted that the subpoena allegedly served on him was defective and therefore invalid because it was served after the date for compliance. *Id. at page 6.* However, the Court in its September 18th, 2026 Order [ECF 44] did not rule on this issue, in fact it never addressed the issue of the defective and invalid subpoena.

The subpoena allegedly served on **RICHARDS,** after the date for compliance, was defective, and therefore invalid. The subpoena was allegedly served on June 23, 2026, and the compliance date as set out in the subpoena was June 22, 2026. Thus, depriving **RICHARDS** of his right to object under Rule 45. Furthermore, the subpoena which called for a deposition, in addition to records, failed to state the time of the deposition. [ECF 29 at Exhibit "A"].

On those facts alone, the subpoena was defective and invalid and the Court was required to grant the relief requested by **RICHARDS** and quash the subpoena. *Brooks v. Westrock Services LLC., 2021 WL 4987163 (N.D. Fla. 2021) (*Because Ms. Desonia was required to comply with the subpoena *before* she was served with the subpoena, the subpoena necessarily did not allow a reasonable time for Ms. Desonia to comply), *and quoting, Cincinnati Ins. Co. v. Cochran, 2005 WL 5277203 (N.D. Fla. 2005) (*holding that, because the subpoena did not comply with Rule 45, the subpoena **was invalid**, the motion to compel must be denied and the subpoena **must** be quashed). *Emphasis added;* See also, *Johnson v. Petsmart, Inc., 2007 WL 2852363, at 1 (M.D. Fla. 2007) (*declining to grant a motion to compel non-parties to comply with subpoenas for the production of documents because the movant failed to show that the subpoenas were properly issued and served).See also, *Wane v. Diallo, 2020 WL 13413993 (M.D. Fla. 2020) citing, Black v. Wrigley*, 2019 WL 1877070, at *4 (S.D. Cal.Apr. 26, 2019) (finding a subpoena invalid on its face where it failed to provide a date and time for production as required by Rule 45(a)(1)(A)(iii)); see also *Rose v. Enriquez*, 2013 WL 2458723, at *2 (W.D. Tex. June 6, 2013)

(collecting cases in which courts have held they lacked authority to enforce facially-invalid subpoenas); *WH Hldgs., LLC v. Ace Am. Ins. Co.,* 2010 WL 3732149, at *5 (N.D. Ill. Sept. 17, 2010) ("The failure of the [non-party] subpoena ... to identify the [c]ourt from which it purportedly issued renders it facially invalid under Federal Rule of Civil Procedure 45(a)(1)(A) (ii)."); *Patterson v. Uptown Square Apartments*, 2009 WL 10669350, at *1–2 (N.D. Ga. May 11, 2009) (refusing to enforce facially-invalid subpoena).

In *Wane, supra,* the court stated: "Decisions rendered in this District and elsewhere have noted that courts are not authorized to enforce defective subpoenas directed at nonparties, even where the nonparties do not oppose motions to compel their compliance with those subpoenas. See, *Sphar v. Amica Mut. Ins. Co*., 2017 WL 8314657, at *1 (M.D. Fla. May 24, 2017) (denying motion to compel a non-party to appear for a deposition and for contempt even though no objection or motion for protective order was filed because, in part, the subpoena failed to "include the text of Rule 45(d) and (e)") (citation omitted); *Tracfone Wireless, Inc. v. Riedeman*, 2007 WL 191651, at *2 (M.D. Fla. Jan. 23, 2007) (denying unopposed motion to compel compliance with a procedurally deficient subpoena issued from the incorrect district court); *Am. Empire Surplus Lines Ins. Co. v. The Warehousing Co.,* 2013 WL 12094632, at *2 (S.D. Fla. Nov. 14, 2013) (denying unopposed motion to compel compliance with subpoena and for contempt because courts lack "authority to enforce invalid subpoenas"); *Mid-Continent Cas. Co. v. Don Brady Constr. Co.,* 2011 WL 13249696, at *2 (N.D. Ala. July 11, 2011) (denying procedurally-deficient subpoena, notwithstanding non-party's failure to respond or object); *U.S. Bancorp Equip. Fin. v. Babylon Transit, Inc.,* 270 F.R.D. 136, 139 (E.D.N.Y. 2010) (collecting cases and rejecting a portion of a motion to compel compliance with procedurally invalid and unenforceable subpoenas even though the motion was unopposed and no motion to quash had been filed); cf. *Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (noting that formal or procedural defects, such as method of service, render a subpoena void and unenforceable). *Id.*

### (ii.) THE ALLEGED SERVICE OF THE FACIALLY DEFECTIVE AND INVALID SUBPOENA ON MR. RICHARDS WAS IN VIOLATION OF RULE 45(b)(1) AND THEREFORE THE ALLEGED SERVICE WAS INVALID AS A MATTER OF LAW

The Court's September 18, 2026, Order, [ECF 44] addressed the alleged service of the subpoena on **RICHARDS** by concluding that:

"Being that the Trustee served the subpoenas on AlterBank via AlterBank's counsel and via its director, Blas Santander, (see Exhibit 15 [ECF No. 35-1] 154-55), and on Timothy D. Richards via an employee at his law firm, (see [ECF No. 1-2] 51-53), and the Respondents notified the Trustee of receipt within days of service, (see Exhibit 15 [ECF No. 35-1] 154-55; Exhibit C [ECF No. 29] 37-54), delivery of the subpoenas under Rule 45 was sufficient. See In re MTS Bank, No. 17-21545-MC, 2018 WL 1718685, at *4 (S.D. Fla. Mar. 16, 2018) (finding service properly effectuated where the subpoena was delivered to the party's attorney).

[ECF 44 at page 10].

However, the court did not address or rule on the validity of the alleged service of a facially defective and invalid subpoena on **RICHARDS,** pursuant to Rule 45. An alleged service of a facially defective and invalid subpoena is not proper service under Rule 45 and renders the service itself invalid. A party cannot rely on service of an invalid subpoena to obtain compliance with the subpoena. *Forbes v. Villa , 2013 WL 12164779 (C.D. Cal. 2013) [*Since witness fees were not tendered at the time of service, the subpoena was invalid. See Olagues v. Schmidt, 897 F.2d 533 (9th Cir. 1990) ("[T]he subpoenas were invalid on their faces, because they stated that no fees were tendered with service of the subpoenas."). Plaintiff cannot rely on the service of an invalid subpoena to establish Mr. Gonzales' unavailability. Accordingly, admission of the deposition is not proper under Rule 32(a)(4)(D).] See also, *Cook v. U.S. Express, Inc., 2025 WL 593745 (D.NJ 2025)* (To be enforceable, the subpoenas must be valid under Rule 45. Here, Defendant has failed to comply with Rule 45 in many aspects and, as such, the Court cannot grant the relief requested.). The court in *Cook* went on and stated: "It would strain fundamental notions of fairness and due process, let alone undue burden and expense, to find a nonparty to a litigation waived objections to a facially defective subpoena that was not only improperly served

but also failed to notify the recipient of its rights, duties, and obligations. Accordingly, because the subpoenas are invalid and unenforceable, the nonparties' rights and obligations pursuant to Rule 45) were neither triggered nor waived. See, e.g., Hallamore, 259 F.R.D. at 80 n.10 (noting that "[b]ecause the subpoena does not satisfy the requirements of Rule 45(a), AmQuip was not required to move for a protective order prior to the date of the deposition listed on the subpoena"). For those reasons, the Court cannot enforce any of the subpoenas subject to Defendant's Motion as they are both defective and improperly served. See, e.g., Hallamore Corp. v. Capco Steel Corp., 259 F.R.D. 76, 79 (D. Del. 2009) (finding defective subpoenas to be unenforceable)."

In the instant case the subpoena was allegedly served one (1) day after the compliance date on the subpoena and failed to include the time for the scheduled deposition. Therefore, the subpoena was facially defective and invalid at the time it was allegedly served. Thus, the subpoena allegedly served on **RICHARDS** was unenforceable, and the court was required to quash it.

**(iii.) THE TRUSTEE FAILED TO SERVE THE PRIOR NOTICE RULE 45(a)(4) REQUIRES BEFORE A § 1782 DOCUMENT SUBPOENA, WARRANTING VACATUR AND QUASHAL**

**RICHARDS** asserted that the Trustee failed to comply with the "prior notice" requirement under Rule 45(a)(4). [ECF 29 at pages 10-12]. However, the court did not rule or even address this issue in its September 18th, 2026, Order. [ECF 44].

Section 1782 directs that discovery be taken "in accordance with the Federal Rules of Civil Procedure" unless the authorizing order "prescribe[s] otherwise." 28 U.S.C. § 1782(a). The Court's ex parte Order did not prescribe otherwise; it directed the Indenture Trustee only to serve the Order, the Application, and the subpoenas on the Respondents. See ECF No. 12. Rule 45(a)(4) commands that, "[i]f the subpoena commands the production of documents . . . before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

In the § 1782 context, that requirement obligates the applicant to serve prior notice on the parties to the foreign proceeding for whose use the discovery is sought before serving the document subpoena on its target. On facts materially identical to these, Judge Altman held that, "unless the district court's authorizing order provides otherwise, a party engaged in foreign litigation who serves a § 1782 subpoena duces tecum to obtain documents for use in the foreign litigation must first serve notice on all parties to the foreign proceedings." In re Martinez, No. 1:24-cv-20492, ECF No. 34, at 16–17 (S.D. Fla. June 6, 2024) (Altman, J.) (quoting In re Hornbeam Corp., 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015), aff'd, 722 F. App'x 7 (2d Cir. 2018)); accord In re Rivada Networks, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017) ("once [the applicant's] § 1782 application was granted, [the foreign-proceeding party] was entitled to notice of the subpoenas . . . as required by the Federal Rules of Civil Procedure").

Upon information and belief, the Indenture Trustee did not comply. It served the Subpoena's document requests on Mr. Richards without first serving the prior notice Rule 45(a)(4) requires on the parties to the Mexican concurso, including TV Azteca, the very party whose confidential financial information the Subpoena targets and against whose interests the Indenture Trustee intends to use the fruits of this discovery. The remedy for that failure is the one the court applied in In re Martinez. It quashed the subpoena and vacated the ex parte order granting the § 1782 application, voiding every subpoena issued under it. Id.; see also FDIC v. Kaplan, 2015 WL 4744361, at *3 (M.D. Fla. Aug. 10, 2015) (a subpoena served without the prior notice Rule 45(a)(4) requires is "void and unenforceable").

This defect is of a piece with the timing failure addressed above. The very purpose of Rule 45(a)(4)'s prior-notice requirement is to afford an opportunity to object before the compliance date, an opportunity that was structurally impossible here, where the Subpoena was served after its own production deadline had already passed. Because the prior-notice requirement runs to the benefit of the parties entitled to notice, Mr. Richards raises this failure principally in support of vacating the ex parte Order, in which he joins AlterBank; vacatur voids the Subpoena directed to him as a matter of course, as In re Martinez confirms.

Nor can the Indenture Trustee excuse its noncompliance by pointing to the ex parte nature of its Application. Although a court may, in narrow circumstances, direct that the Federal Rules not apply and thereby dispense with Rule 45(a)(4) notice, as where secrecy is required to protect a sealed criminal investigation, the applicant must obtain that relief from the court, and the authorizing order must so provide. See In re Rivada Networks, 230 F. Supp. 3d at 474. The Indenture Trustee did neither. It sought only ex parte consideration of its Application, candidly explaining that it wished to proceed without alerting TV Azteca because, in its view, TV Azteca "may take further action to frustrate collection . . . or conceal its conduct." Application [ECF No. 1] at 23. But a desire to keep the adversary in the dark does not satisfy the narrow exception, and the Trustee never asked the Court to order that Rule 45 would not govern the resulting subpoenas. Rule 45(a)(4) therefore applied in full, and the Trustee's deliberate decision to forgo notice is the very conduct the Rule forbids.

**RICHARDS** incorporates by reference and adopts all other issues raised in his motion to quash and/or for a protective order, [ECF 29], as if specifically set out herein.

## III. ABSENT A STAY, RICHARDS WILL SUFFER IRREPARABLE HARM.

As it stands, the Order would require **RICHARDS**, as a former director and former counsel to Alterbank to produce the bank's confidential internal documents and submit himself to discovery before the Eleventh Circuit can determine whether the District Court possessed statutory authority to compel that discovery in the first place or whether the subpoena allegedly served on him was facially defective and invalid and thus unenforceable by the this court. Once the Trustee obtains that information, the disclosure cannot meaningfully be undone. A later ruling that the subpoena allegedly served on **RICHARDS** was facially defective and invalid and thus unenforceable cannot restore the status quo that existed before disclosure.

Courts have recognized this concern in the specific context of § 1782 discovery. In *In re Accent Delight International Ltd.*, the court stayed § 1782 production pending appeal based on the substantial

appellate question, the burdens of compliance, and "the fact that the proverbial bell cannot be unrung once [the respondent] discloses the information at issue." Nos. 16-MC-125 (JMF), 18-MC-50 (JMF), 2018 U.S. Dist. LEXIS 107890, at *3-4 (S.D.N.Y. June 27, 2018). The stay preserved the status quo while the respondent sought appellate review of the district court's interpretation of § 1782. *Id.*

More recently, *In re SBK Art LLC*, No. 24 Misc. 147 (PAE) (RFT), 2025 U.S. Dist. LEXIS 163862 (S.D.N.Y. Aug. 22, 2025), confronted the issue directly. The court acknowledged that document production, "at least absent a claim of privilege or sensitivity," generally does not constitute irreparable injury and that the inability to "undisclose" information is not enough standing alone. *Id.* at *7–8. But it nevertheless found irreparable harm because, if the respondent prevailed on appeal, litigation filings and foreign-discovery steps resulting from the disclosure "may be impossible to undo," and clawing the information back could prove difficult. *Id.* at *8.

The same concern applies here. The Trustee sought this discovery for use in the Mexican Concurso. Once **RICHARDS** produces the requested documents, the Trustee can review it, use it to develop additional evidence, and allow it to shape further proceedings abroad. Those consequences cannot necessarily be reversed by ordering documents returned after **RICHARDS** prevails on appeal. As *SBK Art* recognized, a stay also protects the appellate court's ability to resolve the discovery dispute before compelled production and testimony effectively moot it. *Id.* at *10.

**RICHARDS** therefore does not rely merely on the expense or inconvenience of discovery, or on the abstract proposition that disclosed information cannot be "undisclosed." The threatened harm is the compelled disclosure and foreign use of **RICHARDS'** documents before appellate review of the threshold statutory authority to compel it. Because that use cannot reliably be unwound after the fact, this factor favors preserving the status quo pending appeal.

## IV. A LIMITED STAY WILL NOT SUBSTANTIALLY INJURE THE TRUSTEE.

A stay would restore the *status quo* that existed from August 4 through September 18, when discovery was stayed by this Court. Moreover, **RICHARDS** seeks only to stay discovery directed to him. The Trustee would remain free to pursue discovery from the other Respondents while the appeal proceeds.

The Trustee may argue that a stay will prejudice it because the *concurso* could conclude before the Eleventh Circuit resolves **RICHARDS'** appeal. **RICHARDS** does not discount that concern. But the competing harms are fundamentally different. If the Trustee ultimately prevails, a stay might delay—and, depending on the progress of the *concurso*, diminish—the utility of **RICHARDS'** discovery. But if **RICHARDS** is compelled to comply now and ultimately prevails, the disclosure cannot be undone: the Trustee will already have obtained and potentially used discovery from a subpoena that the Eleventh Circuit determines was facially defective and invalid and thus unenforceable.

That distinction weighs particularly heavily where, as here, the requested stay is limited to **RICHARDS**. The September 18 Order does not depend upon immediate production by **RICHARDS** to permit the Trustee to pursue discovery from other subpoena recipients. However, **RICHARDS** stands in a very different and unique position than other respondents. He was counsel to AlterBank and the bank has advised that it is not waiving its attorney-client privilege as it relates to **RICHARDS'** representation of the bank, its owners, officers, directors, employees, attorneys and agents. *See,* [ECF 29 at page 35]. A limited stay therefore best preserves the parties' respective positions while permitting the threshold question of the District Court's statutory authority to be resolved as promptly as practicable.

## V. THE PUBLIC INTEREST FAVORS PRESERVING MEANINGFUL APPELLATE REVIEW.

**RICHARDS'** appeal presents a threshold question concerning the statutory authority of a federal court to compel discovery from a nonparty witness under Rule 45 when the subpoena allegedly served on the nonparty witness was facially defective and invalid and thus unenforceable. The public interest

favors preserving the *status quo* long enough for the Eleventh Circuit to determine whether a district court can compel discovery from a nonparty witness pursuant to a facially defective and invalid subpoena. Allowing that discovery to proceed before appellate review risks substantially impairing the Court of Appeals' ability to provide effective relief if **RICHARDS** prevails.

That concern is particularly acute in a § 1782 proceeding. As discussed above, the Trustee seeks **RICHARDS** documents and testimony for use in foreign proceedings. Once that information is disclosed and used to develop evidence or shape litigation abroad, those consequences may be impossible to undo. A stay therefore serves not merely **RICHARDS'** private interests, but the institutional interest of Alterbank in ensuring that appellate review occurs before the disputed discovery accomplishes the very result that the appeal challenges.

The court in *SBK Art* recognized that interest in materially similar circumstances. Although the court regarded the public-interest factor as neutral, it observed that a stay "maximizes the likelihood that this dispute will reach the Circuit—*i.e.*, without being effectively mooted by [the respondent's] compelled document production and deposition testimony." *In re SBK Art LLC*, 2025 U.S. Dist. LEXIS 163862, at *10. The same consideration carries particular weight here, where the Eleventh Circuit has not resolved the meaning of § 1782's requirement that a corporate respondent "resides or is found" in the district in a published decision.

A stay would not defeat § 1782's interest in providing efficient assistance to foreign tribunals. It would merely postpone **RICHARDS'** compliance until the Eleventh Circuit determines the issues raised in his Motion to Quash and/or Protective Order. If it is reversed, the stay will have prevented disclosure that should never have been compelled. Preserving that distinction—and the availability of meaningful appellate review serves the public interest.

## VI. ALTERNATIVELY, THE COURT SHOULD ENTER A TEMPORARY ADMINISTRATIVE STAY.

If the Court declines to stay discovery for the duration of the appeal, **RICHARDS** respectfully requests a temporary administrative stay of discovery directed to **RICHARDS**. Federal Rule of Appellate Procedure 8(a) ordinarily requires a party to seek a stay first in the district court before requesting relief from the Court of Appeals. Without a brief administrative stay, the Court's directive that discovery proceed "IMMEDIATELY" could require disclosure before **RICHARDS** can file its Rule 8(a)(2) motion and before the Eleventh Circuit has a meaningful opportunity to consider it. The Court should therefore maintain the existing status quo until **RICHARDS** files his motion for stay in the Eleventh Circuit and, at minimum, for a brief period sufficient to permit that court to act on any request for interim relief.

## CONCLUSION

**RICHARDS** respectfully requests that the Court stay the September 18, 2026 Omnibus Order [ECF No. 44], insofar as it requires or authorizes discovery from **RICHARDS** pending disposition of his appeal. Alternatively, **RICHARDS** requests a temporary administrative stay pending the filing of a motion for stay in the Eleventh Circuit and for a reasonable period sufficient to permit the Eleventh Circuit to consider any request for interim relief.

A proposed Order is attached as Exhibit "A".

**CERTIFICATES OF CONFERRAL AND SERVICE ON FOLLOWING PAGE**

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that on September 23, 2026, counsel for **RICHARDS** conferred with counsel for the Trustee, Zachary Ingber, Esq., regarding the relief requested in this motion. The Trustee's counsel advised that he opposes the requested relief.

Dated: September 25, 2026.

Respectfully submitted,

**QUINTERO & FONSECA-NADER, P.A.**
*Attorneys for Non-Party Witness*
*Timothy Richards*

By: */s/ Frank Quintero, Jr.*
FRANK QUINTERO, JR.
, Zachary Fla. Bar No.: 399167

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, including counsel for the Indenture Trustee and counsel for Respondents AlterBank Limited and Blas Santander.

Respectfully submitted,

**QUINTERO & FONSECA-NADER, P.A.**
*Attorneys for Non-Party Witness*
*Timothy Richards*
75 Valencia Avenue, Suite 800
Coral Gables, Florida 33134
Tel: 305-446-0303
Fax:305-446-4503
Email: jfnader@quinterolaw.net
fquintero@quinterolaw.net
eservice@quinterolaw.net

By: */s/ Frank Quintero, Jr.*
FRANK QUINTERO, JR.
Fla. Bar No.: 399167

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-mc-23885-JEM**

IN RE: THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. de C.V. 8.25% SENIOR NOTES DUE 2024.
_______________________________________/

**ORDER ON NONPARTY WITNESS, TIMOTHY RICHARDS' MOTION FOR STAY PENDING APPEAL OR, ALTERNATIVELY, FOR TEMPORARY ADMINISTRATIVE STAY**

THIS CAUSE came before the Court upon nonparty witness, TIMOTHY RICHARDS' Motion for Stay Pending Appeal or, Alternatively, for Temporary Administrative Stay (the "Motion"). The Court has reviewed the Motion, the record, and is otherwise fully advised in the premises.

Accordingly, it is ORDERED AND ADJUDGED that the Motion is GRANTED. Discovery directed to nonparty witness, TIMOTHY RICHARDS, pursuant to the Court's June 3, 2026 Order [ECF No. 12] and September 18, 2026 Omnibus Order [ECF No. 44] is STAYED pending disposition of TIMOTHY RICHARDS' appeal from the September 18, 2026 Omnibus Order.

This stay applies only to discovery directed to TIMOTHY RICHARDS and does not stay discovery directed to any other Respondent and/or nonparty witness..

DONE AND ORDERED in Chambers at Miami, Florida, this ____ day of September, 2026.

_______________________________________
**JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
Counsel of Record