**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-mc-23885-JEM**

IN RE: THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE FOR THE TV AZTECA, S.A.B. de C.V. 8.25% SENIOR NOTES DUE 2024.
_____________________________________/

**NON-PARTY WITNESS TIMOTHY RICHARDS' RESPONSE IN OPPOSITION TO APPLICANT'S EXPEDITED MOTION TO COMPEL [DE 57]**

Non-Party Witness Timothy Richards ("Richards"), pursuant to Federal Rule of Civil Procedure 45 and Local Rule 7.1(c), responds to Bank of New York Mellon's Expedited Motion to Compel [DE 57].

*The motion to compel rises or falls with the stay*.

If the Court grants Richard's Motion for Stay [DE 50], the motion to compel should be denied as moot as to Richards. Richards does not dispute that, absent a stay, the Court retains jurisdiction to enforce its orders. *See* [DE 57 a p. 5].

*Preservation*.

For the reasons stated in Part I.A of Richard's Response In Support of the Motion for Stay [DE 69], Richards respectfully maintains that the Court lacks authority to compel compliance with a subpoena that was facially invalid when served, *see Brooks v. Westrock Services LLC*, No. 5:20-cv-298-AW/MJF, 2021 WL 4987163, at *2–3 (N.D. Fla. June 9, 2021); *Wane v. Diallo*, No. 8:20-cv-171-T-02CPT, 2020 WL 13413993, at *3 (M.D. Fla. Dec. 14, 2020), an issue the Order did not reach.

*Richards has not refused to comply.*

The Trustee's account that "Respondents have declared that they will not comply with [the Court's] order for months," [DE 57 at p. 1], does not describe Richards. It describes AlterBank's

request for sixty days. [DE 57 at pp. 3, 5]. Richards has never sought such an extension. Before he learned that the Order was appealable, he proposed production with a privilege log by October 2, with an outside date of October 15, and deposition dates in late October. [Ex. 2, DE 57-4 at pp. 4–7; Composite Ex. A DE 69]. His disagreement with the Trustee concerns timing pending appeal, not whether he will comply with a final, enforceable order.

The Trustee opens by characterizing the filing of Richards' Motion for Stay and Notice of Appeal as "obstructionist tactics" and asks the Court to deny future motions summarily. [DE 57 at pp. 1–2]. Richards has not engaged in any "obstructionist tactics." As to Richards, the Trustee's own exhibits refute the accusation. It was the Trustee that manufactured the urgency it now invokes. At 10:24 p.m. on the night the Court entered its September 18 Order, it demanded that Richards produce every responsive document within five (5) business days and unilaterally noticed his deposition without conferral. [Composite Exhibit A, DE 69]. Counsel objected and proposed the reasonable schedule described above. *Id.* Contesting an aggressive, unilateral demand is not obstructionist tactics. Nor was Richards's decision to appeal, as counsel explained in writing the next morning. Counsel had assumed the Order was a routine discovery order that "would normally be a 'non-appealable final order,'" and only after researching the question determined that, in a § 1782 proceeding, an order denying a motion to quash is final and appealable as of right. *Id.* (citing *In re Application of Furstenberg Finance SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017)). Undersigned advised his client, who elected to appeal and counsel filed the notice of appeal that same day, though Rule 4 allows thirty (30), and moved to stay two (2) days later, as Rule 8(a)(1) requires. A party cannot manufacture urgency and then recast a non-party's prompt, transparent exercise of his appellate rights as obstructionist tactics.[1]

---

[1] The Court should strike these allegations from the Trustee's pleading or order that it file a corrected pleading removing such accusations. *Brandt v. Magnificent Quality Florals Corp.*, 2011

Prospective relief.

The Trustee asks the Court to "summarily deny any future motion for a stay of discovery or the Court's September 18 Order." [DE 57 at p. 17]. Richards has filed a single stay motion, promptly and in the manner Rule 8(a)(1) requires. An advance order denying motions not yet filed on grounds not yet presented, would foreclose relief the Federal Rules make available and should be declined.

**CONCLUSION**

For these reasons, Richards respectfully requests that the Court deny the Trustee's Motion to Compel discovery, stay discovery directed to Richards, and grant such other relief the Court deems appropriate.

Respectfully submitted,

**QUINTERO & FONSECA-NADER, P.A.**
*Attorneys for Non-Party Witness Timothy Richards*
75 Valencia Avenue, Suite 800
Coral Gables, Florida 33134
Tel: (305) 446-0303
Fax: (305) 446-4503
fquintero@quinterolaw.net
jfnader@quinterolaw.net
eservice@quinterolaw.net

By: */s/ Frank Quintero, Jr.*
FRANK QUINTERO, JR.
Florida Bar No. 399167

By: */s/ Jessica Fonseca-Nader*
JESSICA FONSECA-NADER
Florida Bar No. 0125806

---

WL 4591914 (S.D. Fla. Sept. 30, 2011)(explaining that the appropriate remedy to improper statements by opposing counsel is to strike those specific statements from the filing.); *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306 (11th Cir. 2002); *Pigford v. Veneman,* 215 F.R.D. 2 (D.C. 2003) (citing *In re 2TheMart.com Inc. Securities Litigation,* 114 F. Supp. 2d 965 (C.D. Cal. 2000) ("scandalous" includes allegations that cast "a cruelly derogatory light on a party or other person")).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record, including counsel for the Trustee, counsel for Respondents AlterBank Limited and Blas Santander, and counsel for Intervenor TV Azteca, S.A.B. de C.V.

*/s/ Frank Quintero, Jr.*
FRANK QUINTERO, JR.