**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-23885-MC-MARTINEZ**

IN RE: THE BANK OF NEW YORK
MELLON, SOLELY IN ITS CAPACITY
AS TRUSTEE FOR THE TV AZTECA,
S.A.B. DE C.V. 8.25% SENIOR NOTES
DUE 2024.
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Non-Party Witness, Timothy Richards' ("Movant") Motion for Stay Pending Appeal or, in the Alternative, Motion for Temporary Administrative Stay (the "Motion"), [ECF No. 50]. The Court has considered the Motion, the record, relevant law, and is otherwise fully advised. For the reasons that follow, the Motion is **DENIED**.

District courts have broad discretion to stay litigation proceedings. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). But, "[a] stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." *Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-23507-CV, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011) (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Specifically, the movant "must show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the stay issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the stay would not be adverse to the public interest." *Id.* "The movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2,3, and 4] weighs heavily in favor of granting the stay.'" *Garcia-Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir. 1986) (citation omitted). As explained below, Movant cannot meet his burden.

First, Movant has not established a substantial likelihood of success on the merits. Movant maintains that the subpoena was facially defective and invalid, therefore service of the subpoena was invalid, and Movant has a substantial likelihood of success on the merits. (*See* Mot. 4-9). But the Court already determined that the subpoena and service thereof was proper, and the Court sees nothing in the Motion that supports a strong or substantial case that it incorrectly interpreted or incorrectly applied the law as to service under Rule 45. (*See* Sept. 18, 2026 Omnibus Order [ECF No. 44] 10). This first factor requires a *substantial* showing of likelihood of success on the merits, which is more than a "mere possibility" that relief will be granted. *Nken*, 556 U.S. at 434. No substantial showing has been made here.

Second, Movant has not established that he will be irreparably harmed from having to provide the discovery that the Court ordered. (*See* [ECF Nos. 12, 44]). According to Movant, once he produces the requested documents, the information cannot be "undisclosed." (*See* Mot. 10). However, this Court has previously explained why responding to discovery during a pending appeal is an insubstantial harm in the context of § 1782. *See In re Gyptec S.A.*, No. 16-CV-20810, 2017 WL 10978838, at *1 (S.D. Fla. Nov. 2, 2017) (characterizing "potential 'injury'" as "minimal" because "[r]espondent must only search for and produce materials responsive to Petitioner's requests.") (quoting *In re Roz Trading Ltd.*, No. 1:06-CV-02305-WSD, 2007 WL 120844, at *3 (N.D. Ga. Jan. 11, 2007)).

In the alternative, Movant requests a stay until Movant can file a motion for stay in the Eleventh Circuit. (*See* [ECF No. 50] 13). This argument is unpersuasive as Federal Rule of Appellate Procedure 8(a) requires litigants to file a motion to stay pending appeal in the district court before seeking such relief before the Court of Appeals. Fed. R. App. P. 8(a). Following the Rules of Appellate Procedure is not grounds for granting a stay of discovery.

Similarly, the third factor weighs against Movant. Movant argues that a stay will not prejudice the Trustee because the Trustee "remain[s] free to pursue discovery from the other Respondents while the appeal proceeds." (Mot. 11). Yet, a resolution of the appeal may take months, and the Trustee has shown that the foreign proceedings for which the documents are sought are subject to a deadline. The Trustee included in its Response to the Motion to Stay an executed declaration by Fernando Del Castillo, a practicing attorney in Mexico who specializes in Mexican insolvency, civil, and mercantile litigation. (*See* Fernando Decl. [ECF No. 57-1] ¶¶ 1-2). The Trustee submits that the Mexican *Concurso*—for which this action was filed to assist—has set deadlines in which to submit evidence, which if passed, would render the utility of the ordered discovery moot. (*Id.* ¶¶ 8-9; Mot. 13). *See also In re Renco Grp. Inc.*, No. 1:22-CV-21115, 2025 WL 3905115, at *6 (S.D. Fla. June 18, 2025).

Lastly, the Movant argues that a stay pending appeal would serve the public interest of preventing disclosure that never should have been compelled. (*See* Mot. 12). However, in the context of the present case, in which the Movant has "merely been ordered to produce discovery to aid in foreign bankruptcy proceedings; the public interests are not implicated by that issue . . . . this factor weighs against a stay." *In re Victoria, LLC*, No. 18-21202-MC, 2019 WL 11025857, at *6 (S.D. Fla. Feb. 27, 2019).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Stay, [ECF No. 50], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 6 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record